# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS, INC., | Case No. 18-09108-RLM-11 |
| Debtor. | Adv. Proc. No. 1:19-ap-50012 |

USA GYMNASTICS, INC., )
)
Plaintiff, )
)
vs. )
)
ACE AMERICAN INSURANCE COMPANY f/k/a )
CIGNA INSURANCE COMPANY, GREAT )
AMERICAN ASSURANCE COMPANY, LIBERTY )
INSURANCE UNDERWRITERS INC., NATIONAL )
CASUALTY COMPANY, RSUI INDEMNITY )
COMPANY, TIG INSURANCE COMPANY, )
VIRGINIA SURETY COMPANY, INC. f/k/a )
COMBINED SPECIALTY INSURANCE )
COMPANY, WESTERN WORLD INSURANCE )
COMPANY, ENDURANCE AMERICAN )
INSURANCE COMPANY, AMERICAN )
INTERNATIONAL GROUP, INC., AMERICAN )
HOME ASSURANCE COMPANY, and DOE )
INSURERS, )
)
Defendants. )

## USA GYMNASTICS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff USA Gymnastics, Inc. ("USAG"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, Rule 7506 of the Federal Rules of Bankruptcy Procedure, and S.D. Ind. B-7056-1 and S.D. Ind. L.R. 56.1, respectfully requests that the Court enter partial summary judgment in its favor and against Defendant Liberty Insurance Underwriters Inc. ("LIU"). In support of its motion, USAG states:

1

1. USAG's adversary proceeding is an insurance coverage dispute arising out of liability policies sold to USAG. As a result of the claimed sexual abuse committed by USAG volunteer Larry Nassar ("Nassar"), over 350 women have asserted claims alleging that USAG is legally responsible for their abuse.

2. In the last year, these lawsuits and claims have spurred a range of related investigations, administrative claims, and criminal prosecutions. These additional matters have generated substantial defense costs for USAG and its employees, both past and present. LIU, one of USAG's claims-made insurers, has wrongfully refused to pay these defense costs.

3. LIU sold a policy to USAG covering the period from May 16, 2016 to May 16, 2017. The policy covers claims first made against an insured during the policy period, as well as post-policy period claims that are related to a claim initially made during the policy period. LIU has breached its duty to defend under this policy.

4. Aside from the small percentage LIU is contributing to the defense of the survivors' lawsuits, LIU has refused to defend any of the Nassar Claims. Because it owes a defense on *all* of the claims, LIU has breached its duty to defend.

5. All of the Nassar-related claims ("Nassar Claims"),[1] are "claims" as defined by the policy. The policy also deems each claim as "first made" during the LIU policy period because each involves "interrelated wrongful acts" covered by the policy. The exclusions invoked by LIU do not block the duty to defend. Finally, the amounts expended by USAG in defending the Nassar Claims are "reasonable and necessary" under Indiana law.

---

[1] USAG uses the term "Nassar Claims" to refer to the "bodily injury and/or emotional distress" lawsuits filed by Nassar's alleged victims; the U.S. Olympic Committee ("USOC") Ropes & Gray investigation; the USOC decertification proceeding; the Indiana Attorney General investigation; the U.S. House and Senate investigations; and various criminal proceedings involving current and former USAG employees.

2

6. There are no genuine issues of material fact with respect to LIU's duty to defend.

7. In support of this Motion, USAG submits its Brief in Support of Motion for Partial Summary Judgment, with designated evidence attached, filed contemporaneously with this Motion.

**THEREFORE**, Plaintiff USA Gymnastics, Inc. respectfully requests that the Court enter judgment in its favor, and against Defendant Liberty Insurance Underwriters Inc., and (1) declare that LIU had a duty to defend USAG and its current and former employees on all of the Nassar Claims; (2) order LIU to provide a complete defense to USAG and its current and former employees on all Nassar Claims until there is no possibility for coverage on any Nassar Claim; (3) order LIU to reimburse USAG $1,427,624.90, plus prejudgment interest (8% simple interest); (4) order LIU to reimburse USAG's former and current employees (Deborah Van Horn, Stephen Penny, and Amy White) their incurred defense costs, plus pre-judgment interest (8% simple interest).

Respectfully Submitted,

/s/ *Christopher E. Kozak*          /
George M. Plews (#6274-49)
Gregory M. Gotwald (#24911-49)
Tonya J. Bond (#24802-49)
Steven A. Baldwin (#34498-49)
Christopher E. Kozak (#P82156)
PLEWS SHADLEY RACHER & BRAUN LLP
1346 N. Delaware St.
Indianapolis, IN 46202-2415
(317) 637-0700
*Attorneys for USA Gymnastics*
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
sbaldwin@psrb.com
ckozak@psrb.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 1, 2019, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| Scott P. Fisher<br>Drewry Simmons Vornehm, LLP<br>sfisher@DSVlaw.com<br><br>George R. Calhoun V<br>Ifrah PLLC<br>george@ifrahlaw.com<br>*Counsel for TIG Insurance Company* | James P. Moloy<br>Bose McKinney & Evans LLP<br>jmoloy@boselaw.com<br><br>Kevin P. Kamraczewski<br>Law Offices of Kevin P. Kamraczewski<br>kevin@kevinklaw.com<br><br>Robert B. Millner<br>Ronald D. Kent<br>Susan M. Walker<br>Dentons US LLP<br>robert.millner@dentons.com<br>ronald.kent@dentons.com<br>susan.walker@dentons.com<br>*Counsel for Virginia Surety Company Inc., f/k/a Combined Specialty Insurance Company* |
| Jeffrey B. Fecht<br>Riley Bennett Egloff LLP<br>jfecht@rbelaw.com<br>*Counsel for RSUI Indemnity Company* | Laura A. DuVall<br>Ronald J. Moore<br>Office of the U.S. Trustee<br>Laura.duvall@usdoj.com<br>Ronald.moore@usdoj.com<br>*Counsel for U.S. Trustee* |

                                              /s/ *Christopher E. Kozak        /*
                                              Christopher E. Kozak

     I, Tonya J. Bond, certify that on March 4, 2019, a copy of the foregoing Motion will be served via U.S. mail on the following:

| | |
|---|---|
| Ace American Insurance Company<br>f/k/a Cigna Insurance Company<br>CT Corporation System<br>150 W. Market St., Ste. 800<br>Indianapolis, IN 46204-2814 | Great American Assurance Company<br>CT Corporation System<br>150 W. Market St., Ste. 800<br>Indianapolis, IN 46204-2814 |
| Liberty Insurance Underwriters Inc.<br>Corporation Service Company<br>135 N. Pennsylvania St., Ste. 1610<br>Indianapolis, IN 46204-2448 | National Casualty Company<br>Corporation Service Company<br>135 N. Pennsylvania St., Suite 1610<br>Indianapolis, IN 46204-2448 |
| Western World Insurance Company | Endurance American Insurance Company |

| | |
|---|---|
| 300 Kimball Dr., Ste. 500<br>Parsippany, NJ 07054 | c/o CT Corporation System. Registered Ag<br>150 W Market St., Ste. 800<br>Indianapolis, IN 46204-2814 |
| American International Group, Inc.<br>175 Water St., Floor 18<br>New York, NY 10038-4976 | American Home Assurance Company<br>c/o CT Corporation System. Registered Ag<br>150 W. Market St., Ste. 800<br>Indianapolis, IN 46204-2814 |

*/s/ Tonya J. Bond*
Tonya J. Bond