**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| USA GYMNASTICS, | ) | Case No.  18-09108-RLM-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| USA GYMNASTICS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Case No. 19-50012 |
| | ) | |
| ACE AMERICAN INSURANCE | ) | **RELIEF IS SOUGHT FROM A** |
| COMPANY f/k/a CIGNA INSURANCE | ) | **UNITED STATES DISTRICT JUDGE** |
| COMPANY, GREAT AMERICAN | ) | |
| ASSURANCE COMPANY, LIBERTY | ) | |
| INSURANCE UNDERWRITERS INC., | ) | |
| NATIONAL CASUALTY COMPANY, | ) | |
| RSUI INDEMNITY COMPANY, TIG | ) | |
| INSURANCE COMPANY, VIRGINIA | ) | |
| SURETY COMPANY, INC. f/k/a | ) | |
| COMBINED SPECIALTY INSURANCE | ) | |
| COMPANY, WESTERN WORLD | ) | |
| INSURANCE COMPANY, ENDURANCE | ) | |
| AMERICAN INSURANCE COMPANY, | ) | |
| AMERICAN INTERNATIONAL GROUP, | ) | |
| INC., AMERICAN HOME ASSURANCE | ) | |
| COMPANY, AND DOE INSURERS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' JOINT MOTION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING

The named Defendants in the above-captioned adversary proceeding (the

"*Adversary Proceeding*"), Ace American Insurance Company, f/k/a  Cigna Insurance Company,

Great American Assurance Company, Liberty Insurance Underwriters Inc. ("*LIU*"), National

Casualty Company, RSUI Indemnity Company, TIG Insurance Company, Virginia Surety Company f/k/a Combined Specialty Insurance Company, Western World Insurance Company, Endurance American Insurance Company, American International Group, Inc., and American Home Assurance Company (together "**Defendants**"), through undersigned counsel, file this motion (the "**Motion**") pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule B-5011-1 requesting that the United States District Court withdraw the reference of the Adversary Proceeding to the United States Bankruptcy Court for the Southern District of Indiana.  This Adversary Proceeding is a non-core proceeding, and the parties have demanded, or will demand, a jury trial and will not consent to allow the Bankruptcy Court to conduct the jury trial.  Concerns of efficiency and forum shopping further dictate that this Court should grant the Motion.

## PRELIMINARY STATEMENT

This adversary proceeding is an insurance dispute between USA Gymnastics ("**USAG**") and certain of its insurers asserting exclusively state law claims for: (1) declaratory judgment regarding the scope of USAG's rights under various insurance policies each of the defendants sold to USAG with respect to claims that USAG alleges are "nearly all tied, some way" to abuse carried out by Lawrence "Larry" Gerard Nassar ("**Nassar**"), and (2) judgment against all defendants for damages arising from their alleged breaches of their respective insurance policies.

On April 6, 2018—pre-petition—USAG filed a substantially similar coverage action raising the same substantive issues against its insurers as those raised in the new Complaint. After it filed for bankruptcy, USAG erroneously filed a "Notice of Stay Due to Bankruptcy" in the Federal District Court where the coverage action was pending and secured administrative closure of that case.

Cause exists for withdrawing the reference from the Bankruptcy Court for this Adversary Proceeding, pursuant to 28 U.S.C. § 157(d) because: (1) This proceeding is not a "core" bankruptcy proceeding and the Bankruptcy Court therefore lacks jurisdiction to enter final judgment on USAG's claims; (2) The Defendants have a right to a jury trial on USAG's claims and will not consent to a jury trial in the Bankruptcy Court; (3) As the resolution of this Adversary Proceeding turns, not on application or interpretation of bankruptcy law, but rather on insurance coverage issues with which the Bankruptcy Court has no special experience or familiarity, the interest of judicial economy counsels litigating this action in the District Court; and (4) Allowing USAG, after the bankruptcy case was filed and a judge assigned, to inaccurately represent that the automatic stay applies to the prior pending District Court action would encourage forum shopping. Courts in this Circuit consistently withdraw the reference in similar non-core, state law coverage disputes; this Court should follow suit here.

## BACKGROUND

This Adversary Proceeding represents USAG's second complaint filed with respect to insurance coverage for Nassar-related claims. On April 6, 2018, USAG, facing hundreds of lawsuits from Nassar's victims, filed a coverage action in Indiana state court against its insurers, including most of the Defendants named again in the Adversary Proceeding. *See* Complaint for Breach of Insurance Policy and Declaratory Judgment of Coverage, Indiana Superior Court Case No. 49D01-1804-PL-013423, a true and correct copy of which is attached hereto as **Exhibit "A"**. USAG demanded a jury trial in that coverage action. The defendants timely removed that action to the District Court. On July 9, 2018, the District Court stayed that coverage action while USAG sought to resolve the claims of Nassar's victims through mediation. On November 5, 2018, the District Court lifted the stay on the coverage action after the attempts

at settlement were unsuccessful.  On November 30, 2018, the parties submitted a proposed case management plan with deadlines through trial.  On December 4, 2018, LIU filed a motion to dismiss USAG's complaint in the coverage action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (the "LIU Motion").  *See* Motion to Dismiss and Memorandum of Law in support thereof, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. Nos. 65 and 66, true and correct copies of which is attached hereto as **Exhibit "B".**

On December 5, 2018, USAG filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) in the Bankruptcy Court.  On December 14, 2018, USAG filed a "Notice of Stay Due to Bankruptcy" in the District Court proceeding, asserting (incorrectly) that litigation "involving USAG such as this action" is automatically stayed.  *See* Notice of Stay Due to Bankruptcy, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 70, a true and correct copy of which is attached hereto as **Exhibit "C".**  On January 25, 2019, citing USAG's bankruptcy filing and the operation of the automatic stay under 11 U.S.C. § 362, the District Court administratively closed USAG's original coverage action against its insurers without prejudice to the rights of the parties to move to reopen the case within 60 days after the conclusion of USAG's bankruptcy proceedings.  *See* Order Administratively Closing Case, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 72, a true and correct copy of which is attached hereto as **Exhibit "D".**  In the Order, the District Court ordered that all pending deadlines and motions, which would include the LIU Motion, were denied as moot.  *Id.*

Then, on February 1, 2019, USAG commenced this Adversary Proceeding against its insurers in the Bankruptcy Court, seeking to litigate the same claims raised in USAG's initial complaint against its insurers, including the causes of action for declaratory relief and breach of

4

contract.  A true and correct copy of the Adversary Proceeding Complaint (the "***Adversary Complaint***") is attached hereto as **Exhibit "E"**.  On March 1, 2019, before responsive pleadings were due, USAG filed a motion for partial summary judgment against LIU raising many of the same issues that were set forth in LIU's Motion.  A true and correct copy of that motion is attached hereto as **Exhibit "F"**.

By way of its Adversary Complaint, USAG asks the Bankruptcy Court to make findings regarding the extent of USAG's coverage pursuant to numerous insurance policies issued by multiple insurance companies spanning over two decades as well as the Defendants' alleged pre-petition breaches of pre-petition insurance policies.  These are classic non-core state law claims, which the Bankruptcy Court has neither the statutory nor the constitutional authority to finally adjudicate.  Therefore, the Defendants have filed this Motion seeking to have this Adversary Proceeding withdrawn to the District Court for further proceedings.

## ARGUMENT

### I.    Legal Standard for Permissive Withdrawal Under 28 U.S.C. § 157(d)

Pursuant to 28 U.S.C. § 1334(a), the district courts of the United States have "original and exclusive jurisdiction over all cases under title 11."  In the United States District Court for the Southern District of Indiana, Local Rule 83-8 provides for the automatic referral of such proceedings to the United States Bankruptcy Court for the Southern District of Indiana.  However, the District Court may withdraw the reference to the Bankruptcy Court "for cause shown."  28 U.S.C. § 157(d).

Because the bankruptcy court acquires jurisdiction only by reference from the district court, a district court may permissively withdraw a proceeding from the bankruptcy court, in whole or in part, "for cause shown" pursuant to 28 U.S.C. § 157(d).  *See In re Dorner*,

343 F.3d 910, 914 (7th Cir. 2003) ("District judges may refer matters to bankruptcy judges but also may withdraw them and render decisions themselves.").  While the statute does not define "cause" for purposes of permissive withdrawal, courts in this Circuit consider various factors to determine whether "cause" has been shown, including: (1) whether the proceeding is core or non-core, (2) which forum serves the interests of judicial economy and convenience, (3)  which forum promotes the uniformity and efficiency of bankruptcy administration, (4) which forum prevents forum shopping and confusion, and (5) whether the parties are entitled to a jury trial and have requested one.  *See Maxwell v. Kemp (In re Beale)*, 410 B.R. 613, 616 (N.D. Ill. 2009); *Caruso v. Modany*, No. 1:18-cv-02182, 2019 WL 118520, at *1 (S.D. Ind. Jan. 7, 2019); *Levin v. FDIC*, No. 1:11-cv-704, 2012 WL 177392, at *2 (S.D. Ind. Jan. 19, 2012); *In re New Energy Corp.*, No. 12-33866, 2013 WL 1192774, at *6 (N.D. Ind. Mar. 14, 2013).  In this case, these factors point exclusively in favor of withdrawing the reference and returning this case to the District Court.

## II.    The Court Should Withdraw the Reference With Regard to this Non-Core Adversary Proceeding

Cause exists for withdrawing the reference from the Bankruptcy Court for this Adversary Proceeding, pursuant to 28 U.S.C. § 157(d) because several of the relevant considerations favor withdrawal, while none weigh against it.  ***First***, this case is not a core bankruptcy proceeding and the Bankruptcy Court therefore lacks constitutional authority to enter final judgment on USAG's claims.  ***Second***, the Defendants have a right to a jury trial on USAG's claims and will not consent to a jury trial in the Bankruptcy Court.  ***Third***, as the resolution of this Adversary Proceeding requires no application or interpretation of bankruptcy law and in fact involves complex insurance coverage disputes with which the Bankruptcy Court has no special or particular experience or familiarity, the interest of judicial economy counsels

litigating this action in the District Court, where essentially the same coverage dispute was already pending pre-petition. ***Fourth***, withdrawing the reference of this Adversary Proceeding would prevent forum shopping.

**A. Withdrawal of the reference is appropriate in this case because this is a non-core proceeding and the Bankruptcy Court lacks the authority to issue a final order resolving the issues in this Adversary Proceeding.**

The jurisdiction of bankruptcy courts to resolve non-bankruptcy matters is limited. Bankruptcy courts are not Article III courts. They "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" and "may enter appropriate orders and judgments" on those proceedings. 28 U.S.C. § 157(b)(1). In contrast, when presiding over non-core proceedings, bankruptcy judges may only "submit proposed findings of fact and conclusions of law" to the district court, which reviews such findings and conclusions de novo. 28 U.S.C. § 157(c)(1).

Section 157(b)(2) of Title 28 of the United States Code enumerates a non-exhaustive list of core proceedings:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2).  The Debtor does not even attempt to show how the Adversary Proceeding, which is a dispute over insurance coverage, fits into one or more of the sixteen (16) enumerated categories of core proceedings.  The Debtor simply asserts that "the rights of USAG under its policies is at the heart of USAG's reorganization proceedings[.]"  Adversary Complaint ¶ 2.  However, as set forth below, even if that statement is true, it does not render the Adversary Proceeding core.  *See Wellman Thermal Sys. Corp. v. Columbia Casualty Co.*, No. 1:05-cv-1191, 2005 WL 4880619, at *2 (S.D. Ind. Oct. 5, 2005) ("Under Seventh Circuit case law, where the issue is the scope of coverage of insurance policies the matter is a noncore proceeding.").

The Supreme Court in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), held that a core proceeding is one where "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process."  *Id.* at 2618.  This distinction between core and non-core proceedings "prevents bankruptcy courts from entering final judgments on

8

claims that seek only to 'augment' the bankruptcy estate and would otherwise 'exist without regard to any bankruptcy proceeding.'" *Id.*, at 2618.  Thus, when a bankruptcy judge determines that a referred proceeding is not a core proceeding, but is only "related to" a case under title 11, the judge may only submit proposed findings of fact and conclusions of law to the district court." *Id.* at 2604 (quoting 28 U.S.C. § 157(c)(1)).  "The question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.* at 2618.  *See also In re Emerald Casino, Inc*., 467 B.R. 128, 133 (N.D. Ill. 2012) (relying upon *Stern* and holding that "bankruptcy courts lack authority to finally adjudicate claims that go beyond the claims allowance process").

The Seventh Circuit has clarified that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997) (citing 28 U.S.C. § 157(b)(2)); *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990). The District Court for the Southern District of Illinois elaborated:

> In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990).  By contrast, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id.*  Such a proceeding "may be related to the bankruptcy because of its potential effect, but . . . it is . . . [a] non-core proceeding." *Id.* (emphasis omitted). . . . *Cf.  Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999) ("[A] proceeding is core (1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case."); *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (holding that "a state contract action that, had there been no bankruptcy, could have proceeded in state court" is not a core proceeding); *WRT Creditors Liquidation Trust v. C.I.B. C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 611 (S.D. Tex. 1999) (holding that a case did not involve

core proceedings where "all of the alleged tortious conduct and breaches of contract occurred pre-petition.").

*Kim Littlefield, DMD, P.C. v. Orthodontic Ctrs. of Ill., Inc.*, Civ. No. 06-606-GPM, 2007 WL 273766, at *3 (S.D. Ill. Jan. 26, 2007).

In *United States Brass Corp.*, the Seventh Circuit applied this standard to determine that insurance coverage disputes are ***not*** core proceedings.   The court observed that the debtor's "claimed right to insurance coverage is a creation of state contract law and one that could be vindicated in an ordinary breach of contract suit[.]"  110 F.3d at 1268.  Acknowledging that there was more than $500 million of alleged coverage at stake, the court held that even if the right to insurance coverage was ***critical*** to the bankruptcy—which was clearly the case—that importance was "irrelevant" to the question of whether the proceeding was "core." *Id.*  The Seventh Circuit explained that "core" is a term of art, expressly defined in the Bankruptcy Code, rather than a metaphor. *Id.* at 1269.  The size of the dispute—and the extent to which it might augment the estate—was relevant only to the question of whether the proceeding was "related to" the bankruptcy and, therefore, a non-core proceeding. *Id.  See also Diamond Mortg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1238-39 (7th Cir. 1990) (finding that claims of malpractice and breach of fiduciary duty do not arise under Title 11 and are not core proceedings but are merely "related to" the underlying bankruptcy cases because the resolution of the claims could "have a direct and substantial impact on the asset pool available to the estates"); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1102 (2d Cir. 1993) (finding a breach-of-contract action by a debtor against a party to a pre-petition contract, who filed no claim with the bankruptcy court, non-core); *Comdisco, Inc. v. St. Paul Fire & Marine Ins. Co. (In re Comdisco, Inc.)*, No. 04-C-5570, 2004 WL 2674398, at *2 (N.D. Ill. Oct. 15, 2004)

10

(granting insurers' motion to withdraw the reference and determining that "the right to collect upon an asset of the estate is not a substantive right granted by Title 11").

The Seventh Circuit's holding in *United States Brass Corp.* controls here. USAG's claims are categorically non-core. While USAG alleges to the contrary in the Complaint, it had no basis for doing so. USAG's claims are neither specifically delineated as core proceedings in 28 U.S.C. § 157(b), nor do they invoke any right under the Bankruptcy Code. The first cause of action alleges "[a]n actual controversy . . . as to the scope of USAG's rights and Defendant Insurers' obligations under their respective policies" and seeks declaratory relief "establishing Defendant Insurers' obligations to defend and indemnify USAG" pursuant to state law provisions and the Declaratory Judgment Act. *See* Adversary Complaint ¶¶ 35-40. USAG's second cause of action in the Adversary Complaint, titled "Breach of Insurance Contract," also invokes no provision of the Bankruptcy Code, merely putting forth a state law claim for breach of contract. The District Court for the Southern District of Indiana recently ruled that even if a "core claim" were pled in a complaint—which is not the case here—"that alone is not a compelling reason for the District Court to limit the scope of the withdrawal." *Caruso v. Modany*, No. 1:18-cv-02182, 2019 WL 118520, at *2 (S.D. Ind. Jan. 7, 2019) (granting motion to withdraw the reference after finding, among other things, that the bankruptcy court could not issue a final Order on breach of fiduciary duty claims, that the defendants did not consent to conducting a jury trial before the bankruptcy court, and that judicial efficiency warranted the District Court hearing the entire dispute).

These claims could have been filed—and indeed, previously were filed—in a non-bankruptcy forum completely apart from and prior to USAG's bankruptcy filing. *See Beard v. Braunstein,* 914 F.2d 434, 445 (3d Cir. 1990) (holding that an action involving prepetition

contracts that were breached both before and after the filing of the petition was "entirely a non-core matter related to a case arising under title 11"); *Matter of Delaware & Hudson Ry Co.,* 122 B.R. 887, 894 (D. Del. 1991) (concluding that the adversary proceeding was non-core and subject to permissive withdrawal because the "state law claims at issue . . . existed prior to and independent of the filing of the instant bankruptcy").

As USAG's claims are non-core, the Bankruptcy Court lacks the authority to enter final judgments on those claims. The Bankruptcy Court can only submit proposed findings of fact and conclusions of law to the District Court, which would then be required to review such findings and conclusions *de novo*, an unnecessary and inefficient process. *See Diocese of Duluth v. Liberty Mutual Grp. (In re Diocese of Duluth)*, Civ. No. 17-549, 2017 WL 3037412 (D. Minn. July 18, 2017) (concluding that efficiency would be promoted by the district court withdrawing the reference to the bankruptcy court in the case of an insurance coverage dispute related to Diocesan abuse); *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, 107 B.R. 34, 40 (D. Del. 1989) (concluding that permissive withdrawal was appropriate in light of considerations of judicial economy because the adversary proceeding was non-core and subject to *de novo* review). As the District Court explained in *Wellman Thermal Sys. Corp. v. Columbia Casualty Co.*, No. 1:05-cv-1191, 2005 WL 4880619, at *3 (S.D. Ind. Oct. 5, 2005):

> Though the bankruptcy court could issue proposed findings of fact and conclusions of law, 28 U.S.C. § 157(c)(1), in the court's view, considerations of judicial economy favor withdrawal of the reference. . . . The bankruptcy judge's proposed findings and conclusions in this noncore proceeding would be subject to de novo review by the district court, possibly resulting in inefficient duplication by the two courts.

Stated simply, there is no reason to waste valuable judicial resources litigating this non-core Adversary Proceeding twice.

**B.  Permissive withdrawal is appropriate in this case because Defendants are entitled to a jury trial and will not consent to one in the Bankruptcy Court.**

The Defendants' jury trial right with respect to this non-core insurance coverage dispute similarly supports withdrawal.  *See Wellman Thermal Sys. Corp. v. Columbia Casualty Co.*, No. 1:05-cv-1191, 2005 WL 4880619, at *3 (S.D. Ind. Oct. 5, 2005) ("[T]he right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court."); *Caruso v. Modany*, No. 1:18-cv-02182, 2019 WL 118520, at *1 (S.D. Ind. Jan. 7, 2019) (holding that unless all parties consent to a jury trial before the bankruptcy judge, cause exists to withdraw the reference).  Here, the Defendants are entitled to a jury trial on both of USAG's claims because they either allege breach of contract or require a determination of contractual rights to insurance coverage, and the Defendants do not expect to waive that right.  The Bankruptcy Court, however, may not hold such a jury trial for two independent reasons.

First, the Bankruptcy Court is not permitted to hold a jury trial on non-core claims. *See* 28 U.S.C. § 157(c); *Beard*, 914 F.2d at 443 (stating that the Seventh Amendment ban on *de novo* review of any fact found by a jury is incompatible with 28 U.S.C. § 157(c)(1) and concluding that "a bankruptcy court cannot conduct a jury trial in a non-core proceeding").

Second, even if USAG's claims were core—which they are not—a jury trial would still not be possible absent express consent of all parties and special designation by the district court.  *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."); *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 908 (D. Del. 1996).  Local Bankruptcy Rule 9015-1 provides authorization for the bankruptcy

court to conduct a jury trial **only** with the express consent of all parties – and provides that "[u]nless within thirty (30) days after the demand for jury trial is filed the other parties to the proceeding file a consent, the Bankruptcy Judge **shall** request that the District Court withdraw the reference of the matter." [Emphasis added] Since the Defendants intend to exercise their right to a trial by jury, withdrawal of the reference with respect to the Adversary Proceeding is both appropriate and necessary here.

### C. Permissive withdrawal is appropriate in this case in the interests of judicial economy and efficiency.

Withdrawal of the reference is also appropriate because this Adversary Proceeding does not draw on the expertise or familiarity of the Bankruptcy Court. The Adversary Proceeding is newly-filed. No answers or counter-claims have been filed. No discovery has been taken, and there has been no substantive motion practice.[1] Thus, the withdrawal of the reference now will not result in any duplication of effort. Moreover, the Bankruptcy Court has not yet gained extensive factual knowledge associated with the Adversary Proceeding that would render it better situated to preside over the insurance coverage claims. Nor will the Adversary Proceeding require any specialized bankruptcy knowledge to resolve. *See In re G-I Holdings, Inc.*, 295 B.R. 211, 217-18 (D.N.J. 2002) ("Because this proceeding entails exclusively state law claims against a non-debtor, it is in the Court's best interest to adjudicate the non-bankruptcy dispute once, while the Bankruptcy Court continues to administer the chapter 11 reorganization and conduct other common bankruptcy proceedings."); *see also Baxter v. Sherb & Co., LLP (In re Money Ctrs. of Am., Inc.)*, 579 B.R. 710, 715 (S.D.N.Y. 2016)

---

[1] As noted above, on March 1, 2019, before responsive pleadings were due, USAG filed a motion for partial summary judgment against one defendant, LIU, raising many of the same issues that were set forth in LIU's Motion.

("[I]t is a waste of judicial resources for a court of specialized bankruptcy knowledge to administer a case that does not require application of that knowledge.").

Meanwhile, there already exists a District Court action against mostly the same defendants and regarding mostly the same issues. That action could be reactivated with relative ease, and the parties could update the case management plan already submitted days before the petition was filed. The Bankruptcy Court should continue to focus on the reorganization case, not state law coverage disputes.

### D. Permissive withdrawal is appropriate in this case in the interest of preventing forum shopping.

Finally, withdrawal of the reference is critical to prevent "forum shopping and confusion." *Maxwell v. Kemp (In re Beale)*, 410 B.R. 613, 616 (N.D. Ill. 2009); *see also In re New Energy Corp.*, No. 12-33866, 2013 WL 1192774, at *6 (N.D. Ind. Mar. 14, 2013) (noting that courts should evaluate, *inter alia*, whether withdrawal would reduce forum shopping); *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

The same coverage issues were raised in USAG's initial coverage action, brought initially in Indiana State Court and then timely removed to the District Court. USAG filed that coverage action against nearly all of the defendants in the Adversary Proceeding.[2] No defendant in that action sought to recover money from USAG or sought to take any action against USAG

---

[2] In the Adversary Proceeding, in addition to the general liability and directors & officers ("D&O") liability carriers named in the original District Court proceeding, USAG sued four additional entities: Western World Insurance Company ("Western World"), Endurance American Insurance Company ("Endurance"), American International Group, Inc. ("AIG"), and American Home Assurance Company ("American Home"). Western World and American Home are subsidiaries of AIG. Western World and Endurance allegedly issued more recent D&O policies to USAG. USAG alleges that AIG and/or American Home and/or one of AIG's other subsidiaries may have issued additional policies to USAG. The Adversary Proceeding also adds some specificity to the coverage issues and underlying claims at issue. However, the substantive issues addressed in the two proceedings are essentially the same.

or property of the bankruptcy estate.  To the contrary: the only claims asserted in that action sought to *increase* the property of the estate.  Therefore, the automatic stay did not apply, and the District Court need not have administratively closed the initial action or ordered the pending LIU Motion denied as moot in response to USAG's Notice of Bankruptcy.   The automatic stay only applies to suits *against the debtor* (with limited exceptions of no relevance to this case), not to suits filed by the debtor against others, regardless of whether opposition to the debtor's claims might prevent the debtor from augmenting its estate.  *See In re Londrigan*, No. 14-70025, 2014 WL 4384368, at *5 n.1 (C.D. Ill. Sept. 3, 2014) ("The automatic stay does not bar continuation of actions commenced by a debtor pre-petition where the debtor is the original plaintiff or movant.") (citing *Martin-Trigona v. Champion Fed. Sav. and Loan Assoc.*, 892 F.2d 575, 577 (7th Cir. 1989)); *Bryner v. LeBaron (In re Bryner)*, 425 B.R. 601, 608 (10th Cir. B.A.P. 2010). As the Seventh Circuit has observed, "[t]he fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other . . . . There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights." *Martin-Trigona*, 892 F.2d at 577.  If USAG wished to continue pursuing its claims relating to insurance coverage, the District Court action should have proceeded, and this Adversary Proceeding need never have been filed.

But irrespective of whether the administrative closing was correct, there is no dispute that the case can be reopened.  An administrative closing is not a dismissal and, indeed, the District Court's order expressly recognized that the case might need to be reopened.  That is exactly what should, in essence, occur here.  USAG's coverage claims are properly before the District Court and can be brought there, either through reopening the initial case or withdrawing

the reference for the Adversary Proceeding.[3]  Permitting a debtor effectively to transfer its own pre-petition action, already pending before an assigned judge in the District Court and subject to a dispositive motion, to the Bankruptcy Court through filing of an erroneous "Notice of Automatic Stay" would improperly reward forum shopping, particularly when the parties had no reason to believe, pre-petition, that they should litigate in Bankruptcy Court.  *See Lawrence Grp., Inc. v. Hartford Casualty Ins. Co. (In re Lawrence Group, Inc.)*, 285 B.R. 784, 789 n.6 (N.D.N.Y 2002) (finding that forum shopping would be prevented by withdrawal because the defendant insurer, at the time it issued the relevant policy, had no reason to believe that any disputes arising out of the policy would be litigated in a bankruptcy court and the defendant "should not be obligated to litigate in a forum that was not reasonably . . . foreseeable or expected at the time it issued the policies").  It would further USAG's improper attempt to avoid the appropriate forum for this dispute, namely the District Court.  Where, as here, withdrawal of the reference avoids improper forum shopping and ensures that the dispute will be litigated in an appropriate forum, withdrawal is warranted.

## <u>CONCLUSION</u>

For the foregoing reasons, the Defendants hereby respectfully request that the Court grant the motion to withdraw the reference for this Adversary Proceeding.  Because a District Court action already exists that relates closely to the Adversary Proceeding, either that existing action should be re-opened or the proceeding should be filed as a "related case" under Local Rule 40-1.

---

[3] The Complaint filed in the Adversary Proceeding would then, effectively, be the amended complaint that USAG informed the parties that it planned to file in the District Court before that case was administratively closed.

**DESIGNATION OF RECORD FOR THE**
**MOTION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING**

Pursuant to Local Bankruptcy Rule B-5011-1(d), Ace American Insurance

Company, f/k/a Cigna Insurance Company, Great American Assurance Company, Liberty

Insurance Underwriters Inc., National Casualty Company, RSUI Indemnity Company, TIG

Insurance Company, Virginia Surety Company f/k/a Combined Specialty Insurance Company,

Western World Insurance Company, Endurance American Insurance Company, American

International Group, Inc., and American Home Assurance Company, by and through

undersigned counsel, respectfully submit the following Designation of Record for their Motion

to Withdraw the Reference of the Adversary Proceeding:

1. *Complaint for Breach of Insurance Policy and Declaratory Judgment of Coverage* [Adversary Case No. 19-50012, Docket No. 1].

2. *Notice of Filing Master Claims and Policies List as Identified in Contemporaneously Filed Complaint for Breach of Insurance Policy and Declaratory Judgment of Coverage* [Adversary Case No. 19-50012, Docket No. 2]

3. *USAG's Motion for Partial Summary Judgment* and *USAG's Brief in Support of Motion for Partial Summary Judgment* [Adversary Case No. 19-50012, Docket Nos. 26 and 27]
   4.

KROGER, GARDIS & REGAS, LLP

Dated: March 5, 2019

By___/s/ Harley K. Means___
Stephen J. Peters, Attorney No. 6345-49
Harley K. Means, Attorney No. 23068-32
Counsel for Defendant, Defendant, ACE
American Insurance Company f/k/a CIGNA
Insurance Company
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 692-9000
(317) 264-6832 (Fax)
speters@kgrlaw.com
hmeans@kgrlaw.com

LEGAL\40078315\24

Pursuant to the ECF Administrative Policies and Procedures Manual (Attorney) for the United States Bankruptcy Court for the Southern District of Indiana, undersigned counsel represent the other named Defendants in the Adversary Proceeding and are authorized to represent that each of their clients consents to the withdrawal of the reference of this Adversary Proceeding and that ACE American's counsel may electronically file their signatures.

/s/ Karen M. Dixon
Counsel for Great American Assurance Company, Consents to this Motion for Withdrawal of Reference
Karen M. Dixon, Attorney No. 6242799IL
SKARZYNSKI MARICK & BLACK LLP
205 North Michigan Avenue, Suite 2600
Chicago, IL 60601
(312) 946-4233
(312) 946-4272 (Fax)
kdixon@skarzynski.com
Michael M. Marick, Attorney No. 6183285IL
SKARZYNSKI MARICK & BLACK LLP
205 North Michigan Avenue, Suite 2600
Chicago, IL 60601
(312) 946-4235
(312) 946-4272 (Fax)
mmarick@skarzynski.com
James P. Ruggeri (admitted pro hac vice)
SHIPMAN & GOODWIN LLP
1875 K Street NW, Suite 600
Washington, DC 20006-1251
(202) 469-7752
(202) 469-7751 (Fax)
jruggeri@goodwin.com
Joshua D. Weinberg (admitted pro hac vice)
SHIPMAN & GOODWIN LLP
1875 K Street NW, Suite 600
Washington, DC 20006-1251
(202) 469-7755
(202) 469-7751 (Fax)
jweinberg@goodwin.com

/s/ Ginny L. Peterson
Counsel for Liberty Insurance Underwriters Inc., Consents to this Motion for Withdrawal of Reference

LEGAL\40078315\24

Ginny L. Peterson, Attorney No. 20305-41
KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
(317) 636-5917 (Fax)
gpeterson@k-glaw.com

/s/ Anthony M. Zelli
Counsel for National Casualty Company,
Consents to this Motion for Withdrawal of
Reference
Anthony M. Zelli, Attorney No. 30470-10
DINSMORE & SHOHL, LLP
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
(502) 540-2300
(502) 585-2207 (Fax)
anthony.zelli@dinsmore.com
Hans H.J. Pijls, Attorney No. P37248 (MI)
DINSMORE & SHOHL, LLP
300 N. Fifth Avenue
Ann Arbor, MI 48104
(734) 773-4050
(734) 913-6007 (Fax)
hans.pijls@dinsmore.com

/s/ Jeffrey B. Fecht
Counsel for RSUI Indemnity Company,
Consents to this Motion for Withdrawal of
Reference
Jeffrey B. Fecht, Attorney No. 20875-29
RILEY BENNETT EGLOFF LLP
141 East Washington St.
Fourth Floor
Indianapolis, IN 46204
(317) 636-8000
(317) 636-8027 (Fax)
jfecht@rbelaw.com

/s/ Scott P. Fisher
Counsel for TIG Insurance Company,
Consents to this Motion for Withdrawal of
Reference
Scott P. Fisher, Attorney No. 26813-49
DREWRY SIMMONS VORNEHM, LLP

20

736 Hanover Place, Suite 200
Carmel, IN 46032
(317) 580-4848
(317) 580-4855 (Fax)
sfisher@dsvlaw.com
George R. Calhoun (admitted pro hac vice)
IFRAH LAW
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
(202) 524-4147
george@ifrahlaw.com

/s/ James P. Moloy
Counsel for Virginia Surety Company Inc.
Successor to Combined Specialty Insurance
Company, Consents to this Motion for
Withdrawal of Reference
James P. Moloy, Attorney No. 10301-49
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (Fax)
jmoloy@boselaw.com
Robert B. Millner (admitted pro hac vice)
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000
robert.millner@dentons.com
Kevin P. Kamraczewski (admitted pro hac vice)
LAW OFFICES OF KEVIN P.
KAMRACZEWSKI
332 South Michigan Avenue, Suite 1032 K363
Chicago, IL 60604-4434
(312) 697-9768
kevin@kevinklaw.com

/s/ Bruce Kamplain
Counsel for Western World Insurance
Company, Consents to this Motion for
Withdrawal of Reference
Bruce Kamplain, Attorney No. 5065-49
NORRIS CHOPLIN SCHROEDER LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204-4213

(317) 269-9330
(317) 269-9338 (Fax)
bkamplain@ncs-law.com

/s/ Wendy D. Brewer
Counsel for Endurance American Insurance
Company, Consents to this Motion for
Withdrawal of Reference
Wendy D. Brewer, Attorney No. 22669-49
FULTZ MADDOX DICKENS PLC
333 North Alabama Street, Suite 350
Indianapolis, IN 46204
(317) 567-9048
(317) 252-0275 (Fax)
wbrewer@fmdlegal.com

/s/ Susan N. K. Gummow
Counsel for American International Group, Inc.
and American Home Assurance Company,
Consents to this Motion for Withdrawal of
Reference
Susan N. K. Gummow (pro hac vice pending)
Igor Shleypak (pro hac vice pending)
FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
(312) 863-5000
(312) 863-5009 (Fax)
sgummow@fgppr.com
ishleypak@fgppr.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2019, of the foregoing Motion for Stay was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Steven Baldwin
Tonya J. Bond
Gregory M. Gotwald
Christopher Kozak
sbaldwin@psrb.com
tbond@psrb.com
ggotwald@psrb.com
ckozak@psrb.com

United States Trustee
ustpregion10.in.ecf@usdoj.gov

I further certify that on March 5, 2019, the foregoing Motion for Stay was mailed by the first-class U.S. Mail, postage prepaid, and properly addressed to the following:

By: /s/ Harley K. Means
    Stephen J. Peters, #6345-49
    Attorneys for Defendant,
    ACE American Insurance Company f/k/a
    CIGNA Insurance Company
    KROGER, GARDIS & REGAS, LLP
    111 Monument Circle, Suite 900
    Indianapolis, IN  46204-5125
    (317) 692-9000
    (317) 264-6832 Fax
    speters@kgrlaw.com