## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| USA GYMNASTICS, | ) Case No.  18-09108-RLM-11 |
| | ) |
| Debtor. | ) |
| | ) |
| USA GYMNASTICS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Adv. Case No. 19-50012 |
| | ) |
| ACE AMERICAN INSURANCE | ) |
| COMPANY f/k/a CIGNA INSURANCE | ) |
| COMPANY, GREAT AMERICAN | ) |
| ASSURANCE COMPANY, LIBERTY | ) |
| INSURANCE UNDERWRITERS INC., | ) |
| NATIONAL CASUALTY COMPANY, | ) |
| RSUI INDEMNITY COMPANY, TIG | ) |
| INSURANCE COMPANY, VIRGINIA | ) |
| SURETY COMPANY, INC. f/k/a | ) |
| COMBINED SPECIALTY INSURANCE | ) |
| COMPANY, WESTERN WORLD | ) |
| INSURANCE COMPANY, ENDURANCE | ) |
| AMERICAN INSURANCE COMPANY, | ) |
| AMERICAN INTERNATIONAL GROUP, | ) |
| INC., AMERICAN HOME ASSURANCE | ) |
| COMPANY, AND DOE INSURERS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION FOR STAY OF THE ADVERSARY PROCEEDING

The named Defendants in the above-captioned adversary proceeding, Ace

American Insurance Company, f/k/a Cigna Insurance Company, Great American Assurance

Company, Liberty Insurance Underwriters Inc. ("*LIU*"), National Casualty Company, RSUI

Indemnity Company, TIG Insurance Company, Virginia Surety Company f/k/a Combined

Specialty Insurance Company, Western World Insurance Company, Endurance American Insurance Company, American International Group, Inc., and American Home Assurance Company, through undersigned counsel, file this motion (the "***Motion***") pursuant to Rules 5011(c) and 8007 of the Federal Rules of Bankruptcy Procedure for the entry of an order staying all further proceedings with respect to the claims asserted by USAG against the Defendants in the above-captioned adversary proceeding (the "***Adversary Proceeding***") pending a ruling by the District Court for the Southern District of Indiana (the "***District Court***") regarding the Defendants' Motion to Withdraw the Reference of the Adversary Proceeding (the "***Motion to Withdraw Reference***"). In support of this Motion, the Defendants respectfully represent as follows:

## BACKGROUND

This Adversary Proceeding represents USAG's second complaint filed with respect to insurance coverage for Nassar-related claims. On April 6, 2018, USAG, facing hundreds of lawsuits from Nassar's victims, filed a coverage action in Indiana state court against its insurers, including most of the Defendants named again in the Adversary Proceeding. *See* Complaint for Breach of Insurance Policy and Declaratory Judgment of Coverage, Indiana Superior Court Case No. 49D01-1804-PL-013423, a true and correct copy of which is attached hereto as **Exhibit "A"**. USAG demanded a jury trial in that coverage action. The defendants timely removed that action to the District Court. On July 9, 2018, the District Court stayed that coverage action while USAG sought to resolve the claims of Nassar's victims through mediation. On November 5, 2018, the District Court lifted the stay on the coverage action after the attempts at settlement were unsuccessful. On November 30, 2018, the parties submitted a proposed case management plan with deadlines through trial. On December 4, 2018, LIU filed a motion to

dismiss USAG's complaint in the coverage action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (the "LIU Motion"). *See* Motion to Dismiss and Memorandum of Law in support thereof, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. Nos. 65 and 66, true and correct copies of which is attached hereto as **Exhibit "B".**

On December 5, 2018, USAG filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) in the Bankruptcy Court. On December 14, 2018, USAG filed a "Notice of Stay Due to Bankruptcy" in the District Court proceeding, asserting (incorrectly) that litigation "involving USAG such as this action" is automatically stayed. *See* Notice of Stay Due to Bankruptcy, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 70, a true and correct copy of which is attached hereto as **Exhibit "C".** On January 25, 2019, citing USAG's bankruptcy filing and the operation of the automatic stay under 11 U.S.C. § 362, the District Court administratively closed USAG's original coverage action against its insurers without prejudice to the rights of the parties to move to reopen the case within 60 days after the conclusion of USAG's bankruptcy proceedings. *See* Order Administratively Closing Case, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 72, a true and correct copy of which is attached hereto as **Exhibit "D".** In the Order, the District Court ordered that all pending deadlines and motions, which would include the LIU Motion, were denied as moot. *Id.*

Then, on February 1, 2019, USAG commenced this Adversary Proceeding against its insurers in the Bankruptcy Court, seeking to litigate the same claims raised in USAG's initial complaint against its insurers, including the causes of action for declaratory relief and breach of contract. A true and correct copy of the Adversary Proceeding Complaint (the "***Adversary Complaint***") is attached hereto as **Exhibit "E".** On March 1, 2019, before responsive pleadings

were due, USAG filed a motion for partial summary judgment against LIU raising many of the same issues that were set forth in LIU's Motion. A true and correct copy of that motion is attached hereto as **Exhibit "F"**.

By way of its Adversary Complaint, USAG asks the Bankruptcy Court to make findings regarding the extent of USAG's coverage pursuant to numerous insurance policies issued by multiple insurance companies spanning over two decades as well as the Defendants' alleged pre-petition breaches of pre-petition insurance policies. These are classic non-core state law claims, which the Bankruptcy Court has neither the statutory nor the constitutional authority to finally adjudicate.

Therefore, the Defendants have filed their Motion to Withdraw Reference pursuant to 28 U.S.C. § 157(d) because: (1) This proceeding is not a "core" bankruptcy proceeding and the Bankruptcy Court therefore lacks constitutional authority to enter final judgment on USAG's claims; (2) The Defendants have a right to a jury trial on USAG's claims and will not consent to a jury trial in the Bankruptcy Court; (3) As the resolution of this Adversary Proceeding turns, not on application or interpretation of bankruptcy law, but rather on insurance coverage issues with which the Bankruptcy Court has no special experience or familiarity, the interest of judicial economy counsels litigating this action in the District Court; and (4) Allowing USAG, after the bankruptcy case was filed and a judge assigned, to inaccurately represent that the automatic stay applies to the prior pending District Court action in which a dispositive motion was pending would encourage forum shopping.

Courts in this Circuit consistently withdraw the reference in similar non-core, state law coverage disputes; the Defendants expect the District Court to follow suit here.

4

Therefore, the Defendants are now filing this Motion to seek a stay of the Adversary Proceeding pending resolution of the Motion to Withdraw Reference.

## **ARGUMENT**

The Defendants request that this Bankruptcy Court exercise its equitable powers to issue a stay, pursuant to Fed. R. Bankr. P. 5011(c) and 8007 and Local Bankruptcy Rule B-5011-1(c), of any and all matters in the Adversary Proceeding, including any scheduling conferences, pretrial obligations of the parties, discovery, other pretrial matters, and dispositive motions, including USAG's motion for partial summary judgment against LIU filed on March 1, 2019, pending the District Court's disposition of the Withdrawal Motion and ruling regarding in which forum USAG's coverage and breach of contract claims should proceed.  The Defendants do not seek a stay of their obligation to file a responsive motion or pleading to the Adversary Complaint, but they do request that the matter be stayed beyond such responsive motion or pleading and, if a defendant files a motion to dismiss USAG's claims, that the Bankruptcy Court refrain from hearing or determining any of the issues presented therein pending the outcome of the Motion to Withdraw Reference.

Pursuant to Fed. R. Bankr. P. 5011(c), the filing of the Motion to Withdraw Reference does not automatically stay the administration of the bankruptcy case or any proceedings in the Bankruptcy Court.  However, under Rule 5011(c), the Bankruptcy Court "may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion."   In the Southern District of Indiana, Local Bankruptcy Rule B-5011-1(c) provides that Fed. R. Bankr. P. 8007 governs requests for a stay pending decision on withdrawal of reference.[1]

---

[1] Local Bankruptcy Rule B-5011-1(c) actually provides that "Fed. R. Bankr. P. 8005 governs requests for a stay pending decision on withdrawal of reference."  The Local Bankruptcy Rules issued by the Bankruptcy Court for the Southern District of Indiana were made effective on June

Under Fed. R. Bankr. P. 8007, the motion for a stay of proceedings pending the District Court's resolution of the Motion to Withdraw Reference generally should be filed in the Bankruptcy Court.

Applying the requirements of Fed. R. Bankr. P. 8007, parties that have filed a motion to withdraw reference and wish for a stay of all bankruptcy proceedings pending resolution of that motion must move for a stay in the Bankruptcy Court. In determining whether a stay is proper pending the District Court's decision regarding the Motion to Withdraw Reference, the same standard is applied as is used for any motion for a stay. *See Miller v. Vigilant Ins. Co. (In re Eagle Enterprises)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001). The movant must demonstrate: (1) the likelihood of prevailing on the merits in the District Court; (2) that the movant will suffer irreparable harm if the stay is denied; (3) that the other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay. *See id.* at 86-87 (citing 5 Collier on Bankruptcy ¶ 5011.03[2][b], 5011-16,17 (Matthew Bender 15th Ed. Revised 2000)); *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986). In this case, each of the factors weighs decidedly in favor of granting the Defendants' Motion.

---

1, 2010, and have been amended through December 1, 2018. As a result of revisions to the Federal Rules of Bankruptcy Procedure made on April 25, 2014, and effective as of December 1, 2014, Fed. R. Bankr. P. 8005 became Rule 8007. Current Fed. R. Bankr. P. 8005 is titled "Election to Have an Appeal Heard by the District Court Instead of the BAP" and cannot logically relate to a motion for a stay pending resolution of a motion to withdraw reference. Rather, current Fed. R. Bankr. P. 8007 (what was initially Fed. R. Bankr. P. 8005), titled "Stay Pending Appeal; Bonds; Suspension of Proceedings", by its terms relates to motions for the suspension of proceedings in a case. For that reason, the Defendants will assume that Local Bankruptcy Rule B-5011-1 intends to refer to what used to be Fed. R. Bankr. P. 8005 and is now Fed. R. Bank. P. 8007 and the continued reference to Fed. R. Bankr. P. 8005 is an outdated reference.

I.        **Likelihood of Success on the Merits of the Motion to Withdraw Reference**

The Defendants are highly likely to prevail on the merits in regards to their

Motion to Withdraw Reference in the District Court because there are multiple strong bases

demonstrating cause to withdraw the reference pursuant to 28 U.S.C. § 157(d):

A.  **District Courts typically withdraw the reference with respect to non-core claims.**

The Adversary Proceeding involves exclusively non-core, state law claims. While

USAG alleges to the contrary in the Complaint, it had no basis for doing so.  USAG's claims are

neither specifically delineated as core proceedings in 28 U.S.C. § 157(b), nor do they invoke any

right under the Bankruptcy Code.  Under binding Seventh Circuit authority, an insurance

coverage action is ***not*** a core proceeding, regardless of the dollar figures involved, and

withdrawal of the reference is appropriate.  *See In re United States Brass Corp.*, 110 F.3d 1261,

1268 (7th Cir. 1997).  Therefore, the Bankruptcy Court lacks constitutional authority to enter a

final judgment on USAG's claims unless the parties consent to the Bankruptcy Court's

resolution of non-core proceedings, which the Defendants do not.[2]   For this reason alone, the

Defendants' motion to withdraw the reference will likely be granted.  *See Diocese of Duluth v.*

*Liberty Mutual Grp. (In re Diocese of Duluth)*, Civ. No. 17-549, 2017 WL 3037412 (D. Minn.

July 18, 2017) (concluding that efficiency would be promoted by the district court withdrawing

the reference to the bankruptcy court in the case of an insurance coverage dispute related to

---

[2] *See Stern v. Marshall*, 131 S. Ct. 2594, 2603-04 (2011); *Wellness Int'l Network, Ltd.* v. *Sharif*, 135 S. Ct. 1932, 1939-40 (2015); *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997) (citing 28 U.S.C. § 157(b)(2)); *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990); and *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1234-35 (3d Cir. 1994)); *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989) (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987)); *Kim Littlefield, DMD, P.C. v. Orthodontic Ctrs. of Ill., Inc.*, Civ. No. 06-606-GPM, 2007 WL 273766, at *3 (S.D. Ill. Jan. 26, 2007); *Beard* v. *Braunstein,* 914 F.2d 434, 445 (3d Cir. 1990); and *Matter of Delaware & Hudson Ry Co.,* 122 B.R. 887, 894 (D. Del. 1991).

7

Diocesan abuse); *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, 107 B.R. 34, 40 (D. Del. 1989) (concluding that permissive withdrawal was appropriate in light of considerations of judicial economy because the adversary proceeding was non-core and subject to *de novo* review); *Wellman Thermal Sys. Corp. v. Columbia Casualty Co*., No. 1:05-cv-1191, 2005 WL 4880619, at *3 (S.D. Ind. Oct. 5, 2005) ("The bankruptcy judge's proposed findings and conclusions in this noncore proceeding would be subject to de novo review by the district court, possibly resulting in inefficient duplication by the two courts.").

### B. The Defendants have a right to a jury trial, which can only be held in the District Court.

The Defendants are entitled to a jury trial on both of USAG's claims because they either allege breach of contract or require a determination of contractual rights to insurance coverage, and the Defendants do not expect to waive that right. The Bankruptcy Court, however, may not hold such a jury trial for two independent reasons. First, the Bankruptcy Court is not permitted to hold a jury trial on non-core claims. *See* 28 U.S.C. § 157(c); *Beard v. Braunstein,* 914 F.2d 434, 443 (3d Cir. 1990) (stating the Seventh Amendment ban on *de novo* review of any fact found by a jury is incompatible with 28 U.S.C. § 157(c)(1) and concluding that "a bankruptcy court cannot conduct a jury trial in a non-core proceeding"). Second, even if USAG's claims were core—which they are not—a jury trial would still not be possible absent express consent of all parties. *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."); *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.*), 203 B.R. 905, 908 (D. Del. 1996). Since the Defendants intend to exercise their right to a trial by jury, the District Court will likely withdraw the reference to the Bankruptcy

Court, where no jury trial could occur. *See Caruso v. Modany*, No. 1:18-cv-02182, 2019 WL 118520, at *1 (S.D. Ind. Jan. 7, 2019) (holding that unless all parties consent to a jury trial before the bankruptcy judge, cause exists to withdraw the reference).

### C.  Permissive withdrawal is appropriate in this case in the interests of judicial economy and efficiency.

The District Court is also highly likely to withdraw the reference because this Adversary Proceeding does not draw on the expertise or familiarity of the Bankruptcy Court. The Adversary Proceeding is newly-filed.  No answers or counter-claims have been filed.  No discovery has been taken, and there has been no substantive motion practice.[3]  Thus, withdrawal of the reference at this point in the proceedings would not result in any duplication of effort. Additionally, the Bankruptcy Court has not yet gained extensive factual knowledge associated with the Adversary Proceeding.  Nor will the Adversary Proceeding require any specialized bankruptcy knowledge to resolve. *See In re G-I Holdings, Inc.*, 295 B.R. 211, 217-18 (D.N.J. 2002) ("Because this proceeding entails exclusively state law claims against a non-debtor, it is in the Court's best interest to adjudicate the non-bankruptcy dispute once, while the Bankruptcy Court continues to administer the chapter 11 reorganization and conduct other common bankruptcy proceedings."); *see also Baxter v. Sherb & Co., LLP (In re Money Ctrs. of Am., Inc.)*, 579 B.R. 710, 715 (S.D.N.Y. 2016) ("[I]t is a waste of judicial resources for a court of specialized bankruptcy knowledge to administer a case that does not require application of that knowledge.").  Meanwhile, there already exists a District Court action against mostly the same defendants and regarding mostly the same issues, in which a case management plan has already

---

[3] As noted above, on March 1, 2019, before responsive pleadings were due, USAG filed a motion for partial summary judgment against one defendant, LIU, raising many of the same issues that were set forth in LIU's Motion.

LEGAL\40092375\7

been filed.  That action could be reactivated with ease, and the Defendants expect the District

Court to do so.

### D.  Permissive withdrawal is appropriate in this case in the interest of avoiding forum shopping.

Finally, the District Court is highly likely to withdraw the reference of the

Adversary Proceeding due to the risk of forum shopping.[4]  The same coverage issues were raised

in USAG's initial coverage action, brought initially in Indiana State Court and then timely

removed to the District Court.  USAG filed that coverage action against nearly all of the

defendants in the Adversary Proceeding.[5] No defendant in that action sought to recover money

from USAG or sought to take any action against USAG or property of the bankruptcy estate.  To

the contrary: the only claims asserted in that action sought to *increase* the property of the estate.

Therefore, the automatic stay did not apply, and the District Court need not have administratively

closed the initial action in response to USAG's Notice of Bankruptcy or ordered the pending LIU

Motion denied as moot.  The automatic stay only applies to suits *against the debtor* (with limited

exceptions of no relevance to this case), not to suits filed by the debtor against others, regardless

---

[4] *See Maxwell v. Kemp (In re Beale)*, 410 B.R. 613, 616 (N.D. Ill. 2009); *In re New Energy Corp.*, No. 12-33866, 2013 WL 1192774, at *6 (N.D. Ind. Mar. 14, 2013); *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990); *Holland Am. Ins. Co.* v. *Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); and *Lawrence Grp., Inc. v. Hartford Casualty Ins. Co. (In re Lawrence Group, Inc.)*, 285 B.R. 784, 789 n.6 (N.D.N.Y 2002).

[5] In the Adversary Proceeding, in addition to the general liability and directors & officers ("D&O") liability carriers named in the original District Court proceeding, USAG sued four additional entities: Western World Insurance Company ("Western World"), Endurance American Insurance Company ("Endurance"), American International Group, Inc. ("AIG"), and American Home Assurance Company ("American Home").  Western World and American Home are subsidiaries of AIG.  Western World and Endurance allegedly issued more recent D&O policies to USAG.  USAG alleges that AIG and/or American Home and/or one of AIG's other subsidiaries may have issued additional policies to USAG.  The Adversary Proceeding also adds some specificity to the coverage issues and underlying claims at issue.  However, the substantive issues addressed in the two complaints proceedings are essentially the same.

of whether opposition to the debtor's claims might prevent the debtor from augmenting its estate. *See In re Londrigan*, No. 14-70025, 2014 WL 4384368, at *5 n.1 (C.D. Ill. Sept. 3, 2014) ("The automatic stay does not bar continuation of actions commenced by a debtor pre-petition where the debtor is the original plaintiff or movant.") (citing *Martin-Trigona v. Champion Fed. Sav. and Loan Assoc.*, 892 F.2d 575, 577 (7th Cir. 1989)); *Bryner v. LeBaron (In re Bryner)*, 425 B.R. 601, 608 (10th Cir. B.A.P. 2010). As the Seventh Circuit has observed, "[t]he fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other . . . . There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights." *Martin-Trigona*, 892 F.2d at 577.

But irrespective of whether the administrative closing (without prejudice to re-open) was correct, there is no dispute that the case can be reopened. An administrative closing is not a dismissal and, indeed, the District Court's order expressly recognized that the case might need to be reopened. That is exactly what should, in essence, occur here. USAG's coverage claims are properly before the District Court and can be brought there, either through reopening the initial case or withdrawing the reference for the Adversary Proceeding.[6] Permitting a debtor effectively to transfer its own pre-petition action, already pending before an assigned judge in the District Court and subject to a dispositive motion, to the Bankruptcy Court through filing of an erroneous "Notice of Automatic Stay" would improperly reward forum shopping, particularly when the parties had no reason to believe, pre-petition, that they would litigate any related claims in Bankruptcy Court. *See Lawrence Grp., Inc. v. Hartford Casualty Ins. Co. (In re Lawrence Group, Inc.)*, 285 B.R. 784, 789 n.6 (N.D.N.Y 2002) (finding that forum shopping would be

---

[6] The Complaint filed in the Adversary Proceeding would then, effectively, be the amended complaint that USAG informed the parties that it planned to file in the District Court before that case was administratively closed.

prevented by withdrawal because the defendant insurer, at the time it issued the relevant policy, had no reason to believe that any disputes arising out of the policy would be litigated in a bankruptcy court and the defendant "should not be obligated to litigate in a forum that was not reasonably . . . foreseeable or expected at the time it issued the policies").  Failing to withdraw the reference would further USAG's improper attempt to avoid the appropriate forum for this dispute, namely the District Court.  Withdrawal of the reference is warranted where, as here, doing so will avoid improper forum shopping and ensure that the relevant dispute will be litigated in an appropriate forum. For these reasons, withdrawal is warranted in this case and will likely be granted by the District Court.

## II.    Irreparable Harm to the Defendants and No Harm to USAG

Staying the Adversary Proceeding pending the District Court's resolution of the Motion to Withdraw Reference will cause no harm to USAG and will prevent irreparable harm to the Defendants.  As explained briefly above and in greater detail in the Motion to Withdraw Reference, because the Adversary Proceeding relates to strictly non-core, state law claims, the Bankruptcy Court cannot issue a final judgment on either claim; any rulings of the Bankruptcy Court would have to be reviewed by the District Court *de novo*.  Therefore, if the adversary proceeding is not stayed while the District Court reviews the Motion to Withdraw Reference, the Defendants, as well as USAG, will suffer harm in the form of duplicative costs of litigating the insurance coverage and breach of contract dispute in both the Bankruptcy Court and the District Court.  *See Miller v. Vigilant Ins. Co. (In re Eagle Enterprises)*, 259 B.R. 83, 88 (Bankr. E.D. Pa. 2001).

The Adversary Proceeding has only just begun.  In such circumstances, where no discovery has taken place and no pretrial scheduling has occurred, there is no prejudice to the

12

plaintiff in staying the proceeding pending a decision regarding the proper forum for the dispute. *See id.* at 89. To the extent that USAG would be prejudiced at all by a stay of the Adversary Proceeding, "any such potential harm is seemingly greatly outweighed by the attendant benefits to the parties, as well as a consideration of the public interest, judicial economy and uniformity." *Id.* Moreover, the Defendants are only requesting a stay of the Adversary Proceeding—not the whole bankruptcy case; if the Adversary Proceeding is stayed while the District Court considers the Motion to Withdraw Reference, USAG will still be able to negotiate with its creditors and work towards a resolution of claims against it.

### III. The Public Interest Favors a Stay

The public interest weighs in favor of granting a stay of the Adversary Proceeding. Any proceedings that would take place in the Bankruptcy Court pending the District Court's ruling on the Motion to Withdraw Reference would have to be repeated in the District Court when the District Court withdraws the reference for cause pursuant to 28 U.S.C. § 157(d). Therefore, no time would be saved by having the Adversary Proceeding progress in the Bankruptcy Court.

The interest of conservation of judicial resources weighs in favor of staying the Adversary Proceeding. Because the Adversary Proceeding has only just recently been filed and there have been no substantive proceedings in connection with the Adversary Proceeding, the entirety of the Adversary Proceeding should be heard in the District Court. While some courts allow bankruptcy courts to retain jurisdiction over pretrial matters, including discovery and dispositive motions, citing the interest of conserving judicial resources, the interest of conserving judicial resources is best served by withdrawing the reference of the Adversary Proceeding in its entirety and having all proceedings take place in the District Court because no substantive

proceedings have taken place yet in the Bankruptcy Court and the District Court is better situated to handle the claims asserted in the Adversary Complaint.

Moreover, continuing the litigation of the Adversary Proceeding in the Bankruptcy Court now and then duplicating the work in the District Court after the reference is withdrawn would increase the costs of litigation for not only the Defendants but also for USAG. Any increase in USAG's litigation costs depletes the bankruptcy estate and leaves less money to be distributed to USAG's creditors, including the victims of Nassar's abuse who have filed hundreds of claims against USAG.

## **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that this Court stay all proceedings against the Defendants in this Adversary Proceeding, including any scheduling conferences, pretrial obligations of the parties, discovery, and any motions, pending the District Court's disposition of the Withdrawal Motion and ruling regarding in which forum USAG's coverage and breach of contract claims should properly proceed.

KROGER, GARDIS & REGAS, LLP

Dated:  March 5, 2019

By____/s/ Harley K. Means_____
    Stephen J. Peters, Attorney No. 6345-49
    Harley K. Means, Attorney No. 23068-32
    Counsel for Defendant, Defendant, ACE
    American Insurance Company f/k/a CIGNA
    Insurance Company
    Kroger, Gardis & Regas, LLP
    111 Monument Circle, Suite 900
    Indianapolis, IN 46204
    (317) 692-9000
    (317) 264-6832 (Fax)
    speters@kgrlaw.com
    hmeans@kgrlaw.com

Pursuant to the ECF Administrative Policies and Procedures Manual (Attorney) for the United States Bankruptcy Court for the Southern District of Indiana, undersigned counsel represent the other named Defendants in the Adversary Proceeding and are authorized to represent that each of their clients consents to the stay of this Adversary Proceeding pending the District Court's ruling on the Motion to Withdraw the Reference and that ACE American's counsel may electronically file their signatures.

/s/ Karen M. Dixon
Counsel for Great American Assurance Company, Consents to this Motion for Withdrawal of Reference
Karen M. Dixon, Attorney No. 6242799IL
SKARZYNSKI MARICK & BLACK LLP
205 North Michigan Avenue, Suite 2600
Chicago, IL 60601
(312) 946-4233
(312) 946-4272 (Fax)
kdixon@skarzynski.com
Michael M. Marick, Attorney No. 6183285IL
SKARZYNSKI MARICK & BLACK LLP
205 North Michigan Avenue, Suite 2600
Chicago, IL 60601
(312) 946-4235
(312) 946-4272 (Fax)
mmarick@skarzynski.com
James P. Ruggeri (admitted pro hac vice)
SHIPMAN & GOODWIN LLP
1875 K Street NW, Suite 600
Washington, DC 20006-1251
(202) 469-7752
(202) 469-7751 (Fax)
jruggeri@goodwin.com
Joshua D. Weinberg (admitted pro hac vice)
SHIPMAN & GOODWIN LLP
1875 K Street NW, Suite 600
Washington, DC 20006-1251
(202) 469-7755
(202) 469-7751 (Fax)
jweinberg@goodwin.com

/s/ Ginny L. Peterson
Counsel for Liberty Insurance Underwriters Inc., Consents to this Motion for Withdrawal of Reference
Ginny L. Peterson, Attorney No. 20305-41

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
(317) 636-5917 (Fax)
gpeterson@k-glaw.com

/s/ Anthony M. Zelli
Counsel for National Casualty Company,
Consents to this Motion for Withdrawal of
Reference
Anthony M. Zelli, Attorney No. 30470-10
DINSMORE & SHOHL, LLP
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
(502) 540-2300
(502) 585-2207 (Fax)
anthony.zelli@dinsmore.com
Hans H.J. Pijls, Attorney No. P37248 (MI)
DINSMORE & SHOHL, LLP
300 N. Fifth Avenue
Ann Arbor, MI 48104
(734) 773-4050
(734) 913-6007 (Fax)
hans.pijls@dinsmore.com

/s/ Jeffrey B. Fecht
Counsel for RSUI Indemnity Company,
Consents to this Motion for Withdrawal of
Reference
Jeffrey B. Fecht, Attorney No. 20875-29
RILEY BENNETT EGLOFF LLP
141 East Washington St.
Fourth Floor
Indianapolis, IN 46204
(317) 636-8000
(317) 636-8027 (Fax)
jfecht@rbelaw.com

/s/ Scott P. Fisher
Counsel for TIG Insurance Company,
Consents to this Motion for Withdrawal of
Reference
Scott P. Fisher, Attorney No. 26813-49
DREWRY SIMMONS VORNEHM, LLP
736 Hanover Place, Suite 200

16

Carmel, IN 46032
(317) 580-4848
(317) 580-4855 (Fax)
sfisher@dsvlaw.com
George R. Calhoun (admitted pro hac vice)
IFRAH LAW
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
(202) 524-4147
george@ifrahlaw.com

/s/ James P. Moloy
Counsel for Virginia Surety Company Inc.
Successor to Combined Specialty Insurance
Company, Consents to this Motion for
Withdrawal of Reference
James P. Moloy, Attorney No. 10301-49
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (Fax)
jmoloy@boselaw.com
Robert B. Millner (admitted pro hac vice)
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000
robert.millner@dentons.com
Kevin P. Kamraczewski (admitted pro hac vice)
LAW OFFICES OF KEVIN P.
KAMRACZEWSKI
332 South Michigan Avenue, Suite 1032 K363
Chicago, IL 60604-4434
(312) 697-9768
kevin@kevinklaw.com

/s/ Bruce Kamplain
Counsel for Western World Insurance
Company, Consents to this Motion for
Withdrawal of Reference
Bruce Kamplain, Attorney No. 5065-49
NORRIS CHOPLIN SCHROEDER LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204-4213

(317) 269-9330
(317) 269-9338 (Fax)
bkamplain@ncs-law.com

/s/ Wendy D. Brewer
Counsel for Endurance American Insurance
Company, Consents to this Motion for
Withdrawal of Reference
Wendy D. Brewer, Attorney No. 22669-49
FULTZ MADDOX DICKENS PLC
333 North Alabama Street, Suite 350
Indianapolis, IN 46204
(317) 567-9048
(317) 252-0275 (Fax)
wbrewer@fmdlegal.com

/s/ Susan N. K. Gummow
Counsel for American International Group, Inc.
and American Home Assurance Company,
Consents to this Motion for Withdrawal of
Reference
Susan N. K. Gummow (pro hac vice pending)
Igor Shleypak (pro hac vice pending)
FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
(312) 863-5000
(312) 863-5009 (Fax)
sgummow@fgppr.com
ishleypak@fgppr.com

18

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 5, 2019, of the foregoing Motion for Stay was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Steven Baldwin
Tonya J. Bond
Gregory M. Gotwald
Christopher Kozak
sbaldwin@psrb.com
tbond@psrb.com
ggotwald@psrb.com
ckozak@psrb.com

United States Trustee
ustpregion10.in.ecf@usdoj.gov

I further certify that on March 5, 2019, the foregoing Motion for Stay was mailed by the first-class U.S. Mail, postage prepaid, and properly addressed to the following:

By:  /s/ Harley K. Means_____
     Stephen J. Peters, #6345-49
     Attorneys for Defendant,
     ACE American Insurance Company f/k/a
     CIGNA Insurance Company
     KROGER, GARDIS & REGAS, LLP
     111 Monument Circle, Suite 900
     Indianapolis, IN   46204-5125
     (317) 692-9000
     (317) 264-6832 Fax
     speters@kgrlaw.com