**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11<br><br>Adv. Proc. No. 1:19-ap-50012 |
| USA GYMNASTICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ACE AMERICAN INSURANCE COMPANY f/k/a CIGNA INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, RSUI INDEMNITY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. f/k/a COMBINED SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP, INC., AMERICAN HOME ASSURANCE COMPANY, and DOE INSURERS,<br><br>Defendants. | **USAG'S SURREPLY IN SUPPORT OF SUMMARY JUDGMENT**<br><br>**Hon. Robyn L. Moberly**<br>**U.S. Bankruptcy Judge**<br><br>**ORAL ARGUMENT REQUESTED** |

**USA GYMNASTICS' SURREPLY IN SUPPORT OF SUMMARY JUDGMENT**

In its reply brief, LIU relies upon new evidence to support its argument that there is a $250,000 sublimit of liability for USAG's claims—and not, as the policy says, $5 million in limits. [Dkt. 163, at 20 (relying on Dkt. 164-4).] The cited evidence is irrelevant under Indiana law. FED. R. EVID. 401. USAG submits this short surreply under S.D. Ind. B-7056-1(d) to object to this line of argument.

## I. SURREPLY ARGUMENT

LIU asserts that its $250,000 sublimit endorsement applies to USAG's claims. It does so by referencing a "Third Party EPL" endorsement that does not attach to any coverage listed in the policy, let alone to the coverage triggered by USAG's claims. LIU attempts to get around this fatal error by complaining that "the policy that was in effect prior to the LIU Policy stated that the sublimit applied to Third Party Employment Practices Wrongful Acts." [Dkt. 163, at 20.]

This Court is interpreting this policy, not a prior policy. If the current policy is different than an older policy, then the current language controls. As USAG showed in its combined response brief, the endorsement is ambiguous in the context of USAG's claims. [Dkt. 146, at 41-43.] Indeed, it is ambiguous mainly because LIU told USAG that it deleted the older coverage to which the endorsement applied. [*Id.* at 42-43.]

But insurers may not use extrinsic evidence to "interpret" ambiguous policy provisions. This has been the law since at least 1985. *Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985). *Eli Lilly* involved a certified question from the D.C. Circuit that asked, directly, whether "extrinsic evidence proffered by the insurers be considered in the interpretation" of an insurance policy.[1] *Eli Lilly & Co. v. Home Ins. Co.*, 764 F.2d 876, 884 (D.C. Cir. 1985). The Indiana Supreme Court answered with an absolute "no":

> Ambiguous insurance policy language should be interpreted to further the policy's purpose of indemnity. The language should be strictly construed against the insurer. This objective of promoting coverage leads us to the conclusion that consideration of the extrinsic evidence is unnecessary to interpretation of the policies. We therefore hold that under Indiana insurance law the insurers' proffered evidence would not be considered.

[1] LIU makes the odd argument that cases interpreting CGL polices are "inapposite" to D&O policies and can be ignored. This is not true. To the extent that CGL cases establish general principles of Indiana insurance law, they are relevant to all insurance cases.

*Id.* If policy terms are clear, the Courts apply that plain language. If terms are ambiguous, they are construed against the insurer. *Id.* Neither of these steps allow the insurer to submit extrinsic evidence. *Id.*

The Court is bound by this crystal-clear statement of Indiana insurance law. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999). As a result, the Court should strike Dkt. 164-4 from the record and refuse to consider it. *Eli Lilly & Co.* 482 N.E.2d at 470. This also moots all of LIU's other arguments on this score: There is not, and cannot be, a "disputed issue of fact precluding summary judgment" on this issue. [Dkt. 163, at 20.] Either the language is ambiguous, or it is not. This is an issue of law for the Court, not an issue of fact for discovery. *Eli Lilly & Co.* 482 N.E.2d at 470.

Finally, LIU mistakenly claims that USAG is seeking indemnity with this argument. [Dkt. 163, at 20.] Not so. USAG is seeking a declaration about the scope of LIU's indemnity obligations, not a judgment requiring LIU to pay any indemnity. 22 U.S.C. § 2201(a). It has raised this issue so LIU cannot sit on its hands during the impending mediation and torpedo a global settlement by claiming its liability is capped at $250,000 rather than $5 million. It is not "premature" to answer this question. [Dkt. 163, at 20.] Quite the opposite: delay in resolving this issue could prove disastrous for USAG's chances at settlement and reorganization.

Docket No. 164-4 is irrelevant and should be stricken. The Court should deny LIU's motion, and it should grant USAG's motion.

                                            Respectfully Submitted,

                                            /s/ *Christopher E. Kozak*
                                            George M. Plews (#6274-49)
                                            Gregory M. Gotwald (#24911-49)
                                            Tonya J. Bond (#24802-49)
                                            Steven A. Baldwin (#34498-49)

Christopher E. Kozak (#35554-49)
PLEWS SHADLEY RACHER & BRAUN LLP
1346 N. Delaware St.
Indianapolis, IN 46202-2415
(317) 637-0700
*Attorneys for USA Gymnastics*
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
sbaldwin@psrb.com
ckozak@psrb.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| Scott P. Fisher<br>Drewry Simmons Vornehm, LLP<br>sfisher@DSVlaw.com<br><br>George R. Calhoun V<br>Ifrah PLLC<br>george@ifrahlaw.com<br>*Counsel for TIG Insurance Company* | James P. Moloy<br>Bose McKinney & Evans LLP<br>jmoloy@boselaw.com<br><br>Kevin P. Kamraczewski<br>Law Offices of Kevin P. Kamraczewski<br>kevin@kevinklaw.com<br><br>Robert B. Millner<br>Ronald D. Kent<br>Susan M. Walker<br>Dentons US LLP<br>robert.millner@dentons.com<br>ronald.kent@dentons.com<br>susan.walker@dentons.com<br>*Counsel for Virginia Surety Company Inc., f/k/a Combined Specialty Insurance Company* |
| Jeffrey B. Fecht<br>Riley Bennett Egloff LLP<br>jfecht@rbelaw.com<br><br>Cassandra L. Jones<br>Walker Wilcox Matousek LLP<br>cjones@wwmlawyers.com<br>*Counsel for RSUI Indemnity Company* | Wendy D. Brewer<br>Phillip A. Martin<br>Fultz Maddox Dickens PLC<br>wbrewer@fmdlegal.com<br>pmartin@fmdlegal.com<br><br>Abigail E. Rocap<br>Bates Carey LLP<br>arocap@batescarey.com<br>*Counsel for Endurance American Insurance Company* |
| Harley K. Means<br>Stephen J. Peters<br>Kroger Gardis & Regas, LLP<br>hmeans@kgrlaw.com<br>speters@kgrlaw.com<br><br>Eric D. Freed<br>Cozen & O'Connor<br>efreed@cozen.com<br>*Counsel for ACE American Insurance Company f/k/a CIGNA Insurance Company* | Bruce L. Kamplain<br>Cynthia E. Lasher<br>Norris Choplin Schroeder LLP<br>bkamplain@ncs-law.com<br>clasher@ncs-law.com<br>*Counsel for Western World Insurance Company* |

| | |
|---|---|
| Ginny L. Peterson<br>Casey R. Stafford<br>Kightlinger & Gray, LLP<br>gpeterson@k-glaw.com<br>cstafford@k-glaw.com<br><br>Nancy D. Adams<br>Mathilda S. McGee-Tubb<br>Laura Bange Stephens<br>Mintz Levin Cohn Ferris Glovsky & Popeo, PC<br>nadams@mintz.com<br>msmcgee-tubb@mintz.com<br>lbstephens@mintz.com<br>*Counsel for Liberty Insurance Underwriters, Inc.* | Hans H. J. Pijls<br>Dinsmore & Shohl LLP<br>Hans.pijls@dinsmore.com<br>*Counsel for National Casualty Company* |
| Susan N.K. Gummow<br>Igor Shleypak<br>Foran Glennon Palandech Ponzi & Rudloff PC<br>sgummow@fgppr.com<br>ishleypak@fgppr.com<br>*Counsel for American International Group, Inc. & American Home Assurance Company* | Karen M. Dixon<br>Michael M. Marick<br>Skarzynski Marick & Black LLP<br>kdixon@skarzynski.com<br>mmarick@skarzynski.com<br><br>Joshua D. Weinberg<br>Katherine M. Hance<br>Shipman & Goodwin LLP<br>jweinberg@goodwin.com<br>khance@goodwin.com<br>*Counsel for Great American Assurance Company* |
| U.S. Trustee<br>Office of U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov | Catherine L. Steege<br>Melissa M. Root<br>Jenner & Block LLP<br>csteege@jenner.com<br>mroot@jenner.com<br>*Counsel for Debtor USA Gymnastics* |

/s/ *Christopher E. Kozak*
Christopher E. Kozak