# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS, INC., | Case No. 18-09108-RLM-11 |
| Debtor. | Adv. Proc. No. 1:19-ap-50012 |

USA GYMNASTICS, INC., )
)
Plaintiff, )
)
vs. )
)
ACE AMERICAN INSURANCE COMPANY f/k/a )
CIGNA INSURANCE COMPANY, GREAT )
AMERICAN ASSURANCE COMPANY, LIBERTY )
INSURANCE UNDERWRITERS INC., NATIONAL )
CASUALTY COMPANY, RSUI INDEMNITY )
COMPANY, TIG INSURANCE COMPANY, )
VIRGINIA SURETY COMPANY, INC. f/k/a )
COMBINED SPECIALTY INSURANCE )
COMPANY, WESTERN WORLD INSURANCE )
COMPANY, ENDURANCE AMERICAN )
INSURANCE COMPANY, AMERICAN )
INTERNATIONAL GROUP, INC., AMERICAN )
HOME ASSURANCE COMPANY, and DOE )
INSURERS, )
)
Defendants. )

## USA GYMNASTICS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST TIG INSURANCE COMPANY

Under Fed. R. Civ. P. 56(a), Fed. R. Bankr. P. 7056, and S.D. Ind. B-7056-1(a), Debtor and adversary plaintiff USA Gymnastics ("USAG") respectfully moves for partial summary judgment against defendant TIG Insurance Company ("TIG").[1] In support of its motion, USAG

---

[1] This is the first of two motions USAG will bring as to TIG. TIG also claims certain USAG policies are "lost," but the evidence actually supports the existence of these policies. This "lost policy" motion will be brought soon.

1

states the following:

1. TIG sold multiple policies of liability insurance to USAG between 1986 and 2001. The policies, and the proceeds thereof, are critical to USAG's ability to resolve claims asserted by individuals who allege that USAG is legally responsible for sexual abuse committed by Larry Nassar ("Nassar") or by other persons (collectively, the "Sexual Abuse Claims").

2. TIG's position is that limited abuse or molestation exclusions ("AMEs") in certain of the TIG policies gives TIG a basis to deny coverage of many of the Sexual Abuse Claims. TIG is wrong. As further explained in the attached memorandum, the AMEs in TIG's policies are either inapplicable to the coverage sought by USAG, or are limited to a small subset of claimants who allege abuse occurred while those claimants were in the care, custody or control of USAG.

3. Specifically, the AME in the August 1, 2001 – August 1, 2002 primary Commercial General Liability ("CGL") policy (the "2001 Policy") is limited to Coverages A and B. It does not apply to or limit any other coverage under the 2001 Policy, most particularly Coverage D, Legal Liability to Participants. [Dkt. 2-5; Tab 15 at 549.] Because the 2001 AME is not listed in Coverage D or any coverage other than A and B, it does not apply to those other coverages. TIG cannot circumvent the "plain language" of the AME by extending the exclusion to coverages to which, by its own terms, it does not apply.

4. The AME in the September 9, 1996 to August 1, 1997 excess policy (the "1996 Excess Policy") likewise does not exclude coverage for Sexual Abuse Claims. The 1996 Excess Policy AME is limited to "**Personal Injury** arising out of or contributed to by the molestation of anyone." (emphasis in the original). [Dkt. 2-5; Tab 12, at 456.] Because "Personal Injury," as used in the 1996 AME, does not include "bodily injury," and because the Sexual Abuse Claims

2

are claims for bodily injury, the 1996 AME does not block coverage for the Sexual Abuse Claims.

5.  The August 1, 1991 – August 1, 1992 and August 1, 1992 – August 1, 1993 TIG Policies (the "1991 Policy" and "1992 Policy" respectively) contain identical "care, custody or control" AMEs that limit their effect to claims made by individuals who assert that sexual abuse occurred while they were in the "care, custody or control" of an "insured." [Ex. 7, TIG Policy No. SSP-02719412, at 27; Dkt. 2-5, Tab 2, at 62.] Nassar, a volunteer acting outside the scope of his "employment," is not an "insured." This AME does not bar coverage for Sexual Abuse Claims that allege abuse when the claimant was not within USAG's "care, custody or control," such as at Nassar's home or Michigan State University.

**THEREFORE**, USAG respectfully requests entry of a partial summary judgment order declaring that: (1) the AME in the 2001 TIG policy applies only to Coverage A and B and does not limit other coverages applicable to the Sexual Abuse Claims; (2) the AME in the 1996 TIG excess policy does not apply to "bodily injury" claims such as the Sexual Abuse Claims; and (3) the AME in the 1991 and 1992 TIG policies does not apply unless the claimant was in the "care, custody or control" of USAG or another insured at the time of abuse.

Dated: August 7, 2019                        Respectfully Submitted,

> /s/ *Gregory M. Gotwald*
> George M. Plews (#6274-49)
> Gregory M. Gotwald (#24911-49)
> Tonya J. Bond (#24802-49)
> Steven A. Baldwin (#34498-49)
> Christopher E. Kozak (#35554-49)
> PLEWS SHADLEY RACHER & BRAUN LLP
> 1346 N. Delaware St.
> Indianapolis, IN 46202-2415
> (317) 637-0700

*Attorneys for USA Gymnastics*
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
sbaldwin@psrb.com
ckozak@psrb.com

-and-

JENNER & BLOCK LLP
Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 923-2952
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 7, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| Scott P. Fisher<br>Drewry Simmons Vornehm, LLP<br>sfisher@DSVlaw.com<br><br>George R. Calhoun V<br>Ifrah PLLC<br>george@ifrahlaw.com<br><br>Heather E. Simpson<br>Kennedys CMK LLP<br>heather.simpson@kennedyslaw.com<br>*Counsel for TIG Insurance Company* | James P. Moloy<br>Bose McKinney & Evans LLP<br>jmoloy@boselaw.com<br><br>Kevin P. Kamraczewski<br>Law Offices of Kevin P. Kamraczewski<br>kevin@kevinklaw.com<br><br>Robert B. Millner<br>Ronald D. Kent<br>Susan M. Walker<br>Dentons US LLP<br>robert.millner@dentons.com<br>ronald.kent@dentons.com<br>susan.walker@dentons.com<br>*Counsel for Virginia Surety Company Inc., f/k/a Combined Specialty Insurance Company* |
| Jeffrey B. Fecht<br>Riley Bennett Egloff LLP<br>jfecht@rbelaw.com<br><br>Cassandra L. Jones<br>Walker Wilcox Matousek LLP<br>cjones@wwmlawyers.com<br>*Counsel for RSUI Indemnity Company* | Wendy D. Brewer<br>Phillip A. Martin<br>Fultz Maddox Dickens PLC<br>wbrewer@fmdlegal.com<br>pmartin@fmdlegal.com<br><br>Abigail E. Rocap<br>Bates Carey LLP<br>arocap@batescarey.com<br>*Counsel for Endurance American Insurance Company* |
| Harley K. Means<br>Stephen J. Peters<br>Kroger Gardis & Regas, LLP<br>hmeans@kgrlaw.com<br>speters@kgrlaw.com<br><br>Eric D. Freed<br>Cozen & O'Connor<br>efreed@cozen.com<br>*Counsel for ACE American Insurance Company f/k/a CIGNA Insurance Company* | Bruce L. Kamplain<br>Cynthia E. Lasher<br>Norris Choplin Schroeder LLP<br>bkamplain@ncs-law.com<br>clasher@ncs-law.com<br>*Counsel for Western World Insurance Company* |
| Ginny L. Peterson | Hans H. J. Pijls |

| | |
|---|---|
| Casey R. Stafford<br>Kightlinger & Gray, LLP<br>gpeterson@k-glaw.com<br>cstafford@k-glaw.com<br><br>Nancy D. Adams<br>Mathilda S. McGee-Tubb<br>Laura Bange Stephens<br>Mintz Levin Cohn Ferris Glovsky & Popeo, PC<br>nadams@mintz.com<br>msmcgee-tubb@mintz.com<br>lbstephens@mintz.com<br>*Counsel for Liberty Insurance Underwriters, Inc.* | Dinsmore & Shohl LLP<br>Hans.pijls@dinsmore.com<br>*Counsel for National Casualty Company* |
| Susan N.K. Gummow<br>Igor Shleypak<br>Foran Glennon Palandech Ponzi & Rudloff PC<br>sgummow@fgppr.com<br>ishleypak@fgppr.com<br>*Counsel for American International Group, Inc. & American Home Assurance Company* | Karen M. Dixon<br>Michael M. Marick<br>Skarzynski Marick & Black LLP<br>kdixon@skarzynski.com<br>mmarick@skarzynski.com<br><br>Joshua D. Weinberg<br>Katherine M. Hance<br>Shipman & Goodwin LLP<br>jweinberg@goodwin.com<br>khance@goodwin.com<br>*Counsel for Great American Assurance Company* |
| U.S. Trustee<br>Office of U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov | Catherine L. Steege<br>Melissa M. Root<br>Jenner & Block LLP<br>csteege@jenner.com<br>mroot@jenner.com<br>*Counsel for Debtor USA Gymnastics* |

             */s/ Gregory M. Gotwald*
             Gregory M. Gotwald