**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS, INC., | Case No. 18-09108-RLM-11 |
| Debtor. | Adv. Proc. No. 1:19-ap-50012 |

| | |
|---|---|
| USA GYMNASTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ACE AMERICAN INSURANCE COMPANY f/k/a | ) |
| CIGNA INSURANCE COMPANY, GREAT | ) |
| AMERICAN ASSURANCE COMPANY, LIBERTY | ) |
| INSURANCE UNDERWRITERS INC., NATIONAL | ) |
| CASUALTY COMPANY, RSUI INDEMNITY | ) |
| COMPANY, TIG INSURANCE COMPANY, | ) |
| VIRGINIA SURETY COMPANY, INC. f/k/a | ) |
| COMBINED SPECIALTY INSURANCE | ) |
| COMPANY, WESTERN WORLD INSURANCE | ) |
| COMPANY, ENDURANCE AMERICAN | ) |
| INSURANCE COMPANY, AMERICAN | ) |
| INTERNATIONAL GROUP, INC., AMERICAN | ) |
| HOME ASSURANCE COMPANY, and DOE | ) |
| INSURERS, | ) |
| | ) |
| Defendants. | ) |

## USA GYMNASTICS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CHUBB

Under Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056; and S.D. Ind. B-7056-1(a), Debtor and adversary plaintiff USA Gymnastics ("USAG") respectfully moves for partial summary judgment against defendant Ace American Insurance Company, f/k/a CIGNA Insurance Company (collectively, "Chubb"). In support of its motion, USAG states the following:

1.      Chubb sold three primary and three excess insurance policies to USAG between

- 1 -

1998 and 2001. [Dkt. 2-6; Dkt. 2-7; and Dkt. 2-8, at 1–284; MP_000595–1321; Compl. Ex. 4, Tabs 17–22.] The policies, and the proceeds thereof, are critical to USAG's ability to resolve claims asserted by individuals who allege that USAG is legally responsible for sexual abuse committed by former USAG volunteer Larry Nassar or by other persons (collectively, the "Sexual Abuse Claims").

2.      Each excess policy provides a $10 million aggregate limit. The applicable coverage of each primary policy annually provides $1 million in limits per perpetrator for "Each Act" of sexual abuse, up to $5 million in the aggregate. Collectively, the policies provide $45 million in aggregate limits ($30 million total for the three $10 million excess policies, and $15 million total for the $5 million aggregate primary policies).

3.      Chubb contends that it only has $11 million in total limits for the Nassar-related claims. It contends that the Limits of Insurance term in the three primary policies "channel" all claims involving a single perpetrator under one policy's "Each Act" limit. Thus, Chubb argues that its maximum exposure is one primary limit and one excess limit, for a total of $11 million.

4.      As further explained in the attached brief, these coverage denials are wrongful. Chubb's policies should provide up to $33 million for the Nassar-related claims, and $45 million in aggregate limits for all sexual-abuse claims.

5.      Chubb's coverage position on the excess policies borders on the frivolous. The language that forms the basis for Chubb's "channeling" argument is part of the primary policies' "Limits of Insurance" section. The excess policies, however, state that they disregard anything "related to" the limits provisions of the primary policies and anything "inconsistent with" the excess policies' terms. Thus, the primary policies' channeling language does not govern the excess policies. Chubb's attempt to impose these limits terms onto the excess policies is also

inconsistent with other terms in the excess policies, which measure coverage on a "per occurrence" basis and confer a new $10 million limit for each annual policy period.

6.      Chubb's position on the primary policies is also wrong. The "Physical Abuse or Sexual Misconduct Liability Coverage" at issue in these policies restrict Chubb's liability for multiple acts of abuse to one "Each Act" limit per perpetrator, regardless of the number of survivors, occurrences, or locations involved. But the policy does not contain any language "channeling" claims from multiple policy periods into a single policy's limit. Other insurers have included such terms in their policies. Chubb did not. To the contrary, the language Chubb used actually supports the notion that only claims within the same policy period are aggregated. At the very least, Chubb's primary policy language is ambiguous, and so must be construed in favor of coverage.

**THEREFORE,** USAG respectfully requests that the Court **GRANT** this motion and award the following relief:

A.      Declare that the three Chubb excess policies each provide $10 million in aggregate limits, totaling $30 million in limits across all policy periods;

B.      Declare that each of the three Chubb primary policies provide $1 million per perpetrator in limits up to $5 million in the aggregate annually (meaning there is $3 million in limits for Nassar-related claims across all primary policy periods); and

C.      Award any other just or appropriate relief.

August 7, 2019                              Respectfully Submitted,

                                        /s/ *Christopher E. Kozak*
                                        George M. Plews (#6274-49)
                                        Gregory M. Gotwald (#24911-49)
                                        Tonya J. Bond (#24802-49)
                                        Steven A. Baldwin (#34498-49)
                                        Christopher E. Kozak (#35554-49)

PLEWS SHADLEY RACHER & BRAUN LLP
1346 N. Delaware St.
Indianapolis, IN 46202-2415
(317) 637-0700
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
sbaldwin@psrb.com
ckozak@psrb.com

-and-

JENNER & BLOCK LLP
Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 923-2952
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Scott P. Fisher<br>Drewry Simmons Vornehm, LLP<br>sfisher@DSVlaw.com<br><br>George R. Calhoun V<br>Ifrah PLLC<br>george@ifrahlaw.com<br>*Counsel for TIG Insurance Company* | James P. Moloy<br>Bose McKinney & Evans LLP<br>jmoloy@boselaw.com<br><br>Kevin P. Kamraczewski<br>Law Offices of Kevin P. Kamraczewski<br>kevin@kevinklaw.com<br><br>Robert B. Millner<br>Ronald D. Kent<br>Susan M. Walker<br>Dentons US LLP<br>robert.millner@dentons.com<br>ronald.kent@dentons.com<br>susan.walker@dentons.com<br>*Counsel for Virginia Surety Company Inc.,*<br>*f/k/a Combined Specialty Insurance Company* |
| Jeffrey B. Fecht<br>Riley Bennett Egloff LLP<br>jfecht@rbelaw.com<br><br>Cassandra L. Jones<br>Walker Wilcox Matousek LLP<br>cjones@wwmlawyers.com<br>*Counsel for RSUI Indemnity Company* | Wendy D. Brewer<br>Phillip A. Martin<br>Fultz Maddox Dickens PLC<br>wbrewer@fmdlegal.com<br>pmartin@fmdlegal.com<br><br>Abigail E. Rocap<br>Bates Carey LLP<br>arocap@batescarey.com<br>*Counsel for Endurance American Insurance*<br>*Company* |
| Harley K. Means<br>Stephen J. Peters<br>Kroger Gardis & Regas, LLP<br>hmeans@kgrlaw.com<br>speters@kgrlaw.com<br><br>Eric D. Freed<br>Cozen & O'Connor<br>efreed@cozen.com<br>*Counsel for ACE American Insurance*<br>*Company f/k/a CIGNA Insurance Company* | Bruce L. Kamplain<br>Cynthia E. Lasher<br>Norris Choplin Schroeder LLP<br>bkamplain@ncs-law.com<br>clasher@ncs-law.com<br>*Counsel for Western World Insurance*<br>*Company* |

| | |
|---|---|
| Ginny L. Peterson<br>Casey R. Stafford<br>Kightlinger & Gray, LLP<br>gpeterson@k-glaw.com<br>cstafford@k-glaw.com<br><br>Nancy D. Adams<br>Mathilda S. McGee-Tubb<br>Laura Bange Stephens<br>Mintz Levin Cohn Ferris Glovsky & Popeo, PC<br>nadams@mintz.com<br>msmcgee-tubb@mintz.com<br>lbstephens@mintz.com<br>*Counsel for Liberty Insurance Underwriters, Inc.* | Hans H. J. Pijls<br>Dinsmore & Shohl LLP<br>Hans.pijls@dinsmore.com<br>*Counsel for National Casualty Company* |
| Susan N.K. Gummow<br>Igor Shleypak<br>Foran Glennon Palandech Ponzi & Rudloff PC<br>sgummow@fgppr.com<br>ishleypak@fgppr.com<br>*Counsel for American International Group, Inc. & American Home Assurance Company* | Karen M. Dixon<br>Michael M. Marick<br>Skarzynski Marick & Black LLP<br>kdixon@skarzynski.com<br>mmarick@skarzynski.com<br><br>Joshua D. Weinberg<br>Katherine M. Hance<br>Shipman & Goodwin LLP<br>jweinberg@goodwin.com<br>khance@goodwin.com<br>*Counsel for Great American Assurance Company* |
| U.S. Trustee<br>Office of U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov | |

/s/ *Christopher E. Kozak*
Christopher E. Kozak