**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| USA GYMNASTICS, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| USA GYMNASTICS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ACE AMERICAN INSURANCE | ) |
| COMPANY f/k/a CIGNA INSURANCE | ) |
| COMPANY, GREAT AMERICAN | ) |
| ASSURANCE COMPANY, LIBERTY | ) |
| INSURANCE UNDERWRITERS INC., | ) |
| NATIONAL CASUALTY COMPANY, | ) |
| RSUI INDEMNITY COMPANY, TIG | ) |
| INSURANCE COMPANY, VIRGINIA | ) |
| SURETY COMPANY, INC. f/k/a | ) |
| COMBINED SPECIALTY INSURANCE | ) |
| COMPANY, WESTERN WORLD | ) |
| INSURANCE COMPANY, ENDURANCE | ) |
| AMERICAN INSURANCE COMPANY, | ) |
| AMERICAN INTERNATIONAL GROUP, | ) |
| INC., AMERICAN HOME ASSURANCE | ) |
| COMPANY, AND DOE INSURERS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Chapter 11

Case No.  18-09108-RLM-11

Adv. Case No. 19-50012

**RELIEF IS SOUGHT FROM A
UNITED STATES DISTRICT JUDGE**

**RENEWED MOTION TO WITHDRAW THE REFERENCE
OF THE ADVERSARY PROCEEDING**

Ace American Insurance Company, f/k/a  Cigna Insurance Company (hereinafter

"***AAIC***") and TIG Insurance Company ("***TIG***"), defendants in the above-captioned adversary

proceeding (the "***Adversary Proceeding***"), through undersigned counsel, file this renewed

motion (the "***Renewed Motion***") pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule B-5011-1 requesting that the United States District Court for the Southern District of Indiana (the "***District Court***") withdraw the reference of this Adversary Proceeding to the United States Bankruptcy Court for the Southern District of Indiana (the "***Bankruptcy Court***").

The plaintiff in this Adversary Proceeding, USA Gymnastics ("***USAG***"), and the defendants agreed to a court-ordered stay of the Adversary Proceeding in order for the parties to pursue resolution through mediation rather than litigation.  Based on USAG's representations of its commitment to resolve the insurance coverage disputes through mediation, the defendants agreed to a denial without prejudice of their prior Motion to Withdraw the Reference.  Although mediation is still ongoing in accordance with the agreement of the parties and the approval of the Bankruptcy Court, USAG, in violation of the stay entered by the Bankruptcy Court, filed motions for partial summary judgment against AAIC and TIG, seeking expedited rulings on entirely non-core state law claims which the Bankruptcy Court has neither the statutory nor the constitutional authority to finally adjudicate.  While the non-core nature of the claims in this Adversary Proceeding alone weighs strongly in favor of withdrawal of the reference, the District Court should also grant this Renewed Motion in the interests of judicial economy and particularly in light of USAG's gamesmanship and forum shopping.

## PRELIMINARY STATEMENT

The above-captioned Adversary Proceeding is an insurance coverage dispute between USAG and certain of its insurers in which USAG asserts exclusively state law claims for: (1) declaratory judgment regarding the scope of USAG's rights under various insurance policies each of the defendants sold to USAG with respect to claims that USAG alleges are

2

"nearly all tied" to abuse carried out by Lawrence "Larry" Gerard Nassar ("***Nassar***"), and (2) judgment against all defendants for damages arising from alleged breaches of their respective insurance policies.

On April 6, 2018—pre-petition—USAG filed a coverage action substantially similar to this Adversary Proceeding in the Superior Court of Indiana, raising the same substantive issues against its insurers. The defendants removed the case to the District Court and, on July 9, 2018, the District Court stayed that action while USAG sought to resolve the claims of Nassar's victims through mediation. On November 5, 2018, after USAG achieved no success in mediation, the District Court lifted the stay. By the end of the month, the parties had submitted a proposed case management plan with deadlines through trial. However, one month later, USAG filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. After it filed its bankruptcy petition, USAG erroneously filed a "Notice of Stay Due to Bankruptcy" in the Federal District Court where the coverage action was pending and secured administrative closure of that case. Then, on February 1, 2019, USAG commenced this Adversary Proceeding against its insurers in the Bankruptcy Court, seeking to litigate the same claims raised in USAG's prior coverage action.

On March 5, 2019, the above-captioned defendants filed a Joint Motion to Withdraw the Reference of the Adversary Proceeding (Dkt. No. 37) ("***Motion to Withdraw the Reference***") and a Motion for Stay of the Adversary Proceeding (Dkt. No. 38) ("***Motion for Stay Pending Withdrawal***") pending the District Court's ruling on the Motion to Withdraw the Reference. On June 3, 2019, USAG and all but one of the defendants submitted a Notice of Submission of Agreed Order Granting Motion for Stay on an Interim Basis with Respect to Non-LIU Defendants (Dkt. No. 150), based on representations by USAG that it sought to resolve the

disputes with its insurers by way of mediation.  The Bankruptcy Court approved that order on June 7, 2019, ordering a stay of the Adversary Proceeding on an interim basis for purposes of mediation (the "***Mediation Stay***") and setting an omnibus "final hearing" on the motion for September 18, 2019.  *See* Agreed Order Granting Motion for Stay on an Interim Basis with Respect to Non-LIU Defendants, Dkt. No. 155, a true and correct copy of which is attached hereto as **Exhibit "A"**.  In turn, in light of the mediation contemplated by the parties, as demonstrated by the court-ordered Mediation Stay, the District Court denied the Motion to Withdraw the Reference without prejudice to renewal if the case failed to settle.

Now, in contravention of its earlier representations, in the midst of the ongoing mediation, and in complete disregard of the Mediation Stay agreed to by the parties and approved by the Bankruptcy Court, USAG has filed dispositive motions against AAIC and TIG in the Bankruptcy Court, seeking resolution of certain claims against each, purportedly to further its negotiations with sexual assault survivors holding claims against the Plaintiff.  In short, USAG secured a denial of the Motion to Withdraw the Reference by representing an intention to mediate the claims only to reverse course and seek summary judgment on an expedited basis against select defendants who are participating in the mediation in a good faith effort to resolve this dispute, in reliance upon the court-ordered Mediation Stay.  Moreover, USAG's motions to shorten the notice period for and expedite hearings on such summary judgment motions sought to unreasonably limit the time for both defendants to brief complex issues.  By engaging in these litigation tactics, USAG simultaneously seeks to sidestep the constitutional requirement that the District Court enter a final judgment on USAG's non-core claims against AAIC and TIG and attempts to deprive both of due process and an adequate opportunity to present a defense.

Cause exists for withdrawing the reference from the Bankruptcy Court for USAG's claims against AAIC in this Adversary Proceeding, pursuant to 28 U.S.C. § 157(d), because: (1) USAG's claims against the defendants are non-core and the Bankruptcy Court therefore lacks statutory or constitutional authority to enter final judgment on USAG's claims; (2) the defendants have a right to a jury trial on USAG's claims and have not consented to a jury trial in the Bankruptcy Court; (3) withdrawing the reference now would promote judicial efficiency and conserve the debtor's estate; and (4) allowing USAG to litigate its claims against AAIC and TIG – and then against each of the other defendants in turn – in the Bankruptcy Court would not only ignore but actually would promote USAG's forum shopping and prejudicial litigation tactics.

## BACKGROUND

The following represents a brief review of the entire history of this litigation that places USAG's dispositive motions against AAIC and TIG in the context of USAG's broader history of procedural gamesmanship.

### I.    USAG Files its First Insurance-Related Complaint

On April 6, 2018, USAG, facing hundreds of lawsuits from Nassar's victims, filed a coverage action in Indiana state court against its insurers, including most of the defendants named again in this Adversary Proceeding.  The defendants timely removed that action to the District Court and, on July 9, 2018, the District Court stayed the coverage action while USAG sought to resolve the claims of Nassar's victims through mediation.  On November 5, 2018, the District Court lifted the stay of the coverage action after the attempts at settlement were unsuccessful.  On November 30, 2018, the parties submitted a proposed case management plan with deadlines through trial.  However, on December 4, 2018, Liberty Insurance Underwriters, Inc. ("*LIU*") filed

a motion to dismiss USAG's complaint in the coverage action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (the "**_LIU Motion_**"). USAG filed its bankruptcy petition the following day.

## II.    USAG Improperly Obtains Administrative Closure of the District Court Action Related to its Initial Complaint

On December 5, 2018, USAG filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) in the Bankruptcy Court. On December 14, 2018, USAG filed a "Notice of Stay Due to Bankruptcy" in the District Court proceeding, asserting (incorrectly) that the District Court action was automatically stayed.[1] *See* Notice of Stay Due to Bankruptcy, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 70. On January 25, 2019, citing USAG's bankruptcy filing and the operation of the automatic stay under 11 U.S.C. § 362, the District Court administratively closed USAG's original coverage action against its insurers without prejudice to the rights of the parties to move to reopen the case within 60 days after the conclusion of USAG's bankruptcy proceedings. *See* Order Administratively Closing Case, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 72**.** In the Order, the District Court ordered that all pending deadlines and motions, which would include the LIU Motion, were denied as moot. *Id.*

## III.    USAG Initiates this Adversary Proceeding

On February 1, 2019, USAG commenced this Adversary Proceeding against its insurers in the Bankruptcy Court, seeking to litigate the same claims raised in USAG's initial complaint against its insurers, including the causes of action for declaratory relief and breach of

---

[1]  The automatic stay of 11 U.S.C. § 362(a)(1) did not apply to stay the District Court action; As USAG was the plaintiff in the action and had no risk of monetary liability to the defendants, continued litigation of the District Court action did not constitute the continuation of an "[a]ction or proceeding *against* the debtor," which is barred by the automatic stay. 11 U.S.C. § 362(a)(1) (emphasis added). *See* discussion *infra* pp. 17-18.

6

contract.  The claims in the Adversary Proceeding Complaint (the "***Adversary Complaint***") are classic non-core state law claims, which the Bankruptcy Court has neither the statutory nor the constitutional authority to finally adjudicate.  On March 1, 2019, before responsive pleadings were due, USAG filed a motion for partial summary judgment against LIU (Dkt. Nos. 26 & 27), raising many of the same issues that were set forth in the original LIU Motion.  LIU filed its own motion for summary judgment as well.  *See* Dkt. Nos. 130-34.  Those cross motions are now fully briefed and, after already having been reset once, a hearing on the cross-motions is scheduled for September 18, 2019.  Aside from LIU, no other defendant has filed an answer to the Adversary Complaint and there has not yet been any discovery.  Because USAG sought and obtained administrative closure of the initial District Court action and refiled the case as an Adversary Proceeding, nearly an entire year has passed with no progress achieved and no schedule in place for resolution of USAG's insurance coverage claims.  All USAG has accomplished is an extended delay of the resolution of its claims.

IV. **Defendants' Initial Motion to Withdraw the Reference of the Adversary Proceeding and Motion for Stay Pending Resolution of the Motion to Withdraw the Reference**

On March 5, 2019, the above-captioned defendants filed a Joint Motion to Withdraw the Reference of the Adversary Proceeding (Dkt. No. 37) ("***Motion to Withdraw the Reference***") pursuant to 28 U.S.C. § 157(d), as well as a Motion for Stay of the Adversary Proceeding (Dkt. No. 38) pending the District Court's ruling on the Motion to Withdraw the Reference ("***Motion for Stay Pending Withdrawal***").  USAG and the defendants agreed to delay the hearing on the Motion for Stay Pending Withdrawal four times while they focused on scheduling mediation of the insurance coverage claims.

In May 2019, USAG submitted a motion to appoint a particular settlement judge to preside over a mediation of both the insurance coverage disputes and the sexual abuse claims.

7

*See* Debtor's Motion to Refer Sexual Abuse Claims and Insurance Coverage Disputes to Mediation and to Appoint the Honorable Gregg W. Zive as Mediator, S.D. Ind. Bankr. Case No. 18-09108-RLM-11, Dkt. No. 452.  The Bankruptcy Court granted that motion on May 17, 2019. *See* Order Granting Debtor's Motion to Refer Sexual Abuse Claims and Insurance Coverage Disputes to Mediation and to Appoint the Honorable Gregg W. Zive as Mediator, S.D. Ind. Bankr. Case No. 18-09108-RLM-11, Dkt. No. 514.  On June 3, 2019, USAG and all defendants aside from LIU, having agreed to focus on mediation rather than litigation, submitted a Notice of Submission of Agreed Order Granting Motion for Stay on an Interim Basis with Respect to Non-LIU Defendants (Dkt. No. 150).  The Bankruptcy Court entered the agreed order on June 7, 2019, entering the Mediation Stay and setting an omnibus "final hearing" on the motion for September 18, 2019.  *See* Dkt. No. 155.

  As a reciprocal gesture of good faith in light of the parties' agreement to focus on mediation, the defendants agreed to temporarily withdraw their Motion to Withdraw the Reference without prejudice to refiling that motion if mediation proved unsuccessful.  On June 10, 2019, the District Court held a telephonic status conference regarding the pending Motion to Withdraw the Reference, in which both the defendants and USAG informed Judge Young that they had agreed to stay the litigation during the mediation process in order to focus on an amicable, global resolution of the underlying claims against USAG by victims of Nassar's abuse as well as any insurance coverage issues.  Based on the representations of the parties and "with the understanding that the parties [were] focusing their efforts on the July mediation," on June 11, 2019, the District Court denied the Motion to Withdraw the Reference without prejudice to renewing the motion if the case failed to settle.  *See* Order on Defendants' Joint Motion to Withdraw the Reference of the Adversary Proceeding, Liberty Insurance Underwriters Inc.'s

Renewed Motion for Stay of the Adversary Proceeding, and Liberty Insurance Underwriters

Inc.'s Motion to Schedule an Expedited Hearing on Renewed Motion for Stay of the Adversary

Proceeding, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 101.

**V.      USAG Violates the Mediation Stay**

On August 7, 2019, in the midst of mediation, USAG filed a dispositive motion

against AAIC in the Bankruptcy Court, seeking summary judgment on certain claims against

AAIC purportedly to further its negotiations with victims of Nassar's abuse.  *See* USA

Gymnastics' Motion for Partial Summary Judgment Against Chubb, Dkt. No. 174, a true and

correct copy of which is attached hereto as **Exhibit "B"**; Plaintiff USA Gymnastics' Brief in

Support of Motion for Partial Summary Judgment Against Chubb, Dkt. No. 175, a true and

correct copy of which is attached hereto as **Exhibit "C"**.  USAG likewise filed a partial motion

for summary judgment against TIG.  *See* USA Gymnastics' Motion for Partial Summary

Judgment Against TIG Insurance Company, Dkt. No. 173, a true and correct copy of which is

attached hereto as **Exhibit "D"**.  USAG did not move to lift the Mediation Stay or otherwise

acknowledge the existence of the Mediation Stay in either motion.

Both of these dispositive motions violate the Mediation Stay, as well as the

express agreements and understanding of AAIC and TIG, which were premised on the parties'

agreement to pause this litigation in order to mediate the insurance coverage disputes.  In

reliance on those understandings and court orders, AAIC and TIG have focused exclusively on

the mediation process, with an understanding that this case is stayed through September 18,

2019.  It is important to note that the mediation process has not broken down.  In fact, the next

mediation session is scheduled for this week and there has been no refusal by AAIC, TIG, USAG

or anyone else to continue to mediate.  All that has happened is that AAIC and TIG have taken

negotiating positions that USAG disagrees with – a common enough occurrence during

9

mediation – but certainly not a situation that justifies the litigation tactics being employed by USAG here.

Compounding the unfairness occasioned by their filing of dispositive motions against AAIC and TIG while the Mediation Stay is in place, USAG filed motions to shorten the notice periods and expedite hearings for both dispositive motions, seeking to require AAIC and TIG to file responses to substantive summary judgment motions within one week. *See* Motion to Shorten Notice on Plaintiff USA Gymnastics' Motion for Partial Summary Judgment Against Chubb (Dkt. No. 177) and Motion to Shorten Notice on Plaintiff USA Gymnastics' Motion for Partial Summary Judgment Against TIG Insurance Company (Dkt. No. 178). On August 9, 2019 the Bankruptcy Court denied both of the motions to shorten notice and expedite the hearings, granting AAIC and TIG until September 5, 2019 to file responses, and setting a hearing on the dispositive motions for September 17, 2019. *See* Dkt. Nos. 182-83. Should the Court be inclined to permit USAG to pursue these dispositive motions against AAIC and TIG notwithstanding its litigation conduct, as a matter of fundamental fairness, the District Court should immediately entertain and grant the Renewed Motion and transfer the Adversary Proceeding in its entirety to the District Court for all further proceedings.

## **ARGUMENT**

Pursuant to 28 U.S.C. § 1334(a), the district courts of the United States have "original and exclusive jurisdiction over all cases under title 11." In the United States District Court for the Southern District of Indiana, Local Rule 83-8 provides for the automatic referral of such proceedings to the United States Bankruptcy Court for the Southern District of Indiana. However, because the bankruptcy court acquires jurisdiction only by reference from the district court, a district court may permissively withdraw a proceeding from the bankruptcy court, in

whole or in part, "for cause shown" pursuant to 28 U.S.C. § 157(d). *See In re Dorner*, 343 F.3d 910, 914 (7th Cir. 2003). While the statute does not define "cause" for purposes of permissive withdrawal, courts in this Circuit consider various factors to determine whether "cause" has been shown, including: (1) whether the proceeding is core or non-core, (2) which forum serves the interests of judicial economy and convenience, (3) which forum promotes the uniformity and efficiency of bankruptcy administration, (4) which forum prevents forum shopping and confusion, and (5) whether the parties are entitled to a jury trial and have requested one. *See Caruso v. Modany*, No. 1:18-cv-02182, 2019 WL 118520, at *1 (S.D. Ind. Jan. 7, 2019); *Levin v. FDIC*, No. 1:11-cv-704, 2012 WL 177392, at *2 (S.D. Ind. Jan. 19, 2012). In this case, these factors point exclusively in favor of withdrawing the reference and returning this case to the District Court.

Cause exists for withdrawing the reference from the Bankruptcy Court for this Adversary Proceeding, pursuant to 28 U.S.C. § 157(d), because several of the relevant considerations favor withdrawal, while none weigh against it. ***First***, this case is not a core bankruptcy proceeding and the Bankruptcy Court therefore lacks constitutional authority to enter final judgment on USAG's claims. ***Second***, the defendants have a right to a jury trial on USAG's claims and will not consent to a jury trial in the Bankruptcy Court. ***Third***, withdrawing the reference of this Adversary Proceeding now would promote judicial economy and efficiency and help to conserve the debtor's estate. ***Fourth***, withdrawing the reference of this Adversary Proceeding would prevent USAG's forum shopping. Defendants AAIC and TIG incorporate by reference herein the Joint Motion to Withdraw the Reference filed on March 5, 2019 (Dkt. No. 37). Although that motion fully justifies withdrawal of the reference of the Adversary Proceeding, in this Renewed Motion, AAIC and TIG present additional arguments that support

LEGAL\42489836\4

withdrawal of the reference based on USAG's actions since the initial motion was denied without prejudice.

**I.    Withdrawal of the reference is appropriate in this case because the Bankruptcy Court lacks the authority to issue a final order resolving the issues in this non-core Adversary Proceeding.**

As discussed at length in the initial Motion to Withdraw the Reference, the claims raised by USAG in this Adversary Proceeding are strictly non-core.  In its Objection to the Motion to Withdraw the Reference, USAG conceded that this Adversary Proceeding deals with non-core "pre-petition breach of contract claims" as to which the defendants may assert a jury demand.  *See* Objection, Dkt. No. 76, at 6.  USAG had no choice but to concede this fact; USAG's claims are neither specifically delineated as core proceedings in 28 U.S.C. § 157(b), nor do they invoke any right under the Bankruptcy Code.  The first cause of action alleges "[a]n actual controversy . . . as to the scope of USAG's rights and Defendant Insurers' obligations under their respective policies" and seeks declaratory relief "establishing Defendant Insurers' obligations to defend and indemnify USAG" pursuant to state law provisions and the Declaratory Judgment Act.  *See* Adversary Complaint ¶¶ 35-40.  USAG's second cause of action in the Adversary Complaint, titled "Breach of Insurance Contract," also invokes no provision of the Bankruptcy Code, merely putting forth a state law claim for breach of contract.

As USAG's claims are non-core, the Bankruptcy Court lacks the authority to enter final judgments on those claims.  The Bankruptcy Court can only submit proposed findings of fact and conclusions of law to the District Court, which would then be required to review such findings and conclusions *de novo*, an unnecessary and inefficient process.  *See Stern v. Marshall*, 131 S. Ct. at 2604 (quoting 28 U.S.C. § 157(c)(1)) (finding that when a bankruptcy judge determines that a referred proceeding is not a core proceeding, but is only "related to" a case

under title 11, the judge may only submit proposed findings of fact and conclusions of law to the district court."); *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, 107 B.R. 34, 40 (D. Del. 1989) (concluding that permissive withdrawal was appropriate in light of considerations of judicial economy because the adversary proceeding was non-core and subject to *de novo* review). As the District Court explained in *Wellman Thermal Sys. Corp. v. Columbia Casualty Co.*, No. 1:05-cv-1191, 2005 WL 4880619, at *3 (S.D. Ind. Oct. 5, 2005):

> Though the bankruptcy court could issue proposed findings of fact and conclusions of law, 28 U.S.C. § 157(c)(1), in the court's view, considerations of judicial economy favor withdrawal of the reference. . . . The bankruptcy judge's proposed findings and conclusions in this noncore proceeding would be subject to de novo review by the district court, possibly resulting in inefficient duplication by the two courts.

Stated simply, there is no reason to waste valuable judicial resources litigating this non-core Adversary Proceeding twice.

While the non-core nature of the claims does not necessarily mandate withdrawal of the reference, "whether the proceeding is core or noncore is the most important factor when deciding whether to withdraw the reference." *Wellman*, 2005 WL 4880619, at *3 (S.D. Ind. Oct. 5, 2005). *See also Gecker*, 391 B.R. at 615 (classifying the non-core nature of at least four of the claims in the adversary proceeding as "the most significant factor . . . in favor of withdrawing the reference"); *HA 2003, Inc. v. Fed. Ins. Co. (In re HA 2003, Inc.)*, No. 03 C 9008, 2004 WL 609799, at *2 (N.D. Ill. Mar. 24, 2004) ("At least one court in this district has held that the most important of the factors to consider in determining whether permissive withdrawal is appropriate is whether the adversary proceeding sought to be withdrawn is core or non-core."). This is because determining whether a proceeding is core or non-core may be seen as a shorthand for the analysis of efficiency, uniformity, and judicial economy concerns. *Levin v. FDIC*, No. 1:11-cv-704, 2012 WL 177392 (S.D. Ind. Jan. 19, 2012). *See also STC, Inc. v. Global Traffic*

13

*Technologies, LLC*, No. 15-cv-0037, 2015 WL 1042431, at*4 (S.D. Ill. Mar. 6, 2015) ("A district court faced with a motion to withdraw 'should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'") (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993)); *Diocese of Duluth v. Liberty Mutual Grp. (In re Diocese of Duluth)*, Civ. No. 17-549, 2017 WL 3037412 (D. Minn. July 18, 2017) (concluding that efficiency would be promoted by the district court withdrawing the reference to the bankruptcy court in the case of an insurance coverage dispute related to Diocesan abuse).

As this Adversary Proceeding is entirely non-core, the relevant question is whether all other factors bearing on withdrawal of the reference outweigh the most important factor in the withdrawal analysis. The remaining factors in the withdrawal of reference analysis do not outweigh the fact that this Adversary Proceeding is entirely non-core. Indeed, they favor withdrawal of the reference immediately.

## II.    Permissive withdrawal is appropriate because the defendants are entitled to a jury trial and will not consent to one in the Bankruptcy Court.

The defendants' jury trial right with respect to this non-core insurance coverage dispute similarly supports withdrawal. *See Wellman Thermal Sys. Corp. v. Columbia Casualty Co.*, No. 1:05-cv-1191, 2005 WL 4880619, at *3 (S.D. Ind. Oct. 5, 2005) ("[T]he right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court."). Here, the defendants in this Adversary Proceeding are entitled to a jury trial on both of USAG's claims because they either allege breach of contract or require a determination of contractual rights to insurance coverage, and no defendants have waived that right. The Bankruptcy Court, however, may not hold such a jury trial for two independent reasons. First, the Bankruptcy Court is not permitted to hold a jury trial on non-core claims. *See* 28 U.S.C. § 157(c); *Beard*, 914 F.2d at 443 (stating that the Seventh Amendment ban on *de novo* review of any fact found by a jury is

14

incompatible with 28 U.S.C. § 157(c)(1) and concluding that "a bankruptcy court cannot conduct a jury trial in a non-core proceeding"). Second, even if USAG's claims were core—which they are not—a jury trial would still not be possible absent express consent of all parties and special designation by the district court. *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.").

In *Wellman Thermal Sys. Corp. v. Columbia Casualty Co.*, No. 1:05-cv-1191, 2005 WL 4880619, at *3 (S.D. Ind. Oct. 5, 2005), this Court granted a motion to withdraw the reference filed by a debtor's insurers under circumstances analogous to this case. In *Wellman*, the District Court ruled that the right to a jury trial alone was sufficient cause to withdraw the reference to the bankruptcy court. 2005 WL 4880619, at *3 (citing *Matter of Grabill Corp.*, 967 F.2d 1152, 1156 (7th Cir.1992); and 1 Collier on Bankruptcy § 3.04[a][b] (listing right to a jury trial among reasons for withdrawal of reference)). Since the defendants have not waived their right to a trial by jury, withdrawal of the reference with respect to the Adversary Proceeding is both appropriate and necessary here. *See Caruso v. Modany*, No. 1:18-cv-02182, 2019 WL 118520, at *1 (S.D. Ind. Jan. 7, 2019) (holding that unless all parties consent to a jury trial before the bankruptcy judge, cause exists to withdraw the reference).

### III.    Withdrawing the reference of this Adversary Proceeding now promotes judicial economy and conservation of the debtor's estate.

Because this Adversary Proceeding deals with non-core claims as to which the defendants have a right to a jury trial, and because multiple dispositive motions have been filed by USAG against defendants in this Adversary Proceeding, the District Court should withdraw the reference now in the interests of promoting judicial economy and conserving the debtor's

estate.  In *Gecker v. Marathon Fin. Ins. Co., Inc.*, 391 B.R. 613, 616 (N.D. Ill. 2008), the Northern District of Illinois counseled withdrawing the reference prior to the filing of dispositive motions on non-core claims "in order to avoid the inefficiency of two different judges ruling on essentially the same motion[.]"  In *Gecker*, the court denied the motion to withdraw the reference "without prejudice to renewing the motion if and when dispositive motions on non-core claims, or a jury trial, begin to appear on the horizon."  *Id.*

Dispositive motions have not merely appeared on the horizon – they have arrived. USAG has now filed dispositive motions on some of its claims against three separate defendants: LIU, AAIC, and TIG.  At issue in all three motions are exclusively state law claims related to the parties' insurance coverage and breach of contract disputes.  Any final ruling on these dispositive motions by the Bankruptcy Court would have to be reviewed by the District Court *de novo*. Moreover, in its Motion for Expedited Hearing and/or Shortened Notice in regards to its motion against AAIC, USAG referenced the likelihood that it will in the future "seek additional coverage declaratory judgments from this Court" as to "each other insurer."  If the District Court does not withdraw the reference of the Adversary Proceeding now, both the Bankruptcy Court and the District Court may be compelled to expend time and resources sorting through and evaluating the substantial and complex issues raised in the dispositive motions, including the nearly 150 underlying matters that give rise to that dispute.  If the District Court does not withdraw the reference now, each and every claim raised in this Adversary Proceeding may have to be reviewed and ruled upon one at a time by both the Bankruptcy Court and the District Court, slowly but surely depleting all assets of the estate and colossally wasting judicial resources. Accordingly, the District Court should withdraw the reference of this Adversary Proceeding now

in order to minimize costs for all parties, and in order to ensure a more efficient and timely resolution of the claims.

### IV.    Permissive withdrawal is appropriate in this case in the interest of preventing forum shopping.

The history of the litigation between USAG and its insurers is rife with evidence of forum shopping on the part of USAG, the current motions representing only the most recent example.  Withdrawal of the reference as soon as practicable is necessary to put an end to these efforts.  *Maxwell v. Kemp (In re Beale)*, 410 B.R. 613, 616 (N.D. Ill. 2009); *see also In re New Energy Corp.*, No. 12-33866, 2013 WL 1192774, at *6 (N.D. Ind. Mar. 14, 2013) (noting that courts should evaluate, *inter alia*, whether withdrawal would reduce forum shopping); *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

The same coverage issues at play in this Adversary Proceeding were raised in USAG's initial coverage action, brought in Indiana State Court and then timely removed to the District Court.  USAG filed that coverage action against nearly all of the defendants in the Adversary Proceeding.[2]  The administrative closure of the action in the District Court was the direct result of USAG's filing of a "Notice of Stay Due to Bankruptcy" on December 14, 2018– a decision by USAG that has delayed the resolution of the same issues that are now being raised in this Adversary Proceeding.  The automatic stay did not apply because USAG was the plaintiff

---

[2]In the Adversary Proceeding, in addition to the general liability and directors & officers ("D&O") liability carriers named in the original District Court proceeding, USAG sued four additional entities: Western World Insurance Company ("Western World"), Endurance American Insurance Company ("Endurance"), American International Group, Inc. ("AIG"), and American Home Assurance Company ("American Home").  Western World and American Home are subsidiaries of AIG.  Western World and Endurance allegedly issued more recent D&O policies to USAG.  USAG alleges that AIG and/or American Home and/or one of AIG's other subsidiaries may have issued additional policies to USAG.  The Adversary Proceeding also adds some specificity to the coverage issues and underlying claims at issue.  However, the substantive issues addressed in the two complaints proceedings are essentially the same.

in the District Court action and had no risk of monetary liability to the defendants. Section 362(a)(1) of the Bankruptcy Code forbids continuation of an "[a]ction or proceeding *against* the debtor" (emphasis added), and USAG's own suit is not an action "against" the debtor, regardless of whether opposition to the debtor's claims might prevent the debtor from augmenting its estate. *See In re Londrigan*, No. 14-70025, 2014 WL 4384368, at *5 n.1 (C.D. Ill. Sept. 3, 2014) ("The automatic stay does not bar continuation of actions commenced by a debtor pre-petition where the debtor is the original plaintiff or movant.") (citing *Martin-Trigona v. Champion Fed. Sav. and Loan Assoc.*, 892 F.2d 575, 577 (7th Cir. 1989)); *Bryner v. LeBaron (In re Bryner)*, 425 B.R. 601, 608 (10th Cir. B.A.P. 2010); *Martin-Trigona*, 892 F.2d at 577 ("The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other . . . . There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.").

       If USAG wished to continue pursuing its claims relating to insurance coverage, the District Court action should have proceeded, and this Adversary Proceeding need never have been filed. When the District Court action was administratively closed, there was already a case management order filed with dates set through trial. In this Adversary Proceeding, to date, the only activities that have occurred are the cross motions for summary judgment by and against LIU, which address largely the same issues as the LIU Motion filed previously in the District Court action, and now the dispositive motions that have been filed against AAIC and TIG. Only one defendant, LIU, has filed an answer to the Complaint and no discovery has been conducted. Even as regards LIU, while USAG declined to agree to a stay as against LIU, it set the hearing on the cross-motions for August 14, 2019 and then recently re-set it for September 18, 2019.

Permitting a debtor effectively to transfer its own pre-petition action, already pending before an assigned judge in the District Court and subject to a dispositive motion, to the Bankruptcy Court through the filing of an erroneous "Notice of Automatic Stay" would improperly reward forum shopping, particularly when the parties had no reason to believe, pre-petition, that they should litigate in Bankruptcy Court. *See Lawrence Grp., Inc. v. Hartford Casualty Ins. Co. (In re Lawrence Group, Inc.)*, 285 B.R. 784, 789 n.6 (N.D.N.Y 2002).

Moreover, USAG's conduct since the filing of this Adversary Proceeding demonstrates its continued attempt to forum shop and ensure that its claims against its insurers remain in the Bankruptcy Court. After the defendants filed their Motion to Withdraw the Reference and Motion for Stay Pending Withdrawal, USAG and all of the defendant insurers aside from LIU agreed to a stay of the Adversary Proceeding until at least September 18, 2019 in an effort to resolve the insurance coverage disputes through mediation as part of USAG's larger attempt to achieve a global settlement with victims of Nassar's abuse. In accordance with the parties' agreement, on June 7, 2019, the Bankruptcy Court entered the Mediation Stay and setting an omnibus "final hearing" on the motion for September 18, 2019. *See* Dkt. No. 155. In light of the agreement to focus on mediation and as a reciprocal gesture of good faith, the defendants agreed to a denial of their Motion to Withdraw the Reference without prejudice. The parties advised Judge Young of the District Court of their agreement in a telephonic status conference regarding the Motion to Withdraw the Reference on June 10, 2019 and, in accordance with the agreement of the parties and with the understanding that the parties were focusing on resolving the claims through mediation, on June 11, 2019, the District Court denied the Motion to Withdraw the Reference without prejudice to the defendants renewing the motion if the case failed to settle.

Even though the mediation process has not concluded and the Mediation Stay remains in effect, USAG now seeks to take advantage of the denial of the Motion to Withdraw the Reference in order to move forward with claims against AAIC and TIG in the Bankruptcy Court. USAG's actions in filing the partial motions for summary judgment against AAIC and TIG violated the reciprocal agreement with the insurers and violated the Mediation Stay entered by the Bankruptcy Court. While the insurers were focused exclusively on good faith negotiations, USAG was preparing dispositive motions against AAIC and TIG to be filed as soon as those insurers pushed back against USAG's mediation position. To add insult to injury, USAG moved for shortened notice and expedited rulings on its motions for partial summary judgment. By moving for "partial summary judgment" against each insurer one by one – and in an expedited manner – USAG is acting in a manner calculated to ensure that all claims raised in the Adversary Proceeding are resolved in the Bankruptcy Court, its preferred jurisdiction, rather than in the District Court, where the claims belong and where the claims were pending long before USAG filed its bankruptcy petition. All of USAG's tactics have been designed to place AAIC and TIG on the defensive and to deprive AAIC and TIG of the opportunity to argue that these disputes must be heard in the District Court. In fact, USAG's motions for summary judgment against AAIC and TIG are especially surprising because neither defendant has filed an answer to USAG's Adversary Complaint, and no parties have conducted discovery.

USAG is attempting to circumvent the Mediation Stay to obtain court rulings in light of disagreements it has with its insurers in the middle of a complex, multi-party mediation. The entire purpose of the Mediation Stay was to permit the parties to focus on an amicable resolution of all issues in this case, including both insurance issues and tort claims, and hopefully to avoid unnecessary litigation. The mere fact that a dispute exists that makes settlement

difficult is plainly insufficient to justify lifting the Mediation Stay; the same thing could be said of practically every dispute in this and nearly every other mediation.  Indeed, the issues raised in the motions pending against AAIC, TIG, and LIU are just a few of many other disputed issues that could be the subject of motion practice in this case if no resolution is achieved.

Furthermore, by moving for dispositive judgments on only some claims against some defendants, USAG is attempting to gain leverage in the mediation, implicitly warning the other carriers engaging in mediation that absent additional monetary concessions they too may have to litigate any of the claims against them on short notice.  This intent is plainly evident from USAG's Motion for Expedited Hearing and/or Shortened Notice in regards to its motion against AAIC, in which USAG referenced the likelihood that it will in the future "seek additional coverage declaratory judgments from this Court" as to "each other insurer."  Not only is this tactic prejudicial to the defendants, but it is also counterproductive for purposes of mediation. USAG's unilateral use of litigation in the Bankruptcy Court in order to gain leverage in settlement negotiations is not an appropriate use of the Bankruptcy Code.  *See In re The Bridge to Life, Inc.*, 330 B.R. 351, 357 (E.D.N.Y. 2005) (instructing that a Chapter 11 filing should not "be employed to obtain an upper hand or leverage in litigation with another party or to provide an alternate forum for such litigation"); *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999) (dismissing a Chapter 11 bankruptcy case as a filing in bad faith in part due to admissions from the debtor's representative that "he believed filing for Chapter 11 would 'change the negotiating platform' with plaintiffs and 'increase the pressure on . . . plaintiffs to settle'").  Where, as here, withdrawal of the reference avoids improper forum shopping and procedural gamesmanship and ensures that the dispute will be litigated in an appropriate forum, withdrawal is warranted.

**CONCLUSION**

For the foregoing reasons, AAIC and TIG hereby respectfully request that the

District Court immediately entertain and grant their Renewed Motion to Withdraw the Reference

and transfer the Adversary Proceeding in its entirety to the District Court for all further

proceedings.

KROGER, GARDIS & REGAS, LLP

Dated: August 20, 2019

By: /s/ *Stephen J. Peters*
    Stephen J. Peters, Attorney No. 6345-49
    Harley K. Means, Attorney No. 23068-32
    Counsel for Defendant, Defendant, ACE
    American Insurance Company f/k/a CIGNA
    Insurance Company
    KROGER, GARDIS & REGAS, LLP
    111 Monument Circle, Suite 900
    Indianapolis, IN 46204-5125
    (317) 692-9000
    (317) 264-6832(Fax)
    speters@kgrlaw.com
    hmeans@kgrlaw.com

Pursuant to the ECF Administrative Policies and Procedures Manual (Attorney) for the United
States Bankruptcy Court for the Southern District of Indiana, undersigned counsel represent
other named defendants in the Adversary Proceeding and are authorized to represent that each of
their clients consents to the withdrawal of the reference of this Adversary Proceeding and that
AAIC's counsel may electronically file their signatures to this Renewed Motion to Withdraw the
Reference of the Adversary Proceeding.

/s/ *Scott P. Fisher*
Counsel for TIG Insurance Company,
Consents to this Renewed Motion to Withdraw
the Reference
Scott P. Fisher, Attorney No. 26813-49
DREWRY SIMMONS VORNEHM, LLP
736 Hanover Place, Suite 200
Carmel, IN 46032
(317) 580-4848
(317) 580-4855 (Fax)

LEGAL\42489836\4

sfisher@dsvlaw.com
George R. Calhoun (admitted pro hac vice)
IFRAH LAW
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
(202) 524-4147
george@ifrahlaw.com

Heather E. Simpson (admitted pro hac vice)
KENNEDYS CMK LLP
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920
(908) 848-6300
heather.simpson@kennedyslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2019, a copy of the foregoing Renewed Motion to Withdraw the Reference of the Adversary Proceeding was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

KROGER, GARDIS & REGAS, LLP

Dated: August 20, 2019

By: /s/ *Stephen J. Peters*
Stephen J. Peters, Attorney No. 6345-49
Harley K. Means, Attorney No. 23068-32
Counsel for Defendant, Defendant, ACE
American Insurance Company f/k/a CIGNA
Insurance Company
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125
(317) 692-9000
(317) 264-6832(Fax)
speters@kgrlaw.com
hmeans@kgrlaw.com

LEGAL\42489836\4