# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS, | Case No. 18-09108-RLM-11 |
| Debtor. | |
| USA GYMNASTICS, | |
| Plaintiff, | |
| v. | Adv. Case No. 19-50012 |
| ACE AMERICAN INSURANCE COMPANY f/k/a CIGNA INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, RSUI INDEMNITY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. f/k/a COMBINED SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP, INC., AMERICAN HOME ASSURANCE COMPANY, AND DOE INSURERS, | **RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE** |
| Defendants. | |

**RENEWED MOTION OF LIBERTY INSURANCE UNDERWRITERS, INC. TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING AND JOINDER TO RENEWED MOTION OF ACE AMERICAN INSURANCE COMPANY, F/K/A CIGNA INSURANCE COMPANY AND TIG INSURANCE <u>COMPANY TO WITHDRAW THE REFERENCE</u>**

9335550

Liberty Insurance Underwriters Inc. ("*LIU*") by and through its undersigned counsel, hereby files this *Renewed Motion to Withdraw the Reference of the Adversary Proceeding and Joinder to Renewed Motion of ACE American Insurance Company, f/k/a Cigna Insurance Company and TIG Insurance Company to Withdraw the Reference* (the "*Renewed Motion and Joinder*"), and, pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule B-5011-1, hereby requests that the District Court withdraw the reference of the above-captioned adversary proceeding (the "*Adversary Proceeding*") filed by USA Gymnastics ("*USAG*") against LIU and its co-defendants (collectively, the "*Insurer Defendants*"). LIU joins in the relief requested in the *Renewed Motion to Withdraw the Reference of the Adversary Proceeding* [Bankr. Adv. Pro. Docket No. 192], filed on August 20, 2019 by AAIC and TIG (as defined therein) (the "*AAIC/TIG Motion to Withdraw Reference*")[1] and, in further support thereof, respectfully states as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. On March 5, 2019, LIU and its co-Insurer Defendants filed their *Joint Motion to Withdraw the Reference of the Adversary Proceeding* [Bankr. Adv. Pro. Docket No. 37][2] (the "*Original Motion to Withdraw Reference*") in the Bankruptcy Court.

2. Prior to a hearing on the Original Motion to Withdraw Reference, USAG and the Insurer Defendants other than LIU (the "*Non-LIU Insurers*") agreed to stay the Adversary

---

[1] LIU joins in the relief requested in the AAIC/TIG Motion to Withdraw Reference, as well as the arguments set forth therein. However, LIU was never subject to the Stay Order (as defined below). As such, LIU takes no position concerning the Debtor's purported conduct respecting that Order that are detailed in the AAIC/TIG Motion to Withdraw Reference.

[2] As used herein, [Bankr. Adv. Pro. Docket No. __] shall refer to filings made in the Adversary Proceeding currently pending before the Bankruptcy Court for the Southern District of Indiana (Case No. 19-50012). References to [Docket No. __] shall refer to filings made before the District Court in the civil action styled Case No. 18-cv-09108-RLM-11 (the "*Civil Action*").

2

Proceeding. The agreement between USAG and the Non-LIU Insurers was subsequently memorialized when, on June 7, 2019, the Bankruptcy Court entered the *Agreed Order Granting Motion for Stay on an Interim Basis with Respect to Non-LIU Defendants* [Bankr. Adv. Pro. Docket No. 155] (the "**Stay Order**").

3. USAG did not agree to stay the Adversary Proceeding as it relates to LIU. Consequently, LIU, after being denied its request for a stay in the Bankruptcy Court, sought a stay with the District Court based on its understanding that USAG would seek to have the *USA Gymnastics' Motion for Partial Summary Judgment* [Bankr. Adv. Pro. Docket No. 26] and the *Cross-Motion for Summary Judgment of Defendant Liberty Insurance Underwriters Inc.* [Bankr. Adv. Pro. Docket No. 130] (collectively, the "**LIU Summary Judgment Motions**") heard at the June 12, 2019 omnibus hearing in the Bankruptcy Court (the "**June Omnibus Hearing**").

4. The District Court held a telephonic conference on June 10, 2019 (the "**Status Conference**") to discuss the status of pending motions. At the Status Conference, the parties reported to the Court, among other things, that (i) the LIU Summary Judgment Motions had not yet been scheduled to be heard at the June Omnibus Hearing, (ii) USAG and the Non-LIU Insurers had agreed to a voluntary stay of the Adversary Proceeding, solely with respect to them, which included the Non-LIU Insurers' agreement to not prosecute the Original Motion to Withdraw Reference pending termination of the stay, and (iii) all parties were scheduled to participate in the mediation sessions that are being conducted by Judge Gregg Zive (the "**Mediation**"). *See Notice of Order on Mediation* [Docket No. 90].

5. Given the parties' representations, on June 11, 2019, the District Court entered the following ruling (its "**Ruling**") on its docket:

> ORDER ON DEFENDANTS' JOINT MOTION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING, LIBERTY

3

> INSURANCE UNDERWRITERS INC.'S RENEWED MOTION FOR STAY OF THE ADVERSARY PROCEEDING, AND LIBERTY INSURANCE UNDERWRITERS INC.'S MOTION TO SCHEDULE AN EXPEDITED HEARING ON RENEWED MOTION FOR STAY OF THE ADVERSARY PROCEEDING – Defendants' Joint Motion to Withdraw the Reference of the Adversary Proceeding is DENIED at this time. **If the case does not settle, Defendants may renew the motion.** LIU's Renewed Motion for Stay of the Adversary Proceeding is DENIED. LIU's Motion to Schedule an Expedited Hearing on Renewed Motion for Stay of the Adversary Proceeding is DENIED as MOOT. SEE ORDER. Signed by Judge Richard L. Young on 6/11/2019. (JRB) (Entered: 06/11/2019)

Ruling, Docket No. 101 (emphasis added).

6. Mediation sessions with Judge Zive are on-going. Despite the parties' continued effort to mediate their dispute, on August 7, 2019, the Debtor filed its *Notice of Continued Hearing* [Bankr. Adv. Pro. Docket No. 171], rescheduling the LIU Summary Judgment Motions for a hearing on September 18, 2019, which hearing has since been rescheduled to September 17, 2019 [Bankr. Adv. Pro. Docket No. 181].[3]

7. Despite the on-going Mediation, USAG has chosen to proceed with the Pending Summary Judgment Motions. Accordingly, consistent with the District Court's Ruling, LIU hereby files its Renewed Motion and Joinder and requests that it be heard in advance of the September 17 hearings on the Pending Summary Judgment Motions. Given, among other things, the non-core nature of the Adversary Proceeding, the inefficiencies that would be produced by having two courts hear the Pending Summary Judgment Motions, and the fact that LIU has demanded a jury trial (which the Bankruptcy Court cannot conduct absent LIU's consent), LIU respectfully submits that time is ripe to hear—and grant—its Renewed Motion and Joinder.

---

[3] As set forth in the AAIC/TIG Motion to Withdraw Reference, USAG has also scheduled hearings on its summary judgment motions filed against AAIC and TIG (such motions, together with the LIU Summary Judgment Motions, the "**Pending Summary Judgment Motions**").

4

**ARGUMENT**

**I.     LIU Has Satisfied Its Burden To Show The Reference To
       The Bankruptcy Court Should Be Withdrawn "For Cause."**

8.     The Adversary Proceeding is a non-core proceeding based on state law causes of action that were previously brought before the District Court in the Civil Action. As was the case prior to the bankruptcy filing, the claims asserted against the Insurer Defendants sound in law, not equity, meaning the Insurer Defendants are entitled to a jury trial. LIU has already made such a demand. The Bankruptcy Court cannot conduct that jury trial absent consent of all parties, which LIU has not and will not provide. USAG has objected to the Insurer Defendants' request to withdraw the reference based on, among other reasons, that a jury trial is a "distant and speculative" proposition.[4] Even if the District Court were to ignore the fact that the Insurance Defendants are entitled to—and LIU has demanded—a jury trial, USAG has chosen to push ahead by scheduling a hearing on the Proposed Summary Judgment Motions. When an adversary proceeding finds itself at an inflection point requiring an ultimate decision—for example, where, as here, dispositive motions have been filed that will require review by both the bankruptcy and district courts—removal of the reference and transfer of the adversary proceeding to the district court is warranted. *See Adelsperger v. 3D Holographics Med. Imaging Inc.*, Case No. 3:16-CV-759, 2019 U.S. Dist. LEXIS 85792, at *9-10 (N.D. Ind. May 21, 2019).

9.     When evaluating whether "cause" exists to grant a motion for permissive withdrawal of the reference, courts consider the following factors:

---

[4]   LIU disputes this characterization of a jury trial being "distant and speculative." By way of example, potential disputed issues of fact requiring a jury trial could include: (i) when the Claim was "first made" under the LIU issued policy; (ii) the underwriting intent regarding the LIU policy's third party liability coverage; (iii) whether any complaints or demands involving Larry Nassar were reported or noticed under a prior insurance policy; and (iv) whether any demand, suit or other proceeding involving Larry Nassar was made against any insured prior to the LIU policy's prior litigation date.

5

> (1) judicial economy, convenience, and the particular court's knowledge of the facts; (2) the promotion of uniformity and efficiency of bankruptcy administration; (3) the reduction of forum shopping and confusion; (4) conservation of debtor and creditor resources; (5) whether the proceeding is core or non-core; and (6) whether the parties have requested a jury trial. **The most important factor is whether a proceeding is core or non-core**.

*Levin v. FDIC*, Case Nos. 1:11-cv-704-WTL-TAB; 1:11-cv-705-WTL-TAB, 2012 U.S. Dist. LEXIS 6682, at *7 (S.D. Ind. Jan. 19, 2012) (internal citation omitted) (emphasis added); *see Wellman Thermal Sys. Corp. v. Columbia Casualty Co.*, Case No. 1:05-cv-1191, 2005 U.S. Dist. LEXIS 45725, at *10 (S.D. Ind. Oct. 5, 2005) (acknowledging that "whether the proceeding is core or non-core is the most important factor when deciding whether to withdraw the reference"). The right to a jury trial—which has been demanded by LIU—also serves as an independent basis for withdrawing the reference, especially where, as here, the proceeding is non-core. *See Adelsperger*, 2019 U.S. Dist. LEXIS 85792, at *8-9 ("[T]he right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court. . . . Because the bankruptcy court cannot conduct this trial, cause exists to withdraw the reference of the adversary proceeding."); *Caruso v. Modany*, Case No. 1:18-cv-02182-JPH-TAB, 2019 U.S. Dist. LEXIS 2346, at *3 (S.D. Ind. Jan. 7, 2019) ("[A] bankruptcy judge may conduct a jury trial only with the express consent of all the parties. Thus, if one of the parties files a jury demand, and all parties do not consent to a jury trial in the bankruptcy court, cause for withdrawal is established.") (internal citation omitted). Moreover, when the proceeding is non-core, a bankruptcy court hearing any dispositive motion can only propose findings of facts and conclusions of law that are subject to *de novo* review by the district court. *Adelsperger*, 2019 U.S. Dist. LEXIS 85792, at *9-10. Thus, where the proceedings have progressed to a hearing on a dispositive motion, it is inefficient for the proceeding to remain with the bankruptcy court. *Id.*, at *5 (determining that it would not "be judicially efficient to [have the bankruptcy court] make

6

recommendations, including for purposes of ruling on dispositive motions, only to have another court conduct de novo review").

10. The standards governing LIU's renewed request are set forth in, and satisfied by, the Original Motion to Withdraw Reference, the Insurer Defendants' *Reply to USA Gymnastics' Objection to Defendants' Joint Motion to Withdraw Reference of the Adversary Proceeding* [Bankr. Adv. Pro. Docket No. 91], and the AAIC/TIG Motion to Withdraw Reference. The facts and arguments set forth in those pleadings are expressly incorporated herein by reference, and LIU joins in the request for relief set forth in the AAIC/TIG Motion to Withdraw Reference. Through the Renewed Motion and Joinder, LIU seeks to highlight certain analogous situations where district courts within this Circuit chose to withdraw the reference. Furthermore, as discussed below, the time is ripe for withdrawal prior to any hearing on the Pending Summary Judgment Motions.

## II. District Courts Within This Circuit Have Withdrawn The Reference Of Non-Core Cases When There Are Pending Dispositive Motions.

11. With respect to the "most important factor" courts consider when analyzing a motion to withdraw the reference (*see Levin*, 2012 U.S. Dist. LEXIS 6682, at *7), USAG appears to concede that the Adversary Proceeding is non-core. *See USA Gymnastics' Objection to Defendants' Joint Motion to Withdraw the Reference of the Adversary Proceeding* [Bankr. Adv. Pro. Docket No. 76], at 6-8. USAG argues, however, that, even if the Adversary Proceeding is non-core, that is but one factor in the analysis, and, here, judicial efficiency weighs against withdrawing the reference at this time. *Id.* at 8-12.

12. As set forth in the Original Motion to Withdraw Reference and the reply filed in support thereof, there can be no dispute that the Adversary Proceeding is non-core, meaning the Bankruptcy Court cannot enter a final Order disposing of the Pending Summary Judgment

7

Motions. Nor is there any debate that the Insurer Defendants are entitled to assert—and LIU has asserted—a demand for a jury trial, which the Bankruptcy Court cannot conduct without the consent of all parties. Finally, USAG has chosen to schedule the Pending Summary Judgments for a hearing, meaning the Bankruptcy Court will now be forced to hear those motions, draft proposed findings of fact and conclusions of law, and transmit that proposal to the District Court for *de novo* review. The multi-step process would not advance resolution of the bankruptcy case, nor would it conserve the parties' resources. Both considerations are part of a court's analysis when weighing whether to grant a request to withdraw the reference. On the contrary, that process would delay entry of any Order adjudicating the dispute, as there is no rule setting a requirement for when the Bankruptcy Court must issue its proposal or for when the District Court must review and rule on that proposal. As illustrated by the decisions discussed below, judicial efficiency dictates that the Renewed Motion and Joinder be granted and the Adversary Proceeding be transferred to the District Court for a hearing on the Pending Summary Judgment Motions.

13.     In *Wellman Thermal Systems*, the District Court for the Southern District of Indiana considered a motion to withdraw the reference filed by three insurers. The underlying complaint that prompted that motion sought a declaratory judgment that the insurer-defendants were obligated to defend the debtor against claims for environmental problems allegedly caused by the debtor, to otherwise reimburse the debtor for the costs of the defense, and to indemnify the debtor for environmental liability claims asserted against it. *Wellman*, 2005 U.S. Dist. LEXIS 45725, at *4-5. The debtor also sought an award of damages for its costs in connection with the environmental investigation and cleanup at the site. *Id.* The District Court concluded that the claims were non-core and that the Bankruptcy Code was not the source of the debtor's

8

rights or remedies against the defendant insurers, describing the damages claim as "a creature of state breach of contract law that could be pursued as an ordinary breach of contract action if [the debtor] were not in bankruptcy." *Id.*, at *10. The District Court ruled that the right to a jury trial alone was sufficient cause to withdraw the reference to the bankruptcy court. *Id.*, at *11 (citing *Matter of Grabill Corp.*, 967 F.2d 1152, 1156 (7th Cir.1992); and 1 *Collier on Bankruptcy* § 3.04[a][b] (16th ed. 2017) (listing right to a jury trial among reasons for withdrawal of reference)).

14. In granting the defendant insurers' motion to withdraw the reference, the District Court in *Wellman* specifically explained:

> The Defendants have demanded a jury trial and assert that they will not consent to any final orders or judgment by the bankruptcy court. Wellman responds that the case is not yet ready for trial, so withdrawal of reference at this time would be premature. Though insurance coverage cases sometimes are decided at the summary judgment stage and the interpretation of an insurance policy clearly is a legal question for the court, it does appear that in this case there may be genuine issues of fact necessitating trial. Certain efficiencies would be lost were the bankruptcy court to proceed with pretrial matters; the district court would not gain a valuable familiarity with the case that could assist it leading up to and through trial. Though the bankruptcy court could issue proposed findings of fact and conclusions of law, 28 U.S.C. § 157(c)(1), in the court's view, considerations of judicial economy favor withdrawal of the reference.

*Id.*, at *11-12.

15. An adversary proceeding that is non-core need not be "trial ready" in order for withdrawal of the reference to be appropriate. As recent decisions in this Circuit demonstrate, when dispositive motions have been filed and are scheduled for a hearing, judicial efficiency is served by removing such proceedings to the district court. In *Adelsperger*, Judge Brady granted the defendants' motion to withdraw the reference and transfer the matter from the bankruptcy court prior to a proposed hearing on pending partial summary judgment motions. The district court was persuaded by the bankruptcy court's recommendation that it would be inefficient for

9

the bankruptcy court to propose findings of fact and conclusions of law that would then be subject to *de novo* review by the district court. The bankruptcy court explained:

> In litigation as involved as this adversary proceeding is, this court cannot see any judicial economy in the preparation of proposed findings of fact and conclusions of law as to non-core matters that will be subject to de novo review by another court. There is no economy in two judicial officers reviewing the same facts and law. Not only is such a procedure inefficient, but it also opens the door to contradictory conclusions by different judges.

*Adelsperger v. 3D Holographics Med. Imaging Inc.*, Case No. 3:16-CV-759, ECF. No. 1, at 36 (Bankr. N.D. Ind.); *see Caruso*, 2019 U.S. Dist. LEXIS 2346, at *4-5 ("Asking the bankruptcy court to familiarize itself with the issues for all pretrial motions, only to handoff the case when it comes to final adjudication, would result in duplication of work and this would be an inefficient allocation of judicial resources."); *Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792-93 (D. Md. 1992) (bankruptcy court handling pre-trial matters, including dispositive motions, is a "limited and inefficient tool" because of *de novo* review).

16. In its recommendation, the bankruptcy court in *Adelsperger* reasoned that "the district court is at least as familiar with the circumstances surrounding" the debtors' estate based on other civil cases involving the debtors pending before federal court. *Adelsperger*, 2019 U.S. Dist. LEXIS 85792, at *10. Here, that fact is even more evident. As discussed in greater detail in the Original Motion to Withdraw Reference at pages 15-17, the Adversary Proceeding is virtually identical to the Civil Action which the District Court presided over prior to the commencement of the Adversary Proceeding. Indeed, the District Court previously issued Orders setting an initial pre-trial conference [Docket No. 38] and lifting a stay and setting deadlines for the filing of a draft case management plan [Docket No. 46]. To date, the Bankruptcy Court has not issued any scheduling orders, and no discovery has taken place.

10

17. Finally, USAG relies on one principal case in its opposition to the Original Motion to Withdraw Reference—*Gecker v. Marathon Financial Insurance Company*, 391 B.R. 613, 615-16 (N.D. Ill. 2008)—for the proposition that a party's right to a jury trial involving non-core matters is not sufficient to withdraw the reference unless it promotes judicial economy. The changed circumstances that have prompted the filing of this Renewed Motion and Joinder show that *Gecker* actually supports withdrawal of the reference and transfer to the District Court.

18. In *Gecker*, the district court recognized the well-established principle that "[t]he most important factor is whether a proceeding is core or non-core, because efficiency, uniformity and judicial economy concerns are largely subsumed within it." 391 B.R. at 615. The *Gecker* court found that "at least four" of the claims at issue were non-core, and the defendant had a right to jury trial on its claims. *Id.* However, the court in *Gecker* was convinced that judicial economy militated against withdrawal of the reference, "at least at this stage of the case." *Id.* Chief among the court's reasoning was that any jury trial that the defendants demanded "remains a distant and speculative prospect." *Id.* at 615-16. However, the *Gecker* court explained that it may be appropriate for that court to reconsider the relief requested at another point in time, and not necessarily when the matter becomes "ready for trial." *Id.* at 616. "[A] district court may be inclined to withdraw the reference prior to the filing of dispositive motions on non-core claims in order to avoid the inefficiency of two different judges ruling on essentially the same motion." *Id.* The *Gecker* court thus denied the motion to withdraw the reference "without prejudice to renewing the motion if and when dispositive motions on non-core claims, or a jury trial, begin to appear on the horizon." *Id.*

19. Here, by USAG's choosing, dispositive motions in the Adversary Proceeding have "appear[ed] on the horizon." *Id.* In fact, USAG filed a dispositive motion before LIU's

11

deadline to file a responsive pleading. For the reasons set forth herein, in the Original Motion to Withdraw Reference, the reply in support thereof, and the AAIC/TIG Motion to Withdraw Reference, LIU respectfully submits that (i) cause exists to withdraw the reference of the Adversary Proceeding to the Bankruptcy Court and (ii) the appropriate time to transfer the Adversary Proceeding to the District Court has arrived.

## CONCLUSION

For the foregoing reasons, LIU respectfully requests that the District Court (i) either (a) schedule a hearing on the AAIC/TIG Motion to Withdraw Reference in advance of the hearing on the Pending Summary Judgment Motions or (b) grant the AAIC/TIG Motion to Withdraw Reference; and (ii) grant such other and further relief as it deems just and proper.

Respectfully submitted,

Dated: August 22, 2019                LIBERTY INSURANCE UNDERWRITERS INC.

By its attorneys,

/s/*Ginny L. Peterson*
Ginny L. Peterson, Attorney No. 20305-41
KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
(317) 636-5917 (Fax)
gpeterson@k-glaw.com

Nancy D. Adams (admitted *pro hac vice*)
Laura B. Stephens (admitted *pro hac vice*)
Mathilda S. McGee-Tubb (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO PC
One Financial Center
Boston, MA 0211
(617) 542-6000
nadams@mintz.com
lbstephens@mintz.com

12

>msmcgee-tubb@mintz.com
>
>Douglas R. Gooding (admitted *pro hac vice*)
>Jonathan D. Marshall (admitted *pro hac vice*)
>CHOATE, HALL & STEWART LLP
>Two International Place
>Boston, Massachusetts 02110
>(617) 248-5277
>dgooding@choate.com
>jmarshall@choate.com
>
>*Counsel for Liberty Insurance Underwriters Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2019, a copy of the foregoing Notice Regarding Motion to Schedule Hearing on *Liberty Insurance Underwriters, Inc.'s Renewed Motion to Withdraw the Reference of the Adversary Proceeding and Joinder to Renewed Motion of ACE American Insurance Company, f/k/a Cigna Insurance Company and TIG Insurance Company to Withdraw the Reference* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Steven Baldwin - sbaldwin@psrb.com

Tonya J. Bond - tbond@psrb.com

Wendy D Brewer - wbrewer@fmdlegal.com

George Calhoun, IV - george@ifrahlaw.com

Karen M Dixon - kdixon@skarzynski.com

Jeffrey B. Fecht - jfecht@rbelaw.com

Scott Patrick Fisher - sfisher@drewrysimmons.com

Eric D Freed - efreed@cozen.com

Gregory Michael Gotwald - ggotwald@psrb.com

Susan N Gummow - sgummow@fgppr.com

Katherine Hance - khance@goodwin.com

13

Cassandra Jones - cjones@walkerwilcox.com

Bruce L. Kamplain - bkamplain@ncs-law.com

Kevin P Kamraczewski - kevin@kevinklaw.com

Ronald David Kent - ronald.kent@dentons.com

Christopher Kozak - ckozak@psrb.com

Cynthia Lasher - clasher@ncs-law.com

Michael M. Marick - mmarick@skarzynski.com

Phillip Alan Martin - pmartin@fmdlegal.com

Harley K Means - hkm@kgrlaw.com

Robert Millner - robert.millner@dentons.com

James P Moloy - jmoloy@boselaw.com

Stephen Jay Peters - speters@kgrlaw.com

Hans Pijls - hans.pijls@dinsmore.com

George Plews - gplews@psrb.com

Abigail E. Rocap - arocap@batescarey.com

Melissa M. Root - mroot@jenner.com

Igor Shleypak - ishleypak@fgppr.com

Heather Elizabeth Simpson - heather.simpson@kennedyscmk.com

Catherine L. Steege - csteege@jenner.com

U.S. Trustee - ustpregion10.in.ecf@usdoj.gov

Susan Walker - susan.walker@dentons.com

Joshua D Weinberg - jweinberg@goodwin.com

      I further certify that on August 22, 2019, a copy of the foregoing *Liberty Insurance Underwriters, Inc.'s Renewed Motion to Withdraw the Reference of the Adversary Proceeding and Joinder to Renewed Motion of ACE American Insurance Company, f/k/a Cigna Insurance Company and TIG Insurance Company to Withdraw the Reference* was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

Dated: August 22, 2019

/s/*Ginny L. Peterson*
Ginny L. Peterson, Attorney No. 20305-41
KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
(317) 636-5917 (Fax)
gpeterson@k-glaw.com

180584\5563197-1