# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS, | Case No. 18-09108-RLM-11 |
| Debtor. | |
| USA GYMNASTICS, | |
| Plaintiff, | |
| v. | Adv. Case No. 19-50012 |
| ACE AMERICAN INSURANCE COMPANY f/k/a CIGNA INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, RSUI INDEMNITY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. f/k/a COMBINED SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP, INC., AMERICAN HOME ASSURANCE COMPANY, AND DOE INSURERS, | |
| Defendants. | |

## EMERGENCY MOTION OF LIBERTY INSURANCE UNDERWRITERS, INC. TO CONTINUE HEARING ON LIU SUMMARY JUDGMENT MOTIONS

Liberty Insurance Underwriters Inc. ("*LIU*") by and through its undersigned counsel, hereby requests entry of an Order, substantially in the form attached hereto as **Exhibit 1**, granting this *Emergency Motion to Continue Hearing on LIU Summary Judgment Motions* (the

9411489

"*Motion to Continue*") seeking a continuance of the hearing currently scheduled for September 17, 2019 on the LIU Summary Judgment Motions (as defined herein) until a ruling by the District Court on the *Renewed Motion of ACE American Insurance Company, f/k/a Cigna Insurance Company and TIG Insurance Company to Withdraw the Reference* [Adv. Pro. Docket No. 192][1] (the "*Renewed Motion to Withdraw Reference*") and LIU's joinder thereto [Adv. Pro. Docket No. 208] (LIU's "*Joinder and Renewed Motion*"),[2] which motions and joinder request that the District Court withdraw the reference of the above-captioned adversary proceeding (the "*Adversary Proceeding*") filed by USA Gymnastics ("*USAG*") against LIU and its co-defendants (collectively, the "*Insurer Defendants*"). In further support of the Motion to Continue, LIU respectfully states as follows:

1. LIU respectfully directs the Court's attention to the Renewed Motion to Withdraw the Reference and the Joinder and Renewed Motion for a recitation of the relevant facts and procedural posture of this Adversary Proceeding.

2. In short, LIU prosecuted the Original Motion to Withdraw Reference before the District Court. The District Court denied the motion without prejudice and with leave to renew the request "if the case does not settle." *See* Dist. Ct. Docket No. 101 (providing that the Original Motion to Withdraw Reference "is DENIED at this time. If the case does not settle, Defendants may renew the motion."). After the District Court denied the Original Motion to

---

[1] As used herein, [Adv. Pro. Docket No. __] shall refer to filings made in the Adversary Proceeding currently pending before this Court (Case No. 19-50012). References to [Dist. Ct. Docket No. __] shall refer to filings made before the District Court for the Southern District of Indiana in the civil action styled Case No. 18-cv-01306-RLY-MPB.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Joinder and Renewed Motion.

2

9411489

Withdraw Reference without prejudice, LIU and its co-Insurer Defendants (the "*Non-LIU Insurers*") engaged with the Debtor in mediation. That mediation remains ongoing.

3. Nevertheless, the Debtor has chosen to schedule a hearing on the *USA Gymnastics' Motion for Partial Summary Judgment* [Adv. Pro. Docket No. 26] and the *Cross-Motion for Summary Judgment of Defendant Liberty Insurance Underwriters Inc.* [Adv. Pro. Docket No. 130] (collectively, the "**LIU Summary Judgment Motions**") for September 17, 2019.³ The Debtor has also scheduled a hearing at that time on separate summary judgment motions filed against certain of the Non-LIU Insurers. Given the District Court's clear instruction that the Insurer Defendants may renew their request to withdraw the reference of the Adversary Proceeding in the event "the case does not settle," coupled with the Debtor effectively abandoning those efforts by forcing a hearing on the summary judgment motions, LIU and certain Non-LIU Insurers have now renewed their original request to withdraw the reference.

4. As the Court is aware, LIU's and the Non-LIU Insurers' renewed requests for withdrawal of the reference remain pending before the Bankruptcy Court. On September 3, 2019, the Debtor filed objections to those pending motions [Adv. Pro. Docket Nos. 209 & 210]. Through its current and prior objections to LIU's requests for withdrawal, the Debtor seems to concede that the Adversary Proceeding is non-core and that LIU has demanded a jury trial—

---

³ The Debtor claims that "the hearing on the Summary Judgment Motions has been scheduled, with LIU's consent, for nearly two months." *USA Gymnastics' Objection to LIU's Emergency Motion to Schedule a Status Conference* [Dist. Ct. Docket No. 109] (the "**USAG Objection**"). Not so. When LIU agreed on July 5 that the LIU Summary Judgment Motions could be set for August 14, it did so on the basis that mediation was scheduled to conclude in advance of any hearing. It was not until August 7 that the Debtor re-noticed the hearing [Adv. Pro. Docket No. 171], which it again rescheduled on August 9 [Adv. Pro. Docket No. 181]. LIU renewed its request for withdrawal of the reference when it became clear that the hearing would go forward while mediation remains ongoing. That request is now fully briefed and awaiting transmittal to the District Court.

3

which are the two factors that courts weigh most heavily when deciding whether to withdraw the reference. However, the Debtor insists, despite case law on which it has relied to the contrary, that the time for withdrawal of the reference and transfer of the Adversary Proceeding to the District Court is not yet ripe because the matter is not yet "trial ready." For the reasons stated in LIU's Joinder and Renewed Motion to Withdraw, LIU respectfully submits that the Debtor is mistaken. *See, e.g.*, *Gecker v. Marathon Fin. Ins. Co.*, 391 B.R. 613, 616 (N.D. Ill. 2008) ("While some courts have suggested that the proper time to renew a motion to withdraw the reference is when the case is 'ready for trial', it may well be that renewal of the motion would be appropriate at an earlier stage. For example, a district court may be inclined to withdraw the reference prior to the filing of dispositive motions on non-core claims in order to avoid the inefficiency of two different judges ruling on essentially the same motion[.]") (internal citation omitted).

5. The local rules permit, but do not require, LIU to file a response to USAG's objection. LIU has elected not to file a reply and has instead filed a *Notice of Completion of Briefing and Request for Transmittal of Documents to U.S. District Court (Case No. 18-cv-01306-RLY-MPB)* [Adv. Pro. Docket No. 218]. Briefing on LIU's Joinder and Renewed Motion is therefore complete, meaning that, pursuant to Local Bankruptcy Rule B-5011-1(f), the time is ripe to transfer the underlying pleadings and record to the District Court for a decision on the merits.

6. Although LIU has requested the transmittal of its Joinder and Renewed Motion and record to the District Court, LIU is also aware that the District Court is under no obligation to act in advance of the September 17 hearing scheduled before this Court on the LIU Summary Judgment Motions. LIU has requested a status conference before the District Court [Dist. Ct.

9411489

Docket No. 108][4] to advise the District Court of recent developments and filings made in the Adversary Proceeding.

7. LIU now files this Motion to Continue to request that the Court continue the hearing on the LIU Summary Judgment Motions to a date following a decision by the District Court concerning LIU's renewed request for withdrawal of the reference. For the reasons stated in its Joinder and Renewed Motion, LIU contends that a hearing before this Court on the LIU Summary Judgment Motions would not promote the efficient use of the parties' resources and judicial resources, given that this Court can only issue a report and recommendation in this non-core proceeding that will then be subject to *de novo* review by the District Court.

8. Even if the District Court were to deny LIU's request, the short delay that would result from a continuance would not materially harm any of the parties. In contrast, proceeding with a hearing on the LIU Summary Judgment Motions before this Court, while a request to withdraw the reference is pending before the District Court, may result in a waste of the parties' resources and judicial resources if the District Court agrees with LIU that the time is ripe for withdrawing the reference and transferring the Adversary Proceeding to the District Court.

9. Accordingly, LIU respectfully requests a brief continuance of the hearing on the LIU Summary Judgment Motions to provide the District Court with an appropriate amount of time to consider LIU's renewed request for withdrawal of the reference of the Adversary Proceeding.

---

[4] Attached hereto as **Exhibits A** and **B**, respectively, are (a) LIU's request to the District Court and (b) the USAG Objection thereto.

9411489

Respectfully submitted,

Dated:  September 6, 2019    LIBERTY INSURANCE UNDERWRITERS INC.

By its attorneys,

/s/    *Ginny L. Peterson*
Ginny L. Peterson, Attorney No. 20305-41
KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
(317) 636-5917 (Fax)
gpeterson@k-glaw.com

-and-

Nancy D. Adams (admitted *pro hac vice*)
Laura B. Stephens (admitted *pro hac vice*)
Mathilda S. McGee-Tubb (admitted *pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 0211
(617) 542-6000
nadams@mintz.com
lbstephens@mintz.com
msmcgee-tubb@mintz.com

-and-

Douglas R. Gooding (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5277
dgooding@choate.com
jmarshall@choate.com

*Counsel for Liberty Insurance Underwriters Inc.*

9411489

# **EXHIBIT 1**

**Proposed Order Granting Emergency Motion to Continue Hearing**

9411489

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| USA GYMNASTICS, | ) Case No. 18-09108-RLM-11 |
| Debtor. | ) |
| USA GYMNASTICS, | ) |
| Plaintiff, | ) |
| v. | ) Adv. Case No. 19-50012 |
| ACE AMERICAN INSURANCE COMPANY f/k/a CIGNA INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, RSUI INDEMNITY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. f/k/a COMBINED SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP, INC., AMERICAN HOME ASSURANCE COMPANY, AND DOE INSURERS, | ) |
| Defendants. | ) |

### ORDER GRANTING EMERGENCY MOTION OF
### LIBERTY INSURANCE UNDERWRITERS, INC. TO
### CONTINUE HEARING ON LIU SUMMARY JUDGMENT MOTIONS

The matter having come before the Court on the *Emergency Motion to Continue Hearing on LIU Summary Judgment Motions* (the "**Motion to Continue**") filed by Liberty Insurance

9411489

Underwriters, Inc.; and the Court having considered the Motion for a Status Conference and being duly advised does hereby ORDER that the relief requested therein is hereby GRANTED. The September 17, 2019 hearing on the LIU Summary Judgment Motions is hereby VACATED and shall be rescheduled for a future date to be determined by the Court.

DATED: _____       _____
                                              HONORABLE ROBYN L. MOBERLY

9411489

# **EXHIBIT A**

**LIU's Motion for Status Conference filed in the District Court**

9411489

## **EXHIBIT B**

**USAG Objection to LIU's Motion for Status Conference filed in the District Court**

Case 19-50012    Doc 219    Filed 09/06/19    EOD 09/06/19 17:51:56    Pg 11 of 13

9411489

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Steven Baldwin - sbaldwin@psrb.com

Tonya J. Bond - tbond@psrb.com

Wendy D Brewer - wbrewer@fmdlegal.com

George Calhoun, IV  - george@ifrahlaw.com

Karen M Dixon - kdixon@skarzynski.com

Jeffrey B. Fecht - jfecht@rbelaw.com

Scott Patrick Fisher - sfisher@drewrysimmons.com

Eric D Freed - efreed@cozen.com

Gregory Michael Gotwald - ggotwald@psrb.com

Susan N Gummow - sgummow@fgppr.com

Katherine Hance - khance@goodwin.com

Cassandra Jones - cjones@walkerwilcox.com

Bruce L. Kamplain - bkamplain@ncs-law.com

Kevin P Kamraczewski - kevin@kevinklaw.com

Ronald David Kent - ronald.kent@dentons.com

Christopher Kozak - ckozak@psrb.com

Cynthia Lasher - clasher@ncs-law.com

Michael M. Marick - mmarick@skarzynski.com

Phillip Alan Martin - pmartin@fmdlegal.com

Harley K Means - hkm@kgrlaw.com

Robert Millner - robert.millner@dentons.com

9411489

James P Moloy - jmoloy@boselaw.com

Stephen Jay Peters - speters@kgrlaw.com

Hans Pijls - hans.pijls@dinsmore.com

George Plews - gplews@psrb.com

Abigail E. Rocap - arocap@batescarey.com

Melissa M. Root - mroot@jenner.com

Igor Shleypak - ishleypak@fgppr.com

Heather Elizabeth Simpson - heather.simpson@kennedyscmk.com

Catherine L. Steege - csteege@jenner.com

U.S. Trustee - ustpregion10.in.ecf@usdoj.gov

Susan Walker - susan.walker@dentons.com

Joshua D Weinberg - jweinberg@goodwin.com

Dated:  August 29, 2019	/s/*Ginny L. Peterson*
	Ginny L. Peterson, Attorney No. 20305-41
	KIGHTLINGER & GRAY, LLP
	One Indiana Square, Suite 300
	211 North Pennsylvania Street
	Indianapolis, IN 46204
	(317) 638-4521
	(317) 636-5917 (Fax)
	gpeterson@k-glaw.com

180584\5602000-1

13

9411489