# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| USA GYMNASTICS, | ) Case No. 18-09108-RLM-11 |
| Debtor. | ) |
| USA GYMNASTICS, | ) |
| Plaintiff, | ) |
| v. | ) Adv. Case No. 19-50012 |
| ACE AMERICAN INSURANCE COMPANY f/k/a CIGNA INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, RSUI INDEMNITY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. f/k/a COMBINED SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP, INC., AMERICAN HOME ASSURANCE COMPANY, AND DOE INSURERS, | ) |
| Defendants. | ) |

## TIG INSURANCE COMPANY'S EMERGENCY MOTION TO CONTINUE HEARING ON USA GYMNASTICS' MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 173]

TIG Insurance Company ("TIG"), one of the named defendants in the above-captioned adversary proceeding, hereby requests a continuance of the hearing currently scheduled for September 17, 2019 with respect to Debtor USA Gymnastics' ("USAG") Motion for Partial

**Error! Unknown document property name.**

Summary Judgment Against TIG [Dkt. 173] (the "USAG Motion") to allow sufficient time for briefing to be completed on TIG's Cross-Motion for Partial Summary Judgment [Dkt. 214] (the "Chubb Cross-Motion") on the same issues, so that the USAG Motion and the TIG Cross-Motion can be heard together.  TIG further requests that those motions be scheduled with USAG's later-filed summary judgment motion against TIG [Dkt. 204].  In further support of this Motion to Continue, TIG states as follows:

## BACKGROUND

On April 6, 2018, USA Gymnastics ("*USAG*") filed a coverage action in Indiana state court against its insurers, including most of the defendants named in this Adversary Proceeding, relating to lawsuits brought by survivors of abuse perpetrated by Larry Nassar and others.  *See* Complaint for Breach of Insurance Policy and Declaratory Judgment of Coverage, Indiana Superior Court Case No. 49D01-1804-PL-013423.  The defendants timely removed that action to the District Court.  On July 9, 2018, the District Court stayed the action while USAG sought to resolve the claims of Nassar's victims through mediation.  On November 5, 2018, the District Court lifted the stay after the settlement attempts were unsuccessful.  On November 30, 2018, the parties submitted a proposed case management plan with deadlines through trial.  On December 4, 2018, defendant Liberty Insurance Underwriters ("LIU") filed a Motion to Dismiss.

On December 5, 2018, USAG filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) in the Bankruptcy Court.  On December 14, 2018, USAG filed a "Notice of Stay Due to Bankruptcy" in the District Court proceeding, asserting (incorrectly) that the action was automatically stayed by USAG's

2

bankruptcy filing.  *See* District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 70**.[1]**  On January 25, 2019, citing USAG's bankruptcy filing and the operation of the automatic stay under 11 U.S.C. § 362, the District Court administratively closed USAG's coverage action against its insurers without prejudice, permitting the parties to move to reopen the case within 60 days after the conclusion of USAG's bankruptcy proceedings.  *See* Order Administratively Closing Case, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 72**.**

On February 1, 2019, USAG commenced this Adversary Proceeding against its insurers in the Bankruptcy Court, seeking to litigate the same claims raised in USAG's initial complaint against its insurers.  On March 1, 2019, USAG filed a motion for partial summary judgment against LIU, raising many of the same issues set forth in LIU's motion in the District Court and effectively resetting the same litigation in a new venue.  In its Adversary Complaint, USAG asks the Bankruptcy Court to determine the extent of USAG's coverage under insurance policies issued by multiple carriers spanning over two decades and to resolve claims regarding the insurers' alleged pre-petition breaches of pre-petition insurance policies.  These are classic non-core state law claims, which the Bankruptcy Court has no statutory or the constitutional authority to finally adjudicate.

Therefore, on March 5, 2019, the defendants filed a Joint Motion to Withdraw the Reference of the Adversary Proceeding (Dkt. No. 37) ("***Motion to Withdraw the Reference***")

---

[1] The automatic stay of 11 U.S.C. § 362(a)(1) did not apply to stay the District Court action. As USAG was the plaintiff in the action and had no risk of monetary liability to the defendants, continued litigation of the District Court action did not constitute the continuation of an "[a]ction or proceeding *against* the debtor," which is barred by the automatic stay.  11 U.S.C. § 362(a)(1) (emphasis added).  *See* discussion *infra* pp. 12-13.  USAG contends that by opposing its claims, the insurers would have been acting to control property of the estate.  But that contention is wrong – insurers may defend a coverage action without exercising control over property of the estate.  In seeking declarations of coverage, USAG put at issue the scope of its property interests in an offensive proceeding as to which the automatic stay does not apply.

3

pursuant to 28 U.S.C. § 157(d), as well as a Motion for Stay of the Adversary Proceeding (Dkt. No. 38) pending the District Court's ruling on the Motion to Withdraw the Reference ("***Motion for Stay Pending Withdrawal***").  USAG and the defendants agreed to delay the hearing on the Motion for Stay Pending Withdrawal four times while they focused on scheduling mediation of the insurance coverage claims and underlying tort claims.

In May 2019, USAG submitted a motion to appoint a settlement judge to preside over a mediation of both the insurance coverage disputes and the sexual abuse claims.  *See* Debtor's Motion to Refer Sexual Abuse Claims and Insurance Coverage Disputes to Mediation and to Appoint the Honorable Gregg W. Zive as Mediator, S.D. Ind. Bankr. Case No. 18-09108-RLM-11, Dkt. No. 452.  The Court granted that motion on May 17, 2019.  *See* Order Granting Debtor's Motion to Refer Sexual Abuse Claims and Insurance Coverage Disputes to Mediation and to Appoint the Honorable Gregg W. Zive as Mediator, S.D. Ind. Bankr. Case No. 18-09108-RLM-11, Dkt. No. 514.

On June 3, 2019, USAG and all defendants aside from LIU, having agreed to focus on mediation rather than litigation, submitted a Notice of Submission of Agreed Order Granting Motion for Stay on an Interim Basis with Respect to Non-LIU Defendants (Dkt. No. 150).  The Bankruptcy Court entered the agreed order on June 7, 2019, enacting the Mediation Stay and setting an omnibus "final hearing" on the motion for September 18, 2019.  *See* Dkt. No. 155.  As part of the same agreement with USAG, the insurer defendants agreed to temporarily withdraw their Motion to Withdraw the Reference without prejudice to refiling that motion if mediation proved unsuccessful.  On June 10, 2019, the parties informed the District Court in a telephonic status conference of their agreement to focus on mediation of the underlying claims against USAG as well as the insurance coverage issues.  Based on the representations of the

4

parties and "with the understanding that the parties [were] focusing their efforts on the July mediation," on June 11, 2019, the District Court denied the Motion to Withdraw the Reference without prejudice to renewing the motion if the case failed to settle.[2]

Neither the mediator nor the parties have declared an impasse in the mediation. On August 7, 2019, in the midst of mediation, USAG filed dispositive motions against TIG and AAIC in the Bankruptcy Court, seeking summary judgment on certain claims against those insurers, purportedly to further its negotiations with the claimants. *See* Dkt. Nos. 173; 174-75. USAG did not move to lift the Mediation Stay or otherwise acknowledge the existence of the Mediation Stay in either motion. Both of these dispositive motions violated both the Mediation Stay entered by the court and the express agreement between USAG and its insurers to pause this litigation in order to mediate the insurance coverage disputes. Had TIG known that USAG would file dispositive motions in violation of this Court's agreed stay order, it would not have agreed to withdraw the Motion to Withdraw the Reference.

USAG also moved to shorten the notice periods and expedite hearings for both dispositive motions, seeking to limit AAIC's and TIG's time to respond to one week. *See* Dkt. Nos. 177 and 178. On August 9, 2019 the Court denied both motions to shorten notice and expedite the hearings, granting AAIC and TIG until September 5, 2019 to file responses, and setting a hearing on the dispositive motions for September 17, 2019. *See* Dkt. Nos. 182-83.

On August 27, 2019, USAG filed an additional motion for partial summary judgment relating to lost policies allegedly issued by TIG. *See* Dkt. Nos. 204-205 (together with

---

[2] *See* Order on Defendants' Joint Motion to Withdraw the Reference of the Adversary Proceeding, Liberty Insurance Underwriters Inc.'s Renewed Motion for Stay of the Adversary Proceeding, and Liberty Insurance Underwriters Inc.'s Motion to Schedule an Expedited Hearing on Renewed Motion for Stay of the Adversary Proceeding, District Court Case No. 1:18-cv-01306-RLY-MPB, Dkt. No. 101.

5

USAG's first motion as to TIG, the "TIG Summary Judgment Motions"). TIG's opposition to that motion is due on September 24, 2019. USAG would then have 14 days to reply. That motion is not yet set for hearing.

On September 5, 2019, TIG filed its opposition and cross-motion for summary judgment with respect to USAG's original motion for partial summary judgment as to TIG. *See* Dkt. No. 214. USAG's opposition to the cross-motion is due on October 3, 2019, and TIG has until October 17, 2019 to file its reply brief. TIG's cross-motion is not yet set for hearing.

## ARGUMENT

The Court should continue the hearing dates on the TIG Summary Judgment Motion for several reasons. First, continuing the hearing until the District Court has had an opportunity to consider the Renewed Motion to Withdraw the Reference will eliminate a potential waste of judicial resources and duplicative briefing. To the extent that the District Court grants the Renewed Motion to Withdraw the Reference, the parties will have incurred unnecessary time and expense in preparing for and attending a premature hearing before this Court only to repeat the entire process before the District Court. To the extent that the District Court does not grant the Renewed Motion to Withdraw the Reference, the parties can promptly proceed to a hearing before this Court at that time. It is both logical and efficient to determine which forum will hear the summary judgment motions *prior* to conducting the summary judgment hearing. The insurers previously sought relief on this issue back in March 2019 and, presumably, would have obtained a ruling by now but for their agreement with USAG to participate in a global mediation and stay the litigation. TIG should not be penalized for its compliance with the stay.

6

Second, the pending motions and cross-motions for summary judgment are on several different tracks, with different hearing dates. Whereas USAG's first motion for partial summary judgment against TIG is set for a hearing on September 17, TIG filed a cross-motion for summary judgment, which has briefing through mid-October and no hearing date scheduled. AAIC likewise has a cross-motion pending under that briefing schedule. It would be inefficient to proceed with a hearing on USAG's motions while briefing is ongoing on TIG's and AAIC's cross-motions for summary judgment. In addition, USAG filed a second motion for partial summary judgment against TIG, which will not be fully briefed until early October and has no hearing date scheduled. It is respectfully submitted that the Court should place all of the various motions and cross-motions on for a hearing on the same date. The current piecemeal procedure is inappropriate, inefficient, and will multiply litigation costs for all parties. There is no prejudice to USAG in consolidating the schedules.

USAG has attempted to justify its request purported need for immediate relief despite the Court's stay order by making several inappropriate contentions about the mediation positions of the parties. TIG vehemently disagrees with those contentions, which arguably violate the mediation privilege. The reality is that settlement efforts remain ongoing, and TIG continues to negotiate in good faith towards a possible resolution. The appropriate manner for USAG to proceed would have been for USAG to seek relief from the stay or declare an impasse and then to move forward with litigation. As it is, USAG's actions taken in violation of an existing stay order should be considered void. *See Matthews v. Rosene,* 739 F.2d 249, 251 (7th Cir. 1984) (interpreting statutory predecessor of § 362); In re Richardson, 497 B.R. 546 (Bankr. S.D. Ind. 2013) (actions taken in violation of automatic stay are void).

Stated simply, there is no need to rush forward with hearings on summary judgment issues in a piece-meal fashion while mediation is ongoing and before any discovery in the adversary proceeding (or even responsive pleadings). All that USAG's motions are accomplishing is forcing the insurers into litigation posture that is completely at odds with the parties' ongoing mediation efforts. To the extent the motions and cross-motions do go forward, however, they should be heard at the same time after the briefing is completed and the Court has had an opportunity to review all of the parties' submissions.

## **CONCLUSION**

For the foregoing reasons, TIG respectfully requests that the TIG Summary Judgment Motions be continued to a date to be determined after the District Court rules on the Renewed Motion to Withdraw the Reference. In the alternative, TIG requests that the hearing on the TIG Summary Judgment Motions be continued until at least October 19, 2019, after the briefing is fully completed on both the motions and cross-motions.

Dated: September 9, 2019         By      */s/ George R. Calhoun*
                                    Scott P. Fisher, Attorney No. 26813-49
                                    DREWRY SIMMONS VORNEHM, LLP
                                    736 Hanover Place, Suite 200
                                    Carmel, IN 46032
                                    (317) 580-4848
                                    (317) 580-4855 (Fax)
                                    sfisher@dsvlaw.com

                                    George R. Calhoun (admitted pro hac vice)
                                    IFRAH LAW
                                    1717 Pennsylvania Avenue NW, Suite 650
                                    Washington, DC 20006
                                    (202) 524-4147
                                    george@ifrahlaw.com

Heather E. Simpson (admitted pro hac vice)
KENNEDYS CMK LLP
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920
(908) 848-6300
heather.simpson@kennedyslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2019, a copy of the foregoing TIG Insurance Company's Emergency Motion To Continue Hearing On USA Gymnastics' Motion For Partial Summary Judgment [Dkt. 173] was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

By  */s/ George R. Calhoun*
George R. Calhoun (admitted pro hac vice)
IFRAH LAW
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
(202) 524-4147
george@ifrahlaw.com