IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: <br><br> USA GYMNASTICS,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-09108-RLM-11 |
| USA GYMNASTICS, <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY (f/k/a CIGNA INSURANCE COMPANY), AMERICAN HOME ASSURANCE COMPANY (N/K/A AIG), GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. (f/k/a COMBINED SPECIALTY INSURANCE COMPANY), and DOE INSURERS, <br><br> Defendants. | Adv. Case. No. 19-50012 |

**MOTION TO DISMISS**
**SETTLING INSURERS WITH PREJUDICE**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure, USA Gymnastics, as debtor and debtor in possession in the above-captioned chapter 11 case (the

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 1099 N. Meridian St., Suite 800, Indianapolis, Indiana 46204.

"**Debtor**"), hereby moves to dismiss ACE American Insurance Company (f/k/a CIGNA Insurance Company), American Home Assurance Company (n/k/a AIG), Great American Assurance Company, National Casualty Company, TIG Insurance Company, and Virginia Surety Company (f/k/a Combined Specialty Insurance Company) (together, the "**Settling Insurers**") from this adversary proceeding with prejudice, with each party to bear its own attorneys' fees and costs. In support, USAG states:

1.  USAG filed its *Complaint for Breach of Insurance Policy and Declaratory Judgment of Coverage* ("**Complaint**") in this adversary proceeding on February 1, 2019, against its insurers, including the Settling Insurers. (Adv Dkt. 1.) Thereafter, certain Settling Insurers answered the Complaint (*see* Adv. Dkts. 493, 494, 500), and the parties litigated numerous motions for summary judgment concerning various coverage disputes (*see* Adv. Dkts. 173, 174, 204, 214, 216, 406.)

2.  On December 13, 2021, USAG and the Additional Tort Claimants Committee of Sexual Abuse Survivors (the "**Survivors' Committee**") filed the *Modified Third Amended Joint Chapter 11 Plan of Reorganization Proposed By USA Gymnastics and the Additional Tort Claimants Committee of Sexual Abuse Survivors* [Bankr. Dkt. 1764] (the "**Plan**"). The Plan implements a global settlement between USAG, the Survivors' Committee, the Settling Insurers, and other parties to fund a trust to make distributions to survivors asserting sexual abuse claims. (Plan §§ 3.2, 9.2.2.)

3.  On December 16, 2021, this Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Third Amended Joint Chapter 11 Plan of Reorganization Proposed By USA Gymnastics and the Additional Tort Claimants Committee of Sexual Abuse Survivors* [Bankr. Dkt. 1776] (the "**Confirmation Order**").

4.     The Settling Insurers initially refused to close on their obligations under the Plan and Confirmation Order due to an appeal file by Liberty Insurance Underwriters Inc. ("**LIU**"). Following a mediation presided over by the Honorable James Carr, on March 16, 2022, the District Court entered a stipulation between LIU, the Settling Insurers, and the Debtor limiting the issues in LIU's appeal and providing for other relief. The Debtor sought and obtained approval of the stipulation based on the Settling Insurers' waiver of the condition set forth in Section 17.1 of the Plan that the Confirmation Order be a final order no longer subject to an appeal. Although the Settling Insurers agreed that they had waived the finality condition and would close under the Plan following the entry of the stipulation, following the stipulation's entry, certain of the Settling Insurers took the position that they had to wait an additional 30 days, until April 18, 2022, to close. The Debtor agreed to forgo seeking immediate relief against these Settling Insurers provided they in fact closed on or before April 18, 2022. Based on the Settling Insurers' commitments that they would each make their Agreed CGL Insurer Payments by April 18, 2022, the Debtor expects that by the hearing on this Motion each of the Settling Insurers will have made their Agreed CGL Insurer Payment and it will be appropriate to dismiss each of the Settling Insurers from this adversary proceeding with prejudice.

5.     Accordingly, USAG moves to dismiss the Settling Insurers from this adversary proceeding consistent with the terms of the Confirmation Order and the Plan following receipt of the Agreed CGL Insurer Payments.

**WHEREFORE**, USAG respectfully requests that the Court enter an Order substantially in the form attached as <u>Exhibit A</u>, dismissing the Settling Insurers from the above-captioned adversary proceeding with prejudice, with each party to bear its own costs, and granting such other relief as may be just.

Dated: April 7, 2022

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine L. Steege*
Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

-and-

**PLEWS SHADLEY RACHER & BRAUN LLP**
George M. Plews (#6274-49)
Gregory M. Gotwald (#24911-49)
Tonya J. Bond (#24802-49)
Christopher E. Kozak (#35554-49)
1346 N. Delaware St.
Indianapolis, IN 46202
Tel: 317.637.0700
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
ckozak@psrb.com

*Counsel for the Debtor*

**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |
| USA GYMNASTICS,<br><br>        Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY (f/k/a CIGNA INSURANCE COMPANY), AMERICAN HOME ASSURANCE COMPANY (N/K/A AIG), GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE | Adv. Case. No. 19-50012 |

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 1099 N. Meridian St., Suite 800, Indianapolis, Indiana 46204.

> UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. (f/k/a COMBINED SPECIALTY INSURANCE COMPANY), and DOE INSURERS,
>
> Defendants.

**ORDER GRANTING MOTION TO DISMISS**
**SETTLING INSURERS WITH PREJUDICE**

This matter came before the Court on the *Motion to Dismiss Settling Insurers With Prejudice* (the "**Motion to Dismiss**") for an order, pursuant to Federal Rule of Civil Procedure 41(a)(2), made applicable herein by Rule 7041 of the Federal Rules of Bankruptcy Procedure, and pursuant to the terms of the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Third Amended Joint Chapter 11 Plan of Reorganization Proposed By USA Gymnastics and the Additional Tort Claimants Committee of Sexual Abuse Survivors* [Bankr. Dkt. 1776], dismissing certain settling insurers from the above-captioned adversary proceeding; after due deliberation, and good and sufficient cause appearing therefore, the Court hereby determines the Motion to Dismiss should be GRANTED.

IT IS HEREBY ORDERED:

1. The Motion to Dismiss is granted.

2. ACE American Insurance Company (f/k/a CIGNA Insurance Company), American Home Assurance Company (n/k/a AIG), Great American Assurance Company, National Casualty Company, TIG Insurance Company, and Virginia Surety Company (f/k/a Combined Specialty Insurance Company) are dismissed from the above-captioned adversary proceeding with prejudice. Each party shall bear its own fees incurred in connection with this Adversary Proceeding and costs.

###

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing *Motion to Dismiss Settling Insurers With Prejudice* was filed electronically on the date stated above. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*/s/ Catherine L. Steege*
*Counsel for the Debtor*