# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: <br><br> USA GYMNASTICS, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-09108-RLM-11 |
| USA GYMNASTICS, <br><br> Plaintiff, <br><br> vs. <br><br> ACE AMERICAN INSURANCE COMPANY f/k/a CIGNA INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, RSUI INDEMNITY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. f/k/a COMBINED SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP, INC., and AMERICAN HOME ASSURANCE COMPANY, AND DOE INSURERS, <br><br> Defendants. | Bankr. Adv. Case No. 19-50012 |

**LIMITED OBJECTION OF LIBERTY INSURANCE UNDERWRITERS INC. TO MOTION TO DISMISS SETTLING INSURERS WITH PREJUDICE**

Liberty Insurance Underwriters Inc. ("LIU") respectfully submits the following limited objection to the Motion to Dismiss Settling Insurers with Prejudice (ECF 630, the "Motion") filed by Plaintiff USA Gymnastics ("USAG"), and in support thereof states as follows:

1. LIU does not oppose dismissal of USAG's claims against the Settling Insurers[1] in principle. However, this Court has neither the jurisdiction nor power to enter an order dismissing those claims. Rather, this Court should dismiss the Motion and direct USAG to refile it in the District Court, which has both the jurisdiction and power to address it.

2. As LIU has previously argued, after confirmation of USAG's Plan, this Court no longer has jurisdiction to hear this adversary proceeding, even as a non-core proceeding. LIU has addressed this issue at length in its briefs on appeal of the Confirmation Order (District Court Case No. 1:21-cv-03065-RLY-MPB ECF 33, 44), which are incorporated herein by reference.

3. Even if this Court may retain jurisdiction over this proceeding, it lacks the power to enter an order granting the Motion. In a non-core proceeding, a bankruptcy judge may not enter a final order. 28 U.S.C. § 157(c)(1) ("any final order or judgment shall be entered by the district judge"). As this Court has previously recognized in this adversary proceeding when it entered orders resolving some of the pending claims, this Court can only enter proposed orders for the District Court's consideration, not final orders resolving claims. (*See, e.g.,* ECF 260, 496, 571.) Accordingly, this Court does not have the power pursuant to Section 157(c)(1) to enter an order resolving the Motion.

4. Several weeks ago, USAG asked LIU if it would agree to a stipulation of dismissal of the claims against the Settling Insurers. LIU said it would agree to such a stipulation provided it is submitted to the District Court. LIU specifically explained why LIU believes such a stipulation must be submitted to the District Court, for the reasons

---

[1] Capitalized terms used but not define herein shall bear the meaning defined in the Motion.

2

stated above. Instead of proceeding with a stipulation filed in the proper court, as LIU proposed, or otherwise responding to LIU's proposal and explaining why it disagreed, LIU filed the instant Motion.

WHEREFORE, LIU respectfully requests that this Court dismiss the Motion and direct USAG to refile it in the District Court.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

*/s/ Ronald P. Schiller*
Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted pro hac vice)
Bonnie M. Hoffman (admitted *pro hac vice*)
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200 (telephone)
(215) 568-0300 (facsimile)
rchiller@hangley.com
mhamermesh@hangley.com
bhoffman@hangley.com

and

KIGHTLINGER & GRAY, LLP
Ginny L. Peterson, ID No. 20305-41
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521
gpeterson@k-glaw.com

Dated: April 15, 2022            *Counsel for Liberty Insurance Underwriters Inc.*

3