IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: <br><br> USA GYMNASTICS,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-09108-RLM-11 |
| USA GYMNASTICS, <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY (f/k/a CIGNA INSURANCE COMPANY), AMERICAN HOME ASSURANCE COMPANY (N/K/A AIG), GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. (f/k/a COMBINED SPECIALTY INSURANCE COMPANY), and DOE INSURERS, <br><br> Defendants. | Adv. Case. No. 19-50012 |

**REPLY IN SUPPORT OF MOTION TO DISMISS
SETTLING INSURERS WITH PREJUDICE**

USA Gymnastics ("USAG") respectfully submits its Reply in Support of its *Motion To Dismiss Settling Insurers With Prejudice* (Dkt. 630, "**Motion**") and in Response to the *Limited*

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 1099 N. Meridian St., Suite 800, Indianapolis, Indiana 46204.

*Objection of Liberty Insurance Underwriters Inc. To Motion To Dismiss Settling Insurers With Prejudice* (Dkt. 632, "**Objection**"), and states:

1.  Liberty Insurance Underwriters, Inc. ("**LIU**") bases its Objection to USAG's Motion on a nonsensical proposition: that the District Court retains its "related to" jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) but this Court has lost its jurisdiction under the same statute merely because it entered an order confirming USAG's plan of reorganization. Although binding Seventh Circuit authority, *Bush v. United States*, 939 F.3d 839, 846 (7th Cir. 2019), holds that "related-to jurisdiction must be assessed *at the outset of the dispute*," making confirmation of USAG's plan irrelevant to the jurisdictional analysis, LIU argues that USAG should be ordered to "refile [its Motion] in the District Court" because that is the only Court that can grant its Motion. (Obj. at 3.) LIU never explains how the District Court can retain jurisdiction but this Court, which acts a "unit" of the District Court, cannot do so. 28 U.S.C. §§ 151, 157(a)(1).

2.  LIU's illogical argument has no credible explanation. Section 1334(b) of the United States Judicial Code places all federal bankruptcy jurisdiction in the district courts in the first instance. 28 U.S.C. §1334(b) ("the *district courts* shall have original but not exclusive jurisdiction of all civil proceedings ... related to cases under title 11") (emphasis added). Section 157(a)(1) allows the district courts to refer their jurisdiction to the bankruptcy judges of their judicial district which the District Court has done here pursuant to its Local Rule 83-8. 28 U.S.C. §157(a)(1); *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 679-81 (2015). The District Court has not withdrawn the reference of this adversary proceeding from this Court despite LIU asking it to do so on two separate occasions. (*See* Dist. Case No. 18-cv-01306, Dkt. 75, 108, 119.) Therefore this Court continues to exercise the jurisdiction of the District Court as a "unit" of the District

Court. 28 U.S.C. §§ 151(a), 157(a)(1). Accordingly, the Court has jurisdiction to enter an order dismissing the Settling Insurers from this adversary proceeding each of which has consented to the entry of the proposed Order.

3. One has to ask why LIU would object to an order of dismissal that has zero impact on LIU and that has no basis under the law. Shortly after LIU filed the Motion, USAG tried to get an answer to this question; it sent a letter to LIU's counsel asking why LIU was objecting to what should be a *pro forma* administrative event, set forth the legal bases against the Motion, and asked that LIU withdraw the Motion. LIU has not done so. As it has done throughout this case, LIU is trying to exact leverage over the chapter 11 process. It appealed this Court's Confirmation Order to prevent USAG from closing the transactions required under the plan of reorganization. LIU only relinquished its position once it extracted releases from the Settling Insurers of any contribution claims against LIU. Now that the Settling Insurers are ready to close, LIU has thrown up another road block by objecting to the dismissal of the adversary proceeding against the Settling Insurers. LIU apparently hopes that by filing its Objection, it will accomplish what it has failed to accomplish with its two separate motions to withdraw the reference: force USAG to proceed in the District Court on its remaining claims against LIU rather than in this Court. But even the Seventh Circuit, which largely rejected LIU's recent appeal, remanded the unresolved issues against LIU "to the district court *and bankruptcy court* for those proceedings." *See USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 534 (7th Cir. 2022) (emphasis added).

4. LIU's Motion was filed for an improper purpose. It has no basis in the law. Its only purpose was to advance LIU's misguided efforts to evade further litigation in this Court. The Court should deny LIU's Objection and allow USAG to clear the last hurdle to its plan of reorganization becoming effective.

**WHEREFORE**, USAG respectfully requests that the Court overrule LIU's Objection, enter an Order substantially in the form attached of Exhibit A to its Motion, dismissing the Settling Insurers from the above-captioned adversary proceeding with prejudice, with each party to bear its own costs, and granting such other relief as may be just.

Dated: April 18, 2022

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Catherine L. Steege*
Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

-and-

**PLEWS SHADLEY RACHER & BRAUN LLP**
George M. Plews (#6274-49)
Gregory M. Gotwald (#24911-49)
Tonya J. Bond (#24802-49)
Christopher E. Kozak (#35554-49)
1346 N. Delaware St.
Indianapolis, IN 46202
Tel: 317.637.0700
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
ckozak@psrb.com

*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing *Reply In Support Of Motion to Dismiss Settling Reply In Support Of Insurers With Prejudice* was filed electronically on the date stated above. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

                                                    */s/ Catherine L. Steege*
                                                    *Counsel for the Debtor*