# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |
| USA GYMNASTICS,<br><br>Plaintiff,<br><br>vs.<br><br>ACE AMERICAN INSURANCE COMPANY f/k/a CIGNA INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS INC., NATIONAL CASUALTY COMPANY, RSUI INDEMNITY COMPANY, TIG INSURANCE COMPANY, VIRGINIA SURETY COMPANY, INC. f/k/a COMBINED SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP, INC., and AMERICAN HOME ASSURANCE COMPANY, AND DOE INSURERS,<br><br>Defendants. | Bankr. Adv. Case No. 19-50012 |

**LIBERTY INSURANCE UNDERWRITERS INC.'S RULE 56(d) MOTION FOR LEAVE TO TAKE DISCOVERY REGARDING FACTUAL ISSUES RAISED IN USA GYMNASTICS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST LIU ON INDEMNITY AND TO EXTEND TIME TO RESPOND TO PENDING SUMMARY JUDGMENT MOTION**

Pursuant to Federal Rule of Civil Procedure 56(d) and Federal Rule of Bankruptcy Procedure 7056, Liberty Insurance Underwriters Inc. ("LIU") respectfully moves for leave to take discovery, without which LIU cannot present facts essential to justifying its opposition to USA Gymnastics' ("USAG") Motion for Partial Summary Judgment Against LIU on Indemnity (the "Indemnity Motion"). As set forth more fully in the accompanying declaration and brief, LIU states the following:

1. USAG's Indemnity Motion seeks summary judgment on LIU's duty to indemnify USAG for $5 million, as a result of a settlement agreement and Chapter 11 Bankruptcy Plan agreed to by USAG, the Nassar Litigation Plaintiffs, and certain of USAG's insurers, which resolved the sexual-abuse claims against USAG.

2. USAG's Indemnity Motion is premature. LIU has not had, but needs, an opportunity to conduct discovery to present facts essential to support its opposition to the Indemnity Motion that have not previously been available to LIU.

3. As a result, pursuant to Federal Rule of Civil Procedure 56(d), the Court[1] should grant LIU leave to take the required discovery and extend LIU's deadline to respond to the Indemnity Motion.[2]

---

[1] LIU has previously argued, and continues to argue on appeal to the district court, that this Court no longer has jurisdiction to hear this adversary proceeding. Nonetheless, because this Court has rejected that position, and without prejudice to LIU's jurisdictional arguments, LIU seeks leave to conduct discovery here. Regardless of what court has jurisdiction over further proceedings concerning USAG's claims against LIU, the discovery at issue in this Motion will need to be conducted. LIU agrees that any discovery conducted under the auspices of this Court will be applicable in proceedings on USAG's claims in any other court, without prejudice to LIU's right to challenge any rulings of this Court on any appropriate grounds.

[2] USAG has agreed that, if this Motion is denied, LIU will have two weeks to respond to the Indemnity Motion.

4. LIU needs discovery on at least four significant issues in order to respond to the Indemnity Motion.

5. *First*, a central issue raised by the Indemnity Motion is a sublimit in the LIU Policy for "Third Party EPL." *See* LIU Policy, Endorsement No. 6, Ex. 1 to Schiller Decl. (hereinafter, the "LIU Policy" or the "Policy"). By seeking summary judgment on the applicability of the sublimit for Third Party EPL, the Indemnity Motion ignores the Seventh Circuit Court of Appeals' recent decision reversing the prior decision on this issue, and remanding for fact finding.[3] *See USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499 (7th Cir. 2022) ("the Appeal"). The Court of Appeals held that "[t]here may be a $250,000 aggregate limit for some or all of the covered claims, subject to what the actual extrinsic evidence shows about the parties' conduct and what the term they inserted into the policy meant. *Because more fact finding is required to resolve this question, this portion of the case is remanded to the district court for that to be accomplished.*" *Id.* at 533 (emphasis added). To date, the parties have not engaged in discovery about the sublimit or the fact-finding discussed by the Court of Appeals, which LIU needs. *See* Schiller Decl., ¶¶ 7-13. For that reason alone, the Court should grant this Rule 56(d) Motion.

6. *Second*, the Indemnity Motion also seeks summary judgment on the applicability of the Consent Requirement of the **Defense Costs and Settlements Provision** in the LIU Policy, which states that "[t]he **Insureds** shall not ... make any

---

[3] As LIU has demanded a jury trial and has not consented to such a trial occurring in the bankruptcy court, *see* Adv. Proc. ECF 105, at 7, any fact finding concerning USAG's indemnity claim must occur before a jury in the district court, even if this Court has subject-matter jurisdiction to continue hearing this action prior to trial. 28 U.S.C. § 157(e).

2

settlement offer with respect to any **Claim** without the Insurer's prior written consent... The Insurer shall not be liable for any ... settlements made by the **Insureds** without the Insurer's prior written consent." LIU Policy, § 2.2. It is undisputed that USAG did not comply with its obligation under the **Defense Costs and Settlements** clause.[4] To escape that breach of the LIU Policy's terms, USAG makes a litany of arguments about how LIU supposedly forfeited its rights by materially breaching the LIU Policy. But many of these arguments are fact-intensive and require additional discovery before they can be resolved. *See* Schiller Decl., ¶¶ 14-19.

7. *Third*, the Indemnity Motion also seeks summary judgment on the applicability of the LIU Policy's **Other Insurance** Clause to USAG's indemnity claim. In support of this request, USAG relies entirely on its own conclusory assertions that the LIU Policy is not "concurrent" with the policies issued by USAG's other insurers and that the policies are not for the benefit of the same entities. *See* Adv. Proc. 637, at 28-30. To rebut these naked assertions, LIU needs to take discovery from USAG, including of the policies issued by USAG's other insurers, USAG's coverage correspondence with the other insurers, and any coverage analysis conducted by USAG. *See* Schiller Decl., ¶ 20.

8. *Fourth*, in the Indemnity Motion USAG is seeking summary judgment for a **Loss** purportedly covered by the LIU Policy. But LIU needs discovery about various other defenses to coverage that may be available and show that any claimed loss is not covered by the Policy, including:

> ➢ The Indemnity Motion simply asserts that the entire amount USAG is paying relates to Nassar's abuse, but the extent to which the amount relates to Nassar's abuse or to claims concerning abuse by other USAG employees or volunteers that were not made during the LIU **Policy**

---

[4] To the extent it is not, LIU is entitled to whatever evidence USAG has that it sought LIU's consent to the settlement.

3

>    **Period** has not been established. LIU needs discovery to determine if and to what extent USAG's payments are for **Claims** within the LIU Policy, *see* Schiller Decl., ¶ 22;
>
> ➢ Since LIU did not participate in the mediation and settlement negotiations, *see* Adv. Proc. ECF 637, at 3, LIU needs to take discovery about whether the settlement was negotiated in good faith, to ensure that the settlement was not in bad faith or collusive. *See Midwestern Indem. Co. v. Laikin*, 119 F. Supp. 2d 831, 844 (S.D. Ind. 2000). That information is uniquely in the control of parties other than LIU, *see* Schiller Decl., ¶ 23;
>
> ➢ The claims released in the Plan, to the extent they are for bodily injury and not for emotional distress, may be excluded from coverage by the LIU Policy's bodily injury exclusion. *See USA Gymnastics*, 27 F.4th at 531. LIU therefore needs to take discovery about the injuries at-issue and relief sought in the released claims, *see* Schiller Decl., ¶ 24; and
>
> ➢ Newly available evidence casts doubt on whether USAG's request for indemnity is a **Claim** first made during the LIU **Policy Period**. One just-released investigative report, for example, states that "[t]here were numerous investigations into claims against Nassar, the first of which was conducted by Meridian Township (Michigan) Police in 2004,"[5] and the Department of Justice's Office of Inspector General recently released a report suggesting that USAG may have received an order of formal investigation prior to May 16, 2016.[6] LIU needs discovery from USAG to determine whether it contemporaneously received formal notice of the FBI investigation, and if at any other time prior to May 16, 2016 it had received "a written demand, complaint, indictment, notice of charges, or order of formal investigation" related to allegations against Nassar, *see* Schiller Decl., ¶ 25.

9.   USAG's Indemnity Motion is the first time these issues have been presented (with the exception of the Third Party EPL sublimit, about which LIU first stated its need for discovery more than two years ago, *see* Adv. Proc. ECF 163, at 30;

---

[5]   A Case-Study of Systemic Abuse in Sports Perpetrated by Larry Nassar, CHILD USA's Game Over Commission to Protect Youth Athletes (Jan. 2022), https://childusa.org/wp-content/uploads/2022/01/Game-Over-Commission-Report-FINAL-1.28.22.pdf.

[6]   *See* Investigation and Review of the Federal Bureau of Investigation's Handling of Allegations of Sexual Abuse by Former USA Gymnastics Physician Lawrence Gerard Nassar at 22-57, Department of Justice Office of the Inspector General (July 2021), https://oig.justice.gov/sites/default/files/reports/21-093.pdf.

4

Adv. Proc. ECF 270, at 40). Thus, LIU has not failed to pursue the requested discovery diligently.

10. Additionally, the requested discovery is necessary to resolve the issues raised in USAG's Indemnity Motion, so conducting the discovery will not be futile.

**WHEREFORE**, LIU respectfully requests that the Court grant its Rule 56(d) Motion for Leave to Take Discovery and enter an order setting a reasonable schedule for discovery, allowing:

- Sixty days for written discovery;
- Thirty days for depositions; and
- Thirty days for expert discovery;

And deferring until 28 days after this discovery concludes, or such other later date as the Court may order, the deadline for LIU to file a response to the Indemnity Motion.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

*/s/ Ronald P. Schiller*
Ronald P. Schiller (admitted *pro hac vice*)
Matthew A. Hamermesh (admitted pro hac vice)
Bonnie M. Hoffman (admitted *pro hac vice*)
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200 (telephone)
(215) 568-0300 (facsimile)
rchiller@hangley.com
mhamermesh@hangley.com
bhoffman@hangley.com

and

5

             KIGHTLINGER & GRAY, LLP
             Ginny L. Peterson, ID No. 20305-41
             One Indiana Square, Suite 300
             211 North Pennsylvania Street
             Indianapolis, Indiana 46204
             (317) 638-4521
             gpeterson@k-glaw.com

Dated: May 12, 2022      *Counsel for Liberty Insurance Underwriters Inc.*