**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| USA GYMNASTICS, INC., | Case No. 18-09108-RLM-11 |
| Debtor. | Adv. Proc. No. 1:19-ap-50012 |

USA GYMNASTICS, INC.,                                )
                                                                          )
Plaintiff,                                                           )
                                                                          )
            vs.                                                       )
                                                                          )
LIBERTY INSURANCE UNDERWRITERS INC.,   )
                                                                          )
Defendant.                                                       )

### USA GYMNASTICS' RESPONSE TO LIU'S MOTION TO SEAL

USAG has no objection to LIU's request to seal filings associated with this matter. [*See* Dkt. 666.] USAG has requested that relief itself, [Dkt. 634, 663], and LIU is seeking to seal these matters at USAG's request.

However, USAG objects to LIU's proposed surreply, which it served on USAG today. The only arguably new evidence in USAG's reply is the Schneider Declaration, although that itself simply responds to a point LIU makes in opposition and which was fully disclosed in USAG's opening brief. [LIU Resp., at 2.] Nothing in LIU's surreply disputes or responds to this evidence, which is simply that USAG submitted defense costs years before LIU made even a partial payment towards them.

USAG has not made new arguments—everything in USAG's reply is a direct response to the positions LIU took in its response to USAG's motion. Some of LIU's positions went beyond the scope of USAG's argument. A movant is allowed to react to those points, explaining why they

are unpersuasive, without drawing a surreply. That is what replies are *for*—not merely regurgitating a party's opening contentions in slightly different wording.

USAG's opening motion states that LIU breached its duty to defend. [Dkt. 648 ¶ 1.] It asks this Court to declare that the "LIU policy provides coverage for USAG's defense in the DOJ investigation." [*Id.* ¶A.] It did not treat the *Taco Bell/Thomson* presumption because that is already the law of the case unless the Seventh Circuit alters it in the pending appeal.

LIU, instead, put the calculation of defense costs at issue. In a stand-alone section, in response to nothing in USAG's brief, LIU asserts that "LIU Is Only Obligated to Pay Reasonable and Necessary Defense Costs." [LIU Resp. at 6.] True. But LIU does not get to decide, unilaterally, what is reasonable—and the reply's discussion of *Taco Bell/Thomson*, and the importance of LIU's breach, is necessary to respond to LIU's argument that the motion is moot. LIU cannot raise a new argument, without cross-moving for relief, and then cry foul when USAG replies.

USAG has also been clear with LIU that it would seek additional relief if LIU took groundless positions in its response. After taking those positions anyway, LIU can hardly claim surprise when USAG does what it said it would do. Regardless, USAG's motion requests "any other just or appropriate relief." [Dkt. 641 ¶F.]

The Court has previously cautioned LIU about its habit of demanding the last word on every proceeding in this case, regardless of whether it is the movant. [Tr. of Hr'g on Debtor's Emergency Mot. to Enforce Automatic Stay, 22:2-11 (Dec. 16, 2020); Dkt. 396.] It should not encourage similar behavior here by allowing a surreply.

Thus, although USAG does not object to LIU's request to file under seal, the Court should not grant LIU's motion to file a surreply. USAG reserves all rights to object to that filing on the merits.

2

Respectfully submitted,


/s/ *Christopher E. Kozak*                    /
George M. Plews, #6274-49
Gregory M. Gotwald, #24911-49
Tonya J. Bond, #24802-49
Christopher E. Kozak, #35554-49
**PLEWS SHADLEY RACHER & BRAUN LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317.637.0700
Fax: 317.534.3506
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
ckozak@psrb.com

*Attorneys for USA Gymnastics, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| Ginny L. Peterson<br>Casey R. Stafford<br>Kightlinger & Gray, LLP<br>One Indiana Square, Ste. 300<br>211 N. Pennsylvania St.<br>Indianapolis, IN 46204<br>gpeterson@k-glaw.com<br>cstafford@k-glaw.com<br><br>Nancy D. Adams<br>Mathilda S. McGee-Tubb<br>Laura Bange Stephens<br>Mintz Levin Cohn Ferris Glovsky & Popeo, PC<br>One Financial Center<br>Boston, MA 02111<br>nadams@mintz.com<br>msmcgee-tubb@mintz.com<br>lbstephens@mintz.com<br><br>Matthew A. Hamermesh<br>Ronald P. Schiller<br>Bonnie M. Hoffman<br>Hangley Aronchick Segal Pudlin & Schiller<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103-6933<br>mhamermesh@hangley.com<br>rschiller@hangley.com<br>bhoffman@hangley.com<br>*Counsel for Liberty Insurance Underwriters, Inc.* | Catherine L. Steege<br>Melissa M. Root<br>Jenner & Block LLP<br>353 N. Clark St.<br>Chicago, IL 60654-3456<br>csteege@jenner.com<br>mroot@jenner.com<br>*Counsel for Debtor USA Gymnastics* |
| U.S. Trustee<br>Office of U.S. Trustee<br>101 W. Ohio St., Ste. 1000<br>Indianapolis, IN 46204<br>ustpregion10.in.ecf@usdoj.gov | |

/s/ *Christopher E. Kozak            /*

4